IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, CO,

    Defendant.

## DEFENDANT BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY'S MOTION TO DISMISS

Defendant, Board of County Commissioners of Park County, CO ("BOCC") by and through counsel, Cathy Havener Greer and Kristin Anderson George, of Wells, Anderson & Race, LLC hereby submit its Motion to Dismiss as Follows:

### CERTIFICATE OF COMPLIANCE WITH D.C. COLO. LR 7.1

Because the deficiencies in Plaintiff's First Amended Complaint with Demand for Jury Trial are not correctable by amendment, undersigned counsel did not confer with Plaintiff's counsel prior to filing this Motion.

### BACKGROUND

On April 5th, 2013, Plaintiff brought her Complaint with Demand for Jury Trial against Defendant Park County, Colorado.  Subsequently, on April 9, 2013, Plaintiff filed her First Amended Complaint with Demand for Jury Trial, naming, in the place of Park County, the Board

of County Commissioners of Park County, Colorado. Therein, Plaintiff alleges one claim, Violation of Title VII for Retaliation. Plaintiff asserts that she was harassed and constructively discharged in retaliation for complaining of gender discrimination and retaliation.

Defendant files this Motion to Dismiss Plaintiff's Amended Complaint in its entirety on the grounds that: a) the BOCC is not the correct entity and b) to the extent that Plaintiff seeks to sue the Board, Plaintiff has failed to exhaust her administrative remedies against the BOCC. Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## **STANDARD FOR REVIEW - FED. R. CIV. P. 12(b)(6)**

In *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court re-visited the standard governing dismissal of complaints under F.R.C.P. 12(b)(6) and the Court's earlier decision in *Conley v. Gibson*, 355 U.S. 41 (1957). Although the specific issue before the *Twombly* Court was the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct, the Court's treatment of Rule 12(b)(6) and its analysis of the standard of pleading that is sufficient to state a claim for relief in federal court is relevant to this Motion to Dismiss. While recognizing that a complaint subject to attack by a Rule 12(b)(6) motion to dismiss need not have detailed factual allegations, the Court observed that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Id*. at 555. (citations omitted). In sum, to withstand a motion to dismiss under this new standard, a complaint must contain enough allegations of fact "to state a claim that is plausible on its face." See also *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50, (2009)( "the tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including "legal conclusion[s] couched as a factual allegation.").

## ARGUMENT

Plaintiff's claims against the Board of County Commissioners must be dismissed because: a) the BOCC is not the proper entity; and b) Plaintiff did not exhaust her administrative remedies with respect to claims against the BOCC.

First, the county sheriff, not the Board of County Commissioners, is the proper entity. Pursuant to Colorado law, the county sheriff is a Constitutional Officer under the Colorado Constitution, a distinct position, separate from the Board of County Commissioners. *Bristol v. Bd. of County Comm'rs*, 312 F.3d 1213, 1219-20 (10th Cir. 2002)(citing Colo. Const. art. XIV, § 6, 8) Sheriffs have exclusive control over the hiring and firing of their employees. *Id*. (citing C.R.S. § 30-10-506). While a "Board of County Commissioners does have the authority to adopt an overall budget for all County officials, including Sheriffs" this budgetary power gives the Board of County Commissioners "no right to force a constitutionally independent official to hire or fire an employee." *Id.* (citing *Schroeder v. Bd. of Cnty. Comm'rs,* 381 P.2d 820, 822-23 (Colo. 1963) (holding that once a Board of County Commissioners has approved the salary for an employee of a county official, it cannot use its budgetary power to force the official to fire that employee, where the official's power to hire and fire was established by state law)).

Because the Board of County Commissioners "has no control over the Sheriff's employees, the Board . . . could not fire [an employee] even for good cause." *Id.* (citing *Tunget v. Bd. of Cnty. Comm'rs,* 992 P.2d 650, 652 (Colo. App. 2000) (dismissing claims against BOCC because Sheriff was proper entity); *see also Dixon v. Adams Cnty.*, No. 08-cv-00942-LTB-BNB,

3

2009 WL 440940, at *4 (D. Colo. Feb. 23, 2009) ("[T]he Board cannot be held liable . . . for the actions of the Sheriff in terminating the plaintiff's employment and for subsequently failing to rehire him.").

Here, the BOCC has no authority or control over the day-to-day operations of the Park County Sheriff and has no involvement in, and no authority or control over, the hiring, discipline and termination of employees of the Sheriff. Significantly, Plaintiff alleges that several Corporals and Sergeants were the parties responsible for retaliating against and constructively discharging her. These are the very category of individuals for which the Sheriff has exclusive responsibility for hiring, firing, disciplining, and all other supervisory duties. Plaintiff's Amended Complaint against the BOCC should be dismissed in its entirety for these reasons.

Second, even if the BOCC were the proper entity, Plaintiff has failed to exhaust her administrative remedies against the BOCC. Although Plaintiff's Amended Complaint largely targets employees of the Office of the Sheriff, as set forth above, Plaintiff makes one assertion against Park County Commissioner John Tighe. *See* Amended Complaint, Para. 31. Even if the BOCC were the proper defendant against which claims regarding the Park County Commissioner should be directed, the Complaint should still be dismissed because Plaintiff has not exhausted her administrative remedies against the BOCC. Plaintiff did not bring an EEOC charge against the Park County Board of County Commissioners, nor did she receive a right-to-sue the *Board of County Commissioners* from the EEOC.

A Plaintiff may not bring a Title VII action "based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Oklahoma*, 165 F.3d 1321,1326 (10th. Cir. 1999). In order to be timely, plaintiff must file the

charge with the EEOC within 180 days or with a state agency within 300 days of the complained-of conduct. *Id*.

Here, Plaintiff alleges that she was constructively discharged upon her resignation on January 5, 2012. More than 300 days have passed since this last alleged discriminatory act, and Plaintiff has failed to exhaust her remedies with the EEOC. Although Plaintiff correctly alleges that she filed a charge of discrimination with the EEOC and received a Notice of Right to Sue, no charge was filed against the Park County Board of County Commissioners. Rather, the charge was filed against the Park County Sheriff's Office. As set forth above, the BOCC and the Office of the Sheriff are two distinct legal entities. Plaintiff's filing of a charge against the Office of the Sheriff is not sufficient to satisfy Plaintiff's burden of exhausting her administrative remedies against the BOCC, a separate legal entity.

## CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim against the BOCC. Accordingly, Plaintiff's Amended Complaint against the BOCC should be dismissed in its entirety without prejudice.

Dated this 8th day of May, 2013.

Respectfully submitted,

*S/ Cathy Havener Greer*

_____
Cathy Havener Greer
Kristin Anderson George
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
T: 303-820-1212
Email: cgreer@warllc.com; kageorge@warllc.com
**ATTORNEYS FOR THE DEFENDANT**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2013, a true and correct copy of the above and foregoing **DEFENDANT BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY'S MOTION TO DISMISS** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Ralph E. Lamar, Esq.
Email: ralphlamar@ymail.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participants name:

Via Electronic Mail:
Board of County Commissioners of the Park County

*S/ Barbara McCall*
Barbara McCall
Email: bmccall@warllc.com

6