**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-00884-PAB-KMT

ABBY MARTIN,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, CO,

Defendant.

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE HER SECOND AMENDED COMPLAINT**

---

Plaintiff, Abby Martin, by and through her attorney, Ralph E. Lamar, files this her Motion for Leave to File her Second Amended Complaint, alleging as follows:

**CERTIFICATE OF COMPLIANCE WITH D.C. COLORADO LOCAL RULE 7.1**

On May 23, 2013, in response to Defendant's Motion to Dismiss, plaintiff's counsel contacted Cathy Greer, counsel for Defendant Board of County Commissioners by telephone to notify it of Plaintiff's desire to amend and to inquire whether Defendant would consent to an amendment of the complaint to substitute Fred Wegener, in his official capacity as the Sheriff of Park County for the Board of County Commissioners of Park County. Plaintiff's counsel mentioned the fact that the relation back doctrine of the Federal Rules would allow such amendment. Ms. Greer contacted Lee Phillips first to discuss the matter and then replied to

1

plaintiff's counsel that Defendant and the Sheriff would not agree to the amendment. No reasons were provided for their refusal to do so.[1]

## PROCEDURAL HISTORY

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964 to address a violation of her civil rights while she was employed as a Park County Sheriff's Deputy. Plaintiff received her right to sue letter, which was sent by the EEOC on January 8, 2013. See ¶ 4 of Plaintiff's Complaint and Amended Complaint. The complaint was timely filed on April 5, 2013, with Park County, Colorado listed as the named defendant. On April 12, 2013, as a matter of right under Rule 15 of the Federal Rules of Civil Procedure, plaintiff amended her complaint to name the Board of County Commissioners of Park County, Colorado as the proper defendant.[2] The amended complaint was served on April 17, 2013. Defendant Board of County Commissioners filed their motion to dismiss the amended complaint pursuant to F.R.C.P. 12(b)(6) on May 8, 2013. The purported basis for the Board of County Commissioners' motion is that it is not plaintiff's employer for purposes of Title VII actions based on the holding of the 10th Circuit in *Bristol v. Board of County Commissioners* 312 F.3d 1213 (10th Cir. 2001).

## FACTS

On November 2, 2009, plaintiff became employed by Park County as a Deputy with the Sheriff's Office. See ¶ 9 of Plaintiff's Complaint and Amended Complaints. During her employment she received her paychecks from Park County, not the Sheriff's office. See attached

---

[1] It is noted that Defendant did not consult with plaintiff prior to filing its motion to dismiss, purportedly because no amendment would cure the defect. Def. Br. at p. 1. Plaintiff does not contend that the arguments as set forth in the Defendant's motion to dismiss are meritless as to the Board of County Commissioners not being the proper defendant in this case but, as shown *infra*, based on the relation back rule set forth in F.R.C.P. 15(c), plaintiff contends that she should be granted leave to amend to substitute Fred Wegener in his Official Capacity as Park County Sheriff as the proper defendant.
[2] C.R.S. § 30-11-105.

hereto as Exhibit A.  During her employment plaintiff's complaints about the conditions in the Sheriff's Department were (purportedly) investigated by the human relations department in the office of Park County.  See e-mail attached hereto as Exhibit B.  Plaintiff filed a charge of discrimination with the EEOC naming her employer as the Park County Sheriff's Office.  See copy of charge attached hereto as Exhibit C.  Herbert C. ("Lee") Phillips, Esq. represented the Park County Sheriff's Office during the EEOC administrative process.  See copy of respondent's position statement attached hereto as Exhibit D.

On April 18, 2013, plaintiff's counsel sent an e-mail to Mr. Phillips, who had been counsel for the Park County Sheriff's Office when the matter was before the EEOC.  See e-mail attached hereto as Exhibit E.   That e-mail included a copy of the amended complaint in this case.  The amended complaint was properly served on the County Clerk on April 17, 2013.

