IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00884-PAB-KMT

ABBY MARTIN,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, CO,

Defendant.

---

PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS

---

Plaintiff, Abby Martin, by and through her attorney, Ralph E. Lamar, files this her Brief in Response to Defendant's Motion to Dismiss, alleging as follows:

**PROCEDURAL HISTORY**

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act of 1964 to address a violation of her civil rights while she was employed as a Park County Sheriff's Deputy. Plaintiff received her right to sue letter, which was sent by the EEOC on January 8, 2013. See ¶ 4 of Plaintiff's Complaint and Amended Complaint. The complaint was timely filed on April 5, 2013, with Park County, Colorado listed as the named defendant. Docket Item #1. On April 12, 2013, as a matter of right under Rule 15 of the Federal Rules of Civil Procedure, plaintiff amended her complaint to name the Board of County Commissioners of Park County, Colorado as the proper defendant.[1] Docket Item #4 . The amended complaint was served on April 17, 2013. Docket Item #7. Defendant Board of County Commissioners filed their motion to dismiss the amended

---

[1] C.R.S. § 30-11-105.

1

complaint pursuant to F.R.C.P. 12(b)(6) on May 8, 2013. Docket Item #12. The purported basis for the Board of County Commissioners' motion is that the Board of County Commissioners is not plaintiff's employer for purposes of Title VII actions based on the holding of the 10th Circuit in *Bristol v. Board of County Commissioners* 312 F.3d 1213 (10th Cir. 2001).

## FACTS

On November 2, 2009, plaintiff became employed by Park County as a Deputy with the Sheriff's Office. See ¶ 9 of Plaintiff's Complaint and Amended Complaints. Plaintiff filed a charge of discrimination with the EEOC naming her employer as the Park County Sheriff's Office.

## ARGUMENT AND CITATION OF AUTHORITY

Plaintiff does not dispute the merits of Defendant Board of County Commissioners of Park County's contention that it is not the proper party Defendant in this case. In response to Defendant's Motion to Dismiss plaintiff has filed a Motion for Leave to File Her Second Amended Complaint to add Fred Wegener in his Official Capacity as Sheriff of Park County as the proper Defendant in the case. See Docket Item #13. However, Plaintiff respectfully requests that the Court defer its ruling on Defendant's Motion to Dismiss until it rules on her motion for leave to amend so as not to leave this action with no party Defendant, and therefore a nullity.

## CONCLUSION

WHEREFORE, for the reasons as set forth above plaintiff respectfully requests the Court defer the decision on Defendant's Motion to Dismiss until such time as Plaintiff's Motion for Leave to File Her Second Amended Complaint is ruled upon and, in the event plaintiff's motion is granted, only after said Second Amended Complaint is filed with the Court.

Dated this 29th day of May, 2013.

        Respectfully submitted,


    By: <u>*s/Ralph E. Lamar, Esq.*</u>
       Ralph E. Lamar, Esq.
       Attorney I.D. No. 44123
       8515 Braun Loop
       Arvada, CO 80005
       (303) 345-3600
       ralphlamar@ymail.com

       Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Ralph E. Lamar, IV, Esquire hereby certify that on this the 29th day of May, 2013, I caused a true and correct copy of Plaintiff's Brief in Response to Defendant's Motion to Dismiss to be served today by electronic mail or First Class Postage-Prepaid Mail upon counsel for Defendant at the address listed below:

        Cathy Havener Greer
        Well, Anderson & Race, LLC
        1700 Broadway, Suite 1020
        Denver, Colorado 80290

        By: __*s/Ralph E. Lamar*____
            RALPH E. LAMAR
            ATTORNEY FOR PLAINTIFF