IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-00884-PAB-KMT

ABBY MARTIN,

     Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, CO

     Defendant.

---

# SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The scheduling conference was held on Monday, July 22, 2013 at 9:45 a.m.

Appearing for Plaintiff Abby Martin ("Plaintiff"):

    Ralph Lamar, Esq.
    8515 Braun Loop
    Arvada, CO  80005
    (303) 345-3600

Appearing for Defendant Fred Wegener ("Defendant" or "Wegener"):

    Cathy Havener Greer, Esq.
    Kristin Anderson George, Esq..
    WELLS, ANDERSON & RACE, LLC
    1700 Broadway, Ste 1020
    Denver, CO  80203
    (303) 830-1212

## 2. STATEMENT OF JURISDICTION

This action is initiated pursuant to Title VII of the Civil Rights Act of 1964 as amended. This Court has subject matter jurisdiction for this claim under 28 U.S.C. §§ 1331 and 1343, because it arises under the laws of the United States and is brought to recover damages for deprivation of plaintiff's civil rights.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

This employment discrimination and civil rights action is brought against Defendant Fred Wegener in his official capacity as Sheriff of Park County, Colorado ("Sheriff"), by Plaintiff Abby Martin for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by Title VII of the Civil Rights Act of 1964, as amended.

Specifically, she alleges that while she was an employee of the Park County Sheriff's Office she was subjected to a discriminatory comment by Corporal Kelley Reynolds. After complaining about gender discrimination by a Park County Sheriff's deputy, she was subjected to a campaign of retaliatory actions by members of the sheriff's department which ultimately resulted in her constructive discharge.

b. Defendant:

Defendant denies that it acted in violation of any law with respect to Plaintiff and denies that Plaintiff is entitled to any damages against it. Defendant denies that Plaintiff was discriminated against or constructively discharged. Moreover, all actions taken by Defendant were for legitimate, valid and non-discriminatory reasons. Defendant incorporates all denials and

defenses asserted in its Answer to Plaintiff's Second Amended Complaint, which shall be filed in the near future.

## 4. UNDISPUTED FACTS

The following facts are undisputed: None at this time.

## 5. COMPUTATION OF DAMAGES

Plaintiff claims the following damages:

a. Plaintiff seeks back pay, reinstatement or front pay, compensatory damages, and attorneys' fees and costs of this action from Defendant.

b. Plaintiff was earning $32,472 per year as a Deputy Sheriff at the time of her constructive discharge. Her back pay losses to date less any unemployment compensation and earned income received total approximately $23,906. Because she has not found work that replaced her income completely her back pay losses continue to accrue at approximately $47 per week.

c. Plaintiff will also be entitled to front pay if she is not reinstated by the Court. Said amount cannot be estimated as of yet because the date of trial has not been established and because an expert has not been retained to provide a present value analysis.

d. Emotional distress damages cannot be approximated with any degree of accuracy and are to be determined by a jury.

e. Attorneys' fees and costs will not be able to be determined until after trial and a verdict in plaintiff's favor.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting: Wednesday, June 20th 2013.

      b.      Names of each participant and party he/she represented:  Ralph Lamar for Plaintiff; Cathy Havener Greer for Defendant.

      c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made: Plaintiff's Rule 26(a)(1) initial disclosure statement will be provided to counsel for Defendant on or before July 22, 2013.  Defendant's Rule 26(a)(1) initial disclosure statement will be provided to counsel for Plaintiff on or before  July 22, 2013.

      d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

      e.      Statement concerning any agreements to conduct informal discovery:  None.

      f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:  The parties agree to the use of a unified exhibit numbering system.  The parties agree to give three days or more advanced notice of any subpoenas.

The deadline for motions pursuant to F.R.C.P. 702 shall be February 20, 2014.

      g.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:  The parties do not anticipate either that the claims and defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.  However, in the event electronic discovery is involved, the parties will preserve the electronically stored information, facilitate discovery of the same, limit the associated discovery costs and delay, avoid discovery disputes relating to electronic

4

discovery, and address claims of privilege or of protection as trial-preparation materials after production of computer-generated records.

      h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:  Plaintiff made a demand to Defendant prior to institution litigation.  Since then, no settlement discussions have taken place.  The parties do not believe that settlement discussions will be productive at this time. However, the parties agree to keep the lines of communication open and explore all possibilities to settle without a trial.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

      a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:   Each side shall be limited to 10 depositions, excluding experts, and 25 interrogatories.

      b.    Limitations which any party proposes on the length of depositions:  7 hours

      c.    Limitations which any party proposes on the number of requests for production and/or requests for admission:  Each side shall be limited to 25 requests for production and 25 requests for admission.

      d.    Other Planning or Discovery Orders:  The parties may seek entry of a stipulated protective order.

