IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, CO

    Defendant.

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Fred Wegener, in his official capacity as Sheriff of Park County, CO, by and through counsel, Cathy Havener Greer and Kristin Anderson George, of Wells, Anderson & Race, LLC hereby submits its Answer to Plaintiff's Second Amended Complaint and Demand for Jury Trial ("Complaint") as follows:

### I.  NATURE OF THE CASE

1. With regard to allegations of Paragraph 1, or deprivation of her civil rights Defendant denies that Plaintiff was subjected to any discrimination or retaliation. Defendant denies that Plaintiff was constructively discharged or that she sustained any damages. The remaining allegations contained in Paragraph 1 of the Complaint do not constitute factual assertions that warrant a response. To the extent that a response is warranted, the allegations are denied.

## II. JURISDICTION AND VENUE

2. In response to Paragraph 2 of the Complaint, Defendant does not contest jurisdiction but denies that Defendant has violated any laws.

3. In response to Paragraph 3 of the Complaint, Defendant does not contest venue but denies that Defendant has violated any laws.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. The allegations contained in Paragraph 4 of the Complaint constitute legal conclusions, to which no response is warranted. To the extent that a response is warranted, the allegations are denied.

## IV. PARTIES

5. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of the Complaint; therefore they are denied.

6. With respect to the allegations contained in Paragraph 6 of the Complaint, Defendant admits that it was Plaintiff's employer for a period of time, and that Defendant is an employer within the meaning of Title VII. Defendant denies that it constructively discharged Plaintiff. The remaining allegations contained in Paragraph 6 of the Complaint constitute legal conclusions, to which no response is warranted. To the extent that a response is warranted, the allegations are denied.

## V. STATEMENT OF FACTS

7. Defendant admits that Plaintiff is female. The remaining allegations contained in Paragraph 7 of the Complaint constitute legal conclusions, to which no response is warranted. To the extent that a response is warranted, the allegations are denied.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Corporal Kelly Reynolds was the first field training officer ("FTO") to whom plaintiff was assigned. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 11 of the Complaint; therefore they are denied.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that Corp. Paige was assigned as Plaintiff's FTO trainer. Defendant denies that Corp. Paige retaliated against Plaintiff for her complaint about Corp. Reynolds, and further denies that Corp. Paige humiliated or harassed her. Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 15 of the Complaint and therefore denies same.

16. Defendant denies that the jail staff failed to train her on jail protocols during her field training. Defendant is without sufficient information to either admit or deny the remaining allegations in Paragraph 16 of the Complaint; therefore they are denied.

17. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 17 of the Complaint; therefore they are denied.

18. Defendant denies that Corp. Paige harassed her. Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 18 of the Complaint; therefore they are denied.

19. Defendant admits that Plaintiff complained about Corp. Paige to Master Patrol Deputy Jeff De Berry; however this was not proper reporting through the chain of command. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies that any PSCO policy or procedure was violated and denies that any action was taken by Defendant in retaliation for any complaint by Plaintiff. Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 20 of the Complaint; therefore they are denied.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits that Plaintiff received long gun training and certification in or about October 2010. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits that in November, rather than October, 2009, PSCO hired deputy Welles Tonjes, who had over 35 years experience in law enforcement. Defendant denies that Tonjes was "quickly" promoted, but admits that Tonjes was eventually promoted to corporal and then sergeant.

26. Defendant admits that after Corp. Paige left the PSCO, Sgt. Hardey was assigned as plaintiff's direct supervisor. Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits that Sgt. Hardey wrote Plaintiff up for several incidents. Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 28 of the Complaint; therefore they are denied.

