IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, CO

    Defendant.

## STIPULATION FOR IN-CAMERA INSPECTION OF PERSONNEL FILES CONCERNING PLAINTIFF ABBY MARTIN

COMES NOW the City of Golden ("City" or "Golden") by its attorneys, Williamson & Hayashi, LLC., and Wells Anderson & Race, LLC, attorneys for Defendant, Fred Wegener and request, that the Court conduct an "in-camera" inspection regarding the *subpoena duces tecum* served upon the Golden Police Department's records custodian by Defendant, which requires production of the following documents and other materials concerning the employment of Plaintiff, Abby Martin:

(Former) Employee:        Abby Adam (maiden name); Abby Martin currently
Date of Birth:               07/09/1981

The production shall include any and all employment applications, documents submitted for employment, such as resumes, letters, or CVs, payroll records, testing done for employment purposes, notices, evaluation forms and notes, separation documents, correspondence, notes, and other materials comprising the personnel file of the above individual.

In making their request the parties STIPULATE as follows:

1.     Golden is a Colorado home rule municipality and therefore is subject to the Colorado Open Records Act (CORA), C.R.S. Section 24-72-201, et seq.

2.     In accordance with CORA, "public records" means and includes, in part, "all writings made, maintained or kept by Golden," (C.R.S. § 24-72-202 (6) (a) (I)), and "Personnel files" "means and includes home addresses, telephone numbers, financial information, and other information maintained because of the employer-employee relationship, and other documents specifically exempt from disclosure under this part 2 or any other provision of law.  'Personnel files' does not include applications of past or current employees, employment agreements, any amount paid or benefit provided incident to termination of employment, performance ratings, final sabbatical reports required under section 23-5-123, C.R.S., or any compensation, including expense allowances and benefits paid to employees by the state, its agencies, institutions, or political subdivisions."  (C.R.S. §24-72-202 (4.5))

3.     CORA further provides that the records custodian shall deny the right of inspection unless otherwise provided by law to personnel files including letters of reference. (C.R.S. § 24-72-204 (3) (a) (II) (A) and (III))

4.     Golden asserts that Plaintiff, Abby Martin's personnel file contains documents for which she has a legitimate expectation of privacy, which includes, for example, medical records and certain background investigation materials and documents.  (*Daniels v. City of Commerce*, 988 P.2d 648 (Colo. App. 1999)

5.     The parties agree that CORA does not *ipso facto* exempt personnel files from discovery in litigation and that there exists a public interest exception whereby the Court may make an "in-

camera" inspection to determine (1) whether an individual has a legitimate expectation of non-disclosure; (2) whether there is a compelling public interest in access to the information; and (3) if public interests compels disclosure, how disclosure may occur in a manner least intrusive to an individual's right to privacy (*Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980).

6. However, prior to the Court conducting an in-camera inspection, Defendant must meet the preliminary threshold of showing that the information requested is relevant to the case at issue. *People v. Blackmon,* 20 P.3d 1215 (Colo. App. 2000).

7. The City admits Defendant's request meets the *Blackmon* threshold as Ms. Martin's litigation concerns matters regarding her employment as a sheriff's deputy for Park County, Colorado, and Martin served as a police officer for Golden.

8. The subpoena was served on Plaintiff's counsel, who did not file a motion to quash it or motion for protective order. Plaintiff's counsel does not oppose the stipulation or proposed in-camera inspection by the Court.

9. The City shall deliver the records requested pursuant to the *subpoena duces tecum* immediately upon execution of the stipulation of all parties. To the extent any records are deemed not disclosable to Defendant the City upon notice by the Court shall arrange for the prompt retrieval of the records.

10. The parties agree that any records disclosed to Defendant pursuant to the Court's "in-camera" inspection shall be viewed only by those with direct involvement in the case, which includes the attorneys representing the parties, expert witnesses, and office personnel who have a confidential relationship with counsel and the Defendant. Further, the parties agree that

Defendant shall not reveal, discuss, or otherwise disseminate any of the released materials except with or to his attorney(s) or their confidential agents.

| **THE CITY OF GOLDEN** | **WELLS, ANDERSON & RACE, LLC.** |
|---|---|
| *S/ William P. Hayashi* | *S/ Kristin Anderson George* |
| _____ | _____ |
| William P. Hayashi, Esq., #16889 | Kristin Anderson George, Esq. #32760 |
| Attorney for the City | Attorney for Defendant |
| | |
| | *S/ Ralph E. Lamar* |
| | _____ |
| | Ralph E. Lamar, Esq. |
| | Attorney for Plaintiff |

APPROVED BY THE COURT this _____ day of _____, 2014.

               _____
               U.S. District Court Judge