IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00884–PAB–KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, in his official capacity as Sheriff of Park County, CO,

    Defendant.

## ORDER

This matter is before the court on the "Stipulated Motion for In-Camera Inspection of Personnel Files Concerning Plaintiff Abby Martin" [Doc. No. 35]. This court granted the Defendant's and Interested Party City of Golden's (hereinafter "Golden") request that the court review the personnel file of Plaintiff Abby Martin a/k/a Abby Adam maintained by Golden in connection with Plaintiff's previous employment as a Golden Police Officer.

Although neither the Defendant nor Golden provided the court with a copy of the document subpoena at issue, the two entities characterized the request for records as follows:

> (Former) Employee: Abby Adam (maiden name); Abby Martin currently
> Date of Birth: 07/09/1981
>
> The production shall include any and all employment applications, documents submitted for employment, such as resumes, letters, or CVs, payroll records, testing done for employment purposes, notices, evaluation forms and notes, separation documents, correspondence, notes, and other materials comprising the personnel file of the above individual. (Stip Mot. at 1.)

Plaintiff Abby Martin has not filed any objection to the materials sought from Golden by Defendant.

The Complaint by Ms. Martin alleges that while she was an employee of the Park County Sheriff's Office as a Deputy Sheriff she was subjected to a discriminatory comment by Corporal Kelley Reynolds.  (Am. Compl. [Doc. No. 18] at 1.)   She complained of gender discrimination and thereafter alleges she was subjected to a campaign of retaliatory actions by members of the sheriff's department which ultimately resulted in her constructive discharge.  (*Id.*)   The defendant claims that the information sought from Golden is relevant to "Plaintiff's claims of front pay, back pay, and compensatory damages."   (Stip. Mot. at ¶ 1.)

The court, in conducting its review of the submitted documents, takes note of the Colorado Open Records Act ("CORA") and of the case law pertaining to discovery of personnel files in the course of civil litigation.

In *Denver Policemen's Protective Ass'n v. Lichtenstein,* 660 F.2d 432, 435 (10th Cir. 1981), the Tenth Circuit adopted the *Martinelli* test for determining whether information contained in personnel files is of such a highly personal or sensitive nature that it falls within the zone of constitutionally recognized confidentiality. *Id.; Martinelli v. District Court In and For City and County of Denver*, 612 P.2d 1083, 1091 (Colo. 1980).   In applying the test, the court must consider (1) if the party asserting the right has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner. *Martinelli, id*.   Only data of a "highly personal or sensitive nature" may fall within the zone of confidentiality.   *Id*.

Under CORA, "public records" means and includes, in part, "all writings made, maintained or kept by" Golden.  Colo. Rev. Stat. § 24-72-202(6)(a)(I).  Pursuant to Section 24-72-203(1)(a) "[a]ll public records shall be open for inspection by any person at reasonable times, except as provided in this part 2 or as otherwise provided by law, . . . ."  Section 204(3)(a)(I) of CORA specifically denies inspection of "[m]edical, mental health, sociological, and scholastic achievement data on individual persons," and Section 204(3)(a)(II)(A) denies inspection of "personnel files" including "letters of reference."  § 204(3)(a)(III).  CORA defines personnel files as

> (4.5) "Personnel files" means and includes home addresses, telephone numbers, financial information, and other information maintained because of the employer-employee relationship, and other documents specifically exempt from disclosure under this part 2 or any other provision of law. "Personnel files" does not include applications of past or current employees, employment agreements, any amount paid or benefit provided incident to termination of employment, performance ratings, final sabbatical reports required under section 23-5-123, C.R.S., or any compensation, including expense allowances and benefits, paid to employees by the state, its agencies, institutions, or political subdivisions.

Colo. Rev. Stat. § 24-72-202(4.5).  Inspection of documents, even those contained in a 'personnel file' are specifically allowed with respect to "employment contract or any information regarding amounts paid or benefits provided under any settlement agreement pursuant to the provisions of article 19 of this title."  § 24-72-204(3)(a)(II)(B).

First and foremost, of course, is this court's duty to determine what, if any, of the documents are relevant pursuant to Fed. R. Civ. P. 26.  The defendant claims relevance of the documents requested only as to "Plaintiff's claims of front pay, back pay, and compensatory damages."  (Stip. Mot. ¶ 1.)

3

The "personnel file" provided to the court for in camera review consisted of four parts, separately labeled as: 1) "Personnel File"; 2) "Confidential File"' 3) "Field Training File"; and, 4) "Background File." The court considers that the documents provided are deemed responsive by Golden to the Defendant's overall request.  Since many of the documents are not otherwise responsive to the particularized requests set forth *infra*, the court infers that Golden considers those documents falling into the category of "other materials comprising the personnel file."