## ARGUMENT AND CITATION OF AUTHORITY

**1. Plaintiff's Proposed Amendment to Change the Name of the Defendant Relates Back under Rule 15(c ).**

As a result of realizing that the Board of County Commissioners of Park County is not the proper legal party in a suit under Title VII for claims arising out of plaintiff's employment by the Park County Sheriff Ms. Martin moves to amend her complaint to add as a party Defendant Fred Wegener in his Official Capacity as the Sheriff of Park County.  She contends that the relation back provision of Fed.R.Civ.P. 15(c) applies, thereby allowing said amendment.

Subsection (c) of Rule 15 provides that an amendment arising out of the same conduct as that alleged in the original complaint will normally "relate back" to the complaint for purposes of the statute of limitations where the other provisions of the rule are met.  The purpose of Rule 15(c) is to provide the opportunity for a claim to be tried on its merits rather than being dismissed on

3

procedural technicalities such as the harsh result of the strict application of the statute of limitations. See *Siegel v. Converters Transportation Inc.*, 714 F.2d 213, 215 (2d Cir. 1983); *Singletary v. Pennsylvania Department of corrections,* 266 F.2d 186, 193 (3d Cir. 2001).   If a complaint relates back pursuant to the Rule then the Court does not have discretion whether to allow amendment; it is required.  *Krupski v. Costa Crociere, S. p.A.*, 560 U.S. __, 130 S.Ct. 2485, 177 L.Ed.2d 48, 60 (2010).

The issue before the court then is whether Plaintiff's Proposed Second Amended Complaint relates back to the date of the original pleading.   Plaintiff attaches a copy of her proposed Second Amended Complaint as Exhibit F.   The only proposed changes to the first amended complaint relate to the naming of the new Defendant and any allegations as to the identity of plaintiff's employer for purposes of the law.[3]  Rule 15(c) states:

> (1)  *When an Amendment Relates Back.*  An amendment to a pleading relates back to the date of the original pleading when:
>
> > (A)  the law that provides the applicable statute of limitations allows relations back;
> >
> > (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i)     received such notice of the action that it will not be prejudiced in defending on the merits; and

---

[3] Ms. Martin has always contended that she was employed by the Sheriff's department as a Deputy Sheriff.  See ¶ 9 of complaint and amended complaint. The only difference is the name of the entity for legal purposes of a suit.

        (ii)      knew or should have known that the actions would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

## A. Defendant Wegener Received Notice of the Action within 120 Days of its Filing and is Not Prejudiced in Maintaining a Defense.

Subsection C of Rule 15 applies if the provisions of Rule 15(c)(1)(B) are satisfied and "[W]ithin 120 days of institution of the action, the party to be brought in by amendment has received 'such notice of the …action that the party will not be prejudiced in maintaining a defense on the merits'" *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003).[4]

The notice portion of the rule has two conditions, notice and the absence of prejudice. *Singletary*, *supra*, citing *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 458 (3d Cir. 1996). "Prejudice and notice are closely intertwined in the context of Rule 15(c)(3), the amount of prejudice a defendant suffers under 15(c)(3) is a direct effect of the type of notice he received. . . . That is, once it is established that the newly named defendant received some sort of notice within the relevant time period, the issue becomes whether that notice was sufficient to allay any prejudice the defendant might have suffered by not being named in the original complaint" *Singletary, supra* at 194, n. 3.

Notice does not require actual service of process on the party. "[N]otice may be deemed to have occurred when a party who had some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *Id.* at 195. A defendant may have sufficient notice if he receives constructive notice of the action. *Id.*

---

[4] It is beyond dispute that the claim against the Sheriff arose out of the same occurrences as set forth in the original complaint. The only thing that is being changed in the amended complaint is the legal name of the entity which employed plaintiff.

5

Case 1:13-cv-00884-PAB-KMT   Document 13   Filed 05/27/13   USDC Colorado   Page 6 of 11

Here, Mr. Phillips, the attorney for the Sheriff in the administrative phase of the proceedings, was sent a copy of the amended complaint by plaintiff's counsel on April 18, 2013, thirteen (13) days after the initial complaint was filed, and well within the time limits of the rule. See Exhibits D and E. As counsel for the Sheriff in this matter, the notice to Mr. Phillips effectively placed the Sheriff on notice of the action.

The second prong of the notice requirement under Federal Rule of Civil Procedure 15(c)(1)(C) is that the relating back must not prejudice the newly added party. Cases interpreting Rule 15(a) may provide guidance about the standard for whether prejudice has occurred. To show prejudice under Federal Rule Civil Procedure 15(a), the "non-moving party 'must show that it was unfairly disadvantaged or deprived of the opportunity to present factors or evidence which it might have offered' if the plaintiff's amendment had been timely." *Leary v. Nwosu*, 2007 U.S. Dist. LEXIS 74202, Civil Action 05-5769 (E.D. Pa. Oct. 2, 2007), citing *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.*, 664 F.2d 419, 426 (3d Cir. 1981).

The Sheriff cannot show any prejudice to him as a result of plaintiff's effort to amend. There is simply no set of facts upon which the court could find that the Sheriff has been unfairly prejudiced by Plaintiff's effort to amend at this stage of the proceedings, the first amended complaint having been filed just over five weeks ago and no responsive pleading having been filed.[5]

---

[5] Additionally, Defendant has a large role in the misnaming of the proper Defendant in the civil action, the Sheriff having stated to the EEOC that he was not the proper party for the charge of discrimination on the basis that his office is just "an agency of Park County" and "not a separate legal entity or employer". See Ex D, p. 2, ¶ 2. Said mistake is not surprising in that many states, (if not most), county law enforcement agencies are treated as an agency of the County and not as a separate entity capable of being sued. See *Whayne v. Wyandote County Sheriff's Department*,

**B. The Sheriff knew, or should have known, that but for a mistake concerning his identity as the proper legal party to the action he would have been made a party.**

The second requirement is "[T]he party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action." *Arthur v. Maersk*, 434 F.3d 196, 207 (3d Cir. 2006). "A 'mistake' is no less a 'mistake' when it flows from lack of knowledge as opposed to inaccurate description." *Arthur, supra* at 208, quoting *Webster's Third New International Dictionary* 1446 (1981).

> [D]efining 'mistake' as 'a wrong . . . statement proceeding from faulty judgment, inadequate knowledge, or inattention.')  Both errors render the plaintiff unable to identify the potential liable party and unable to name that party in the original complaint . . . Thus, both errors constitute a 'mistake concerning the identity of the proper party' for purposes of Rule 15(c). *Id.*

Without explicitly acknowledging the correctness of the Third Circuit's approach the U.S. Supreme Court has implicitly adopted it. In *Krupski v. Costa Crociere, S. p.A.*, 560 U.S. __, 130 S.Ct. 2485, 177 L.Ed.2d 48, 60 (2010) the plaintiff initially sued Costa Cruise Lines for an injury suffered while aboard one of its cruise ships. Costa Cruise filed an answer but claimed that Costa Crociere, which was listed on plaintiff's ticket as the carrier, and only legal entity she had a contract with, was the proper defendant. At some point Costa Cruise Lines moved for summary judgment on the basis that it was not the proper party. In responding to the motion the plaintiff moved to amend to add Costa Crociere. The district court granted plaintiff's motion to amend and ordered it to effect service. Costa Crociere served a motion to dismiss based on plaintiff's purported failure to meet the provisions of the relations back portion of Rule 15.

---

963 F.Supp. 1029 (D. Kan. 1997).  It is hard to see how the Sheriff was unduly prejudiced when he was the first party to make this mistake of law.

The District Court granted the motion holding that plaintiff could not meet the part of the rule requiring that plaintiff had made a mistake in that she had knowledge of Costa Crociere from the face of her ticket and therefore had consciously chosen not to sue it. The 11th Circuit affirmed, holding that the plaintiff had information in her possession suggesting the proper identity of the Defendant before the statute of limitations had expired. It reached this conclusion by holding that the word "mistake" should not be construed to encompass a deliberate decision not to sue a party whose identity the plaintiff knew before the statute of limitations had run. It also went on to hold that, alternatively, because the plaintiff had waited for months after Costa Cruise had brought up the issue of being improperly named as the defendant in its answer that the District Court did not abuse its discretion in denying relation back.[6]

The Supreme Court granted certiorari to resolve a tension amongst the circuits as to the breadth of Rule 15(c)(1)(C)(ii). The Court held that the 11th Circuit had erred in focusing on the plaintiff's knowledge, which was contrary to the express language of the rule. The Court held that the issue under the Rule is whether the unnamed *defendant* knew or should have known that it would have been named but for an error. It held that it would be error to conflate knowledge of a party's existence with the absence of a mistake. The Court went on to review the definition of "mistake" as set forth in the Webster's Third New International Dictionary – "a misunderstanding of the meaning or implication of something"; "a wrong action or statement proceeding from faulty judgment, inadequate knowledge, or inattention"; "an erroneous belief"; or "a state of mind not in accordance with the facts". *Krupski*, at 57.

---

[6] The Supreme Court also reversed this holding of the 11th Circuit, finding that a Court has no discretion whether to grant leave to amend under Rule 15(C) when the Court holds that the amended complaint relates back. *Krupski*, at 60.

Based upon the preceding it held that the fact "[t]hat a plaintiff knew of a party's existence does not preclude her from making a mistake a with respect to that party's identity." *Id.* It went on to state that "A plaintiff may know that a prospective defendant – call him party A – exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles played by party A and B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties… That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id.*, at 57-8.

In finding that the amended complaint should relate back in *Krupski* the Court held that Costa Crociere knew or should have known from the complaint that the plaintiff "meant to sue the party who owned, operated, managed, supervised and controlled" the ship on which she was injured and that it was not named as a Defendant only because of Krupski's misunderstanding about which "Costa" was in charge of the ship. *Krupski*, at 61.

In the instant case Ms. Martin meets the final requirement of Federal Rule of Civil Procedure 15(c)(1)(C) for relation back to her original complaint: the newly named defendant (the Sheriff) knew or should have known that but for a mistake, he would have been named in the original complaint. Ms. Martin's counsel was clearly not aware of the 10th Circuit's holding in *Bristol v. Board of County Commissioners* 312 F.3d 1213 (10th Cir. 2001) that a Sheriff's Department is the only legal employer of its employees for purposes of federal anti-discrimination law and that, while nominally her employer, the Board of County Commissioners has no legal liability for the conditions of her employment. Choosing to sue the County when

9

the Sheriff's Office was named in the administrative charge was clearly a mistake contemplated by the rule as interpreted by the Supreme Court in *Krupski*.  The Sheriff's attorney, Lee Phillips, received a copy of the amended complaint naming the Board of County Commissioners as the Defendant and knew or should have known that it was only as a result of a mistake that the Sheriff was not named as the proper Defendant.

## CONCLUSION

WHEREFORE, for the reasons as set forth above plaintiff respectfully requests the court grant her leave to file her second amended complaint.

Dated this 27th day of May, 2013.

Respectfully submitted,


By:    *s/Ralph E. Lamar, Esq.*
       Ralph E. Lamar, Esq.
       Attorney I.D. No.  44123
       8515 Braun Loop
       Arvada, CO 80005
       (303) 345-3600
       ralphlamar@ymail.com

       Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, Ralph E. Lamar, IV, Esquire hereby certify that on this the 27th day of May, 2013, I caused a true and correct copy of Plaintiff's Motion for Leave to File Her Second Amended Complaint to be served today by electronic mail or First Class Postage-Prepaid Mail upon counsel for Defendant at the address listed below:

>Cathy Havener Greer
>Well, Anderson & Race, LLC
>1700 Broadway, Suite 1020
>Denver, Colorado 80290

>By:   *s/Ralph E. Lamar*
>RALPH E. LAMAR
>ATTORNEY FOR PLAINTIFF