## 9.  CASE PLAN AND SCHEDULE

      a.    Deadline for Joinder of Parties and Amendment of Pleadings:  August 23, 2013.

      b.    Discovery Cut-off:  January 20, 2014.

  c.  Dispositive Motion Deadline:  February 20, 2014

    Deadline for motions pursuant to F.R.C.P. 702:  February 20, 2104

  d.  Expert Witness Disclosure

    1.  Anticipated fields of expert testimony, if any:  Plaintiff may call an expert to testify regarding plaintiff's emotional distress.  Plaintiff may call an economist after trial if the court holds that reinstatement is not feasible.  Defendant may call an expert in any field identified by Plaintiff.

    2.  Limitations which the parties propose on the use or number of expert witnesses:  Three (3) per side.

    3.  The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 20, 2013, subject to the Court's rulings on any motions filed by counsel for a later date for identification of any particular experts.  Specifically, Plaintiff proposed to Defendant that the parties adopt the following approach to the identification of an economic expert for front pay issues: instead of identifying an expert during discovery plaintiff would request the Court rule on reinstatement or front pay after a verdict in plaintiff's favor.  If the court holds that reinstatement is not feasible at that time plaintiff would have ten business days to identify an economist and produce that expert's report. Defendant would then have an appropriate amount of time to produce its own rebuttal expert on that issue.  The parties would have an opportunity to depose each economist and then the issue would be heard by the Court, subsequently issuing its ruling on the amount of front pay.  This proposed procedure, which diverges from the usual approach of identification of experts during

discovery, has the benefit of judicial economy in that the Court may order reinstatement, thereby precluding the use of any experts on the issue of front pay.  It is not in the parties' best interest to identify and pay for expert witnesses time and energies only to learn that through a ruling of the Court said testimony has been rendered useless.  Holding off on the identification of economists for front pay purposes only does not prejudice a single party as it only delays the process until such time as it has been determined that such expert testimony will be considered by the Court.  Judge Matsch of this Court has approved of such a procedure in one of plaintiff's counsel's previous cases.  Defendant did not consent to the proposed procedure in the instant case.  Plaintiff will therefore move the Court for an Order allowing said procedure.

4. The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 20, 2013.

e. Identification of Persons to Be Deposed:

By Plaintiff:

At this early date, the Defendant not having answered the complaint, or agreed to any undisputed facts it is difficult for plaintiff to know exactly whom she will depose. However, plaintiff contemplates that she will depose Kelley Reynolds, Mike Brown, Jeff DeBerry Glenn Hardey, Mark Hancock, Welles Tonjes, and Rick Paige amongst others.

Defendant's experts(s) if any, 7 hours

Witnesses identified by Defendant in Fed.R.Civ.P. 26(a)(1) disclosures, 7 hours

Defendant's witnesses identified in discovery, 7 hours

    <u>For Defendant</u>:

    Plaintiff, 7 hours

    Plaintiff's experts(s) if any, 7 hours

    Witnesses identified by Plaintiff in Fed.R.Civ.P. 26(a)(1) disclosures, 7 hours

    Plaintiff's witnesses identified in discovery, 7 hours

  f. Deadline for Serving Interrogatories: By December 17, 2013.

  g. Deadline for Serving Requests for Production of Documents and/or Admissions: By December 17, 2013.

## 10. DATES FOR FURTHER CONFERENCES

  a. A settlement conference will be held on_____ at _____ o'clock __.m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

    ( ) *Pro se* parties and attorneys only need be present.

    ( ) Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

    ( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

  b. Status conferences will be held in this case at the following dates and times:

  c. A Telephonic Final Pretrial Conference is set for April 22, 2014 at 9:45 a.m. The parties shall initiate a conference call and contact chambers at (303) 335-2780 at the time of the Final Pretrial Conference. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

  a. Discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: None.

  b. Anticipated length of trial and whether trial is to the court or jury: Five (5)-day jury trial.

  c. Pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A. In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a

notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered and/or amended only upon a showing of good cause.

DATED this 22nd day of July, 2013.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *S/ Ralph Lamar* | *S/ Kristin Anderson George* |
| Ralph Lamar | Cathy Havener Greer |
| ATTORNEY AT LAW | Kristin Anderson George |
| 8515 BRAUN LOOP | WELLS, ANDERSON & RACE, LLC |
| Arvada, CO  80005 | 1700 Broadway, Ste 1020 |
| Telephone:  (303)719-4867 | Denver, CO  80203 |
| Fax: | Telephone:  (303) 830-1212 |
| Email:  ralphlamar@ymail.com | Fax:  303-830-0898 |
| Attorney for Plaintiff | Email:  cgreer@warllc.com |
| | kageorge@warllc.com |
| | Attorneys for Defendant |