29. Defendant admits that Plaintiff met with Captain Mark Hancock in or about December 2010 and that Plaintiff complained about Sgt. Hardey at that time. Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits that PSCO assigned Plaintiff to a School Resource ("SRO") position. Defendant admits that Plaintiff was required to wear the standard uniform in this position. Defendant denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. With regard to allegations of Paragraph 31 of the Complaint, Defendant admits that Park County Commissioner John Tighe spoke to students at a Career Day event in May 2011. However, Commissioner Tighe did not single Plaintiff out; all the attendees were asked to do a "Barbie *cheer*," the goal of which was to strengthen morale and foster enthusiasm. Defendant admits that Plaintiff filed a sexual harassment complaint; and asserts that the complaint was immediately and extensively investigated. Defendant admits that Plaintiff requested a transfer back to her original position as a patrol deputy.

32. Defendant admits that it granted her request to transfer back to her original position. Defendant admits that the new SRO wore a uniform that had, like all other PSCO uniforms, been slightly modified in appearance. However, the new SRO still had to wear a bullet proof vest and duty belt while all duty. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits that in *December* 2010, not October, dispatch reported a call concerning a man possibly waiving a shotgun. Defendant admits the remaining allegations contained in Paragraph 34, except to state that Plaintiff was accompanied at all times by her partner, Sgt. Wells.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admit that Corp. Reynolds was never disciplined for his role in the dispatch call reporting a man with an apparent gun. Defendant denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits that on or about May 10, 2011, Plaintiff complained about Corp. Reynolds to Sgt. Tonjes. Defendant denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. With regard to the allegations of Paragraph 41 of the Complaint, Defendant admits that when Plaintiff was an SRO, she reported that she sustained some kind of off-duty

injury. Defendant admits that Plaintiff requested that she not be required to wear her standard uniform, including duty belt and gun, on Fridays, and that the request was denied.  Defendant denies the implication that Plaintiff had to wear "50 lbs. of gear," the entire uniform weighs approximately 10-15 pounds.  Defendant denies that prior deputies had been permitted to work without the standard uniform on Fridays.

42.	Defendant admits that on or about June 21, 2011, Plaintiff told Sgt. Tonjes that she needed to have back surgery. Defendant is without sufficient information to admit or deny the allegation that Plaintiff's back injury worsened, and therefore denies same. Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.	Defendant admits the allegations that Plaintiff had surgery on or about July 1, 2011, that she requested a leave of absence, and that she was released to light duty effective August 1. The remaining allegations contained in Paragraph 43 of the Complaint constitute legal conclusions to which no response is warranted. To the extent that a response is warranted, the allegations are denied.

44.	Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.	Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.	Defendant admits that on or about August 14, 2011, Deputy Strehl came to the Fairplay sheriff's office. Defendant admits that Plaintiff complained to Sgt. Tonjes regarding Deputy Strehl, and affirmatively states that Sgt. Tonjes told both Plaintiff and Deputy Strehl that they were both acting like children. Defendant denies that Deputy Strehl violated any PCSO policies or that he engaged in any discriminatory or harassing conduct toward Plaintiff.

Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 46 of the Complaint and therefore denies same.

47.     Defendant admits that on or about August 17, 2011. Plaintiff complained that she believed she was not being treated fairly.  Defendant affirmatively states that Plaintiff and her husband were not treated differently than other couples.  Plaintiff's husband, Kolby Martin,  was a patrol officer and was spending time talking with Plaintiff rather than in his patrol car working. Defendant denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     With regard to allegations of Paragraph 48 of the Complaint, Defendant admits that Sgt. Tonjes was frustrated with Plaintiff and that he slammed one fist on the kitchen table. Defendant denies the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     With regard to allegations of Paragraph 49 of the Complaint, Defendant denies that Sgt. Tonjes threatened to make Plaintiff work nights; he gave her the option of doing so. Defendant admits that Plaintiff was assigned to work under Master Sgt. Mike Brown.  Defendant admits that she was told she could not ride to work with her husband *while he was on duty*. Plaintiff's husband was a patrol officer and allowing Plaintiff to ride with him in his marked vehicle while he was on duty jeopardized her own safety.   Defendant  affirmatively  states  that Cindy Gharst offered to give Plaintiff rides to work, which Plaintiff declined.

50.     Defendant is without sufficient information to admit or deny whether Plaintiff chose to stop taking her pain medication, and therefore denies same.  Defendant is without sufficient knowledge as to when and whether Plaintiff scheduled physical therapy and therefore denies same. Defendant denies the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint. Defendant affirmatively states that because Plaintiff spent too much time chatting with co-workers or texting while on light duty, Sgt. Tonjes told Plaintiff and her office co-workers to limit their time spent on personal conversations and focus on work.

52. Defendant denies that Plaintiff was subject to any hostile work environment. Defendant is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 52 and therefore denies same.

53. Defendant admits that sometime in September 2011, Plaintiff notified Sgt. Tonjes that she would need a second surgery. Defendant is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 53 and therefore denies same.

54. Defendant admit that on or about September 23, 2011, Sgt. Tonjes told Plaintiff that after the month of September, no light duty work was available. Defendant denies the remaining allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant admits that Plaintiff requested medical leave. Defendant denies the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant admits the allegations contained in Paragraph 57 of the Complaint.

58. Defendant is without sufficient information to either admit or deny the allegations contained in Paragraph 58 of the Complaint; therefore they are denied.

59. With respect to the allegations contained in Paragraph 59 of the Complaint, Defendant admits that on or about November 15, Plaintiff was told that her doctor would need to release her to work in order to sit for the November 23, 2011, test date. Defendant denies the

allegation that a doctor's note was unnecessary. Defendant admits that Plaintiff's doctor had released her to work light duty; however, she was not released to work light duty until November 29, 2011, after the test date. Defendant admits that it prohibited her from testing for the open detective position because by the date of the test, she had not been released to light duty. Defendant is without sufficient knowledge to either admit or deny the remaining allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

## FIRST CAUSE OF ACTION
## VIOLATION OF TITLE VII FOR RETALIATION

63. Defendant incorporates its responses to Paragraphs 1-62 as if set forth in their entirety.

64. The allegations contained in Paragraph 64 of the Complaint constituted legal conclusions to which no response is warranted. To the extent that a response is warranted, the allegations are denied.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

**Defendant denies each and every allegation not specifically admitted herein.**

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails, at least in part, to state a claim upon which relief can be granted against Defendant.

2. Plaintiff may have failed to mitigate her damages, if any, as required by law.

3. Defendant's policies and procedures prohibit illegal discrimination of any kind.

4. Defendant followed its policies and procedures.

5. Defendant did not constructively discharge Plaintiff.

6. All actions taken by Defendant were reasonable as a matter of law.

7. All actions taken by Defendant were for legitimate, valid and non-discriminatory business reasons.

8. Defendant did not retaliate as a matter of law.

9. Plaintiff is not entitled to liquidated damages as a matter of law.

10. Some of the damages sought by Plaintiff are not available under the legal theories asserted.

11. Defendant did not engage in retaliatory harassment against Plaintiff as a matter of law.

12. All actions taken by Defendant with respect to Plaintiff would have been taken without regarding to any complaint or allegedly protected active of Plaintiff.

Defendant reserves the right to add such additional defenses as they become apparent upon disclosure and discovery.

WHEREFORE, Defendant respectfully requests this Court dismiss Plaintiff's Complaint and grant such other relief as this Court deems proper, including reasonable attorney's fees and the costs of this action.

## DEFENDANT DEMANDS A TRIAL BY JURY

Dated this 9th day of August, 2013.

                Respectfully submitted,

                *S/ Cathy Havener Greer*
                _____
                Cathy Havener Greer
                Kristin Anderson George
                Wells, Anderson & Race, LLC
                1700 Broadway, Suite 1020
                Denver, CO 80290
                T: 303-820-1212
                Email: cgreer@warllc.com; kageorge@warllc.com
                **ATTORNEYS FOR THE DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2013, a true and correct copy of the above and foregoing **ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Ralph E. Lamar, Esq.
Email: ralphlamar@ymail.com

*S/ Barbara McCall*
Barbara McCall
Email: bmccall@warllc.com