First with respect to the documents contained in the section of the file called "Background File," the court concludes that none of the documents should be produced to the defendant.  First, they are largely completely irrelevant to "Plaintiff's claims of front pay, back pay, and compensatory damages."  Second, many of the documents are highly confidential, involving the many methods by which a police department investigates an individual to determine eligibility to perform in the sensitive position of police officer.  Third, many of the documents fit the category of "letters of recommendation" a category of documents protected from disclosure under CORA. Fourth, the documents fit within the definition of a personnel file and are protected from disclosure by CORA.

Documents contained in the Field Training File consist primarily of daily reports completed by Plaintiff's field training officers and other supervisors describing in detail the activities of the officers during each day and setting forth the evaluations of the training officer concerning the actions of the trainee, in this case Plaintiff Amy Adam, Plaintiff's name at the time. The documents are not highly confidential as to the Plaintiff, however they are irrelevant to the case at hand in any respect and certainly are not relevant at all to "Plaintiff's claims of front pay,

4

back pay, and compensatory damages."  Further, on occasion the daily reports contain identifying information about members of the community with whom the officers were in contact during their duty shift and there are a number of references to identified juveniles.  After a complete review of each of the training documents in the file, the court finds the information to be irrelevant even under the broad parameters of Fed. R. Civ. P. 26 and therefore declines to order production of the documents in the "Field Training File."

There were a very small number of documents contained in the section entitle "Confidential File."  One document pertained to certain tax ramifications of being employed as a Golden police officer and all the rest were documents covered by the "[m]edical, mental health, sociological" prohibition on inspection contained in CORA.  Therefore, the court orders that the documents contained in the "Confidential File" shall not be produced to the defendant.

Finally, the court has reviewed the documents which are contained in the group entitled "Personnel File."  The following chart contains a description of each document, whether the document fits the description of a CORA protected personnel file document, whether the document contains highly confidential material such as bank account information and, lastly, the court's ruling on whether the document should be produced in connection with the subpoena.

| Document | CORA Personnel File | Highly Confidential | Court Ruling |
| --- | --- | --- | --- |
| Exit Interview | | | Produce pursuant to Protective Order |
| 5-17-09 Release | | | Produce pursuant to Protective Order |
| 5-12-09 Personnel Action Form | | | Produce pursuant to Protective Order |
| 5-5-09 Resignation Letter | | | Produce pursuant to Protective Order |

| | | | |
|---|---|---|---|
| 5-17-09 Letter of Voluntary Resignation | | | Produce pursuant to Protective Order |
| Final Paycheck Request | | | Produce pursuant to Protective Order |
| Termination Check List | | | Produce pursuant to Protective Order |
| 5-4-08 Personnel Action Form | ✓ | | Protected by CORA; No production required |
| Form W-4 (2009) | ✓ | ✓ | Protected by CORA; No production required |
| Direct Deposit Form | ✓ | ✓ | Protected by CORA; No production required |
| Employment Application | | | Produce pursuant to Protective Order |
| 5-15-08 Letter re: Term of Benefits | ✓ | | Protected by CORA; No production required |
| 10-17-08 Acceptance of Employment | | ` | Similar to an employment agreement; Produce pursuant to Protective Order |
| Emergency Contact Info. | ✓ | ✓ | Protected by CORA; No production required |
| Personnel Record - Contact Info. | ✓ | ✓ | Protected by CORA; No production required |
| 5-20-09 POST notice | ✓ | | Protected by CORA; No production required |
| 1-6-09 POST notice | ✓ | | Protected by CORA; No production required |
| 12-30-08 Acknowledgement of Receipt of Golden documents - 7 documents | ✓ | | Protected by CORA; No production required |
| 12-30-08 Payroll deduction authorization | ✓ | | Protected by CORA; No production required |
| 1-25-09 Safety Committee incident report | | | Produce pursuant to Protective Order |

In its review of all the documents submitted to the court for in camera review, including those as to which the court has declined to order production, the court found **no** documents indicating Plaintiff's involvement in any gender based complaints, any grievance filed with a state or federal agency or any complaints of retaliation for protected activity.

Wherefore it is **ORDERED**

In those instances contained on the chart on pages 5-6 herein, where the City of Golden is ORDERED to produce a document, such production will be made **on or before February 25, 2014**. Each produced document shall be marked "Confidential" and the parties to this case shall treat the documents as confidential pursuant to the Protective Order entered in this case.   [Doc.

No. 41.]  Further, for each document produced to Defendant's counsel pursuant to the subpoena, copies shall also be mailed to the Plaintiff's counsel, F.J. Rick Dindinger, III, Dindinger Law Offices, LLC, 7951 East Maplewood Ave, Suite 285, Greenwood Village, CO  80111.

The court will retain all the reviewed documents as conventionally filed under Restriction Level 3 and the same will be filed in the office of the Clerk of Court for the District of Colorado.

Dated this 20th day of February, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge