Exhibit 1 - Wegener Deposition

# Transcript of the Testimony of:
# **Fred Wegener**

**Date:** January 17, 2014

Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO



Mile High Court Reporting and Video, Inc.
Phone: 303-202-0210
Fax: 303-205-0034
Email: contact@milehighreporting.com
milehighreporting.com

Exhibit 1 - Wegener Deposition
Deposition of:  Fred Wegener - January 17, 2014
Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO

Page 6

1 objection, unless she specifically instructs you not to
2 answer, answer to the best of your ability.  Fair
3 enough?
4     A   That sounds good.
5     Q   I'm not interested in any conversations
6 you've had with her or Mr. Phillips during the course
7 of this deposition; only conversations you've had with
8 employees of the county or employees of the sheriff's
9 department.
10        So if an answer implicates information that
11 you learned from employees as well as attorneys, you
12 can tell me what you learned from the employees, but
13 don't tell me about conversations with your attorneys.
14 And if that's understood, we'll get going.
15        When did you become the sheriff of Park
16 County?
17     A   January of 1999.
18     Q   Who was your employer before you became the
19 sheriff?
20     A   Let's see.  Before I became sheriff.  Idaho
21 Springs Police Department.
22     Q   And what were the dates of your employment
23 with Idaho Springs?
24     A   That's a good question.  Let's see.  Oh,
25 about '97 through the election.  I got hired there in

Page 7

1 '97.
2     Q   And were you in the command structure there,
3 or were you a police officer?
4     A   No.  I was a detective.
5     Q   Detective?
6     A   Yes.
7     Q   What law enforcement did you have prior to
8 Idaho Springs?
9     A   I was with the Aurora Police Department for a
10 year and a half.
11     Q   Okay.  What type of position did you hold in
12 Aurora?
13     A   Worked in the detentions.  Worked in the
14 jail.  And that was -- I started there January of '96.
15 And then prior to that I was the sergeant with the Park
16 County Sheriff's Office.  I started in 19- --- June of
17 1987 through, I think it was like, November/December of
18 '95.
19     Q   So basically there were no uninterrupted
20 periods of unemployment, or, said a different way,
21 you've been employed at least in law enforcement since
22 June of '87?
23     A   In civilian law enforcement, yes.
24     Q   And prior to that it was military?
25     A   Prior to that I was in the Air Force as a

Page 8

1 military police officer from 1981 to 1987.
2     Q   And were you stationed here in Colorado, or
3 where was it?  All over the place?
4     A   Unfortunately.  I was in Maine, Alaska, and
5 California.
6     Q   As the sheriff of Park County, who, if
7 anyone, do you report to?
8     A   18,000 citizens.
9     Q   So the election box is basically the way
10 that -- if there's disappointment with your
11 performance, something happens?
12     A   It's a pretty good gauge, yes.
13     Q   Did you review any documents before today's
14 deposition to prepare you for the deposition?
15     A   Just the notice of the EEOC complaint on the
16 sexual discrimination.
17     Q   That Abby Martin filed?
18     A   Yes.
19     Q   Did you review the complaint that was filed
20 in U.S. District Court that basically we're here about
21 today?
22     A   Yes, I have reviewed that.
23     Q   Other than that and the EEOC charge, did you
24 review any other documents?
25     A   No.  That's about it.

Page 9

1     Q   When Abby -- at the time she was Abby Adam --
2 was hired by Park County, to your recollection did she
3 have any prior law enforcement experience?
4     A   Yes, she did.
5     Q   What was it?
6     A   She had worked for a couple of
7 municipalities, and I don't remember exactly which
8 ones.
9     Q   So she was not fresh out of her POST
10 training?
11     A   No.  No.
12     Q   But Park County, when somebody comes in as a
13 deputy sheriff, does provide some additional training,
14 correct, to a new deputy?
15     A   Yes.  We do have an FTO program for new
16 hires.
17     Q   And how long does that typically last?
18     A   Anywhere between 8 to 12 weeks.
19     Q   And is somebody who is a brand-new deputy
20 sheriff for PCSO assigned an FTO, trainer?
21     A   Yes.
22     Q   Is there any particular thing they need to do
23 to graduate, so to speak, from the FTO program?
24     A   We have -- the FTO has a booklet, if you
25 will, that they give them; standards that they'd like

Mile High Court Reporting and Video, Inc.  303-202-0210
contact@milehighreporting.com

Exhibit 1 - Wegener Deposition

Deposition of:  Fred Wegener - January 17, 2014
Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO

Page 50

1  how is it a hardship if there are some staff at PCSO
2  who say, I'm willing to give her some weeks of my time
3  so that she can be paid instead of this being unpaid
4  leave, if you've already acknowledged that she's not
5  going to be there?
6      A   I did allow it.
7      Q   But it says that you will not approve any
8  additional donated sick time to cover this period.
9  That's where my confusion lies because --
10     A   Additional.  Because I'd already allowed it,
11  and now you're saying additional time.
12     Q   Well, okay.  Let's make sure we understand
13  each other on this, because that may be the problem.
14         On December 6, 2011, the way I read your
15  letter is that you've said to her, you're going to have
16  another two to three weeks time when you can't work;
17  and you said that you were extending -- her FMLA
18  benefits ran out, but you're going to give her this
19  extra time off, but what you did not approve for those
20  two to three weeks was donated time.  Would you agree
21  with that in reading the letter?
22     A   Correct.  Additional.
23     Q   Understood.  I realize she had gotten donated
24  time before that.  But for this period of time in
25  December, I'm trying to find out what your logic or

Page 51

1  rationale was for deciding for this -- what you may
2  have been hoping was the last two to three weeks, why
3  she wasn't going to get donated time for that period of
4  time, because you don't explain the rationale in the
5  letter.
6         MS. GREER:  I'll object to the form.  Go
7  ahead.
8      A   And I see the road we're traveling down.  I
9  can't explain any better than this.  That's it.
10     Q   (By Mr. Lamar) Do you know whether there were
11  any officers at the time who were willing to donate
12  time to her?
13     A   I don't recall.
14     Q   You don't have it yet, Sheriff.  Sorry.
15         (Deposition Exhibit 26 was marked for
16  identification.)
17     Q   What I'm showing you is your letter to Abby
18  Martin January 17, 2012.  And in this letter you
19  indicated that you had received the copy of the letter
20  from her attorney dated January 6, 2011, in which her
21  attorney submits her resignation.  And that was the
22  same letter that contained the Charge of
23  Discrimination, correct?
24     A   Correct.
25     Q   And you indicated in the second paragraph

Page 52

1  that you disagreed with virtually all of the
2  contentions contained in her attorney's letter as well
3  as those in the Charge of Discrimination.
4         Earlier I had asked you if you had asked for
5  an investigation into her factual allegations in the
6  Charge of Discrimination, and you said no.
7         How were you able to say that you disagreed
8  with her contentions if you did not do an investigation
9  into those contentions?
10         MS. GREER:  Objection.  Form.  Foundation.
11  Go ahead.
12     A   I disagree with the allegations she has in
13  the charge.
14     Q   (By Mr. Lamar) I understand.  But I'd asked
15  you if you investigated the factual allegations in the
16  charge, and you said no.
17         So I'm wondering how you could say to her in
18  a letter that you disagreed with those if you didn't do
19  an investigation to determine if they were true.
20         MS. GREER:  Objection.  Form.  Foundation.
21  Go ahead.
22     A   When we looked at the allegations, which she
23  mentions in there, we didn't find them to be true.
24     Q   (By Mr. Lamar) But you said that you didn't
25  investigate them, so -- and when you say, "we," do you

Page 53

1  mean someone else in the sheriff's department?
2      A   Rest of command staff, when we looked at the
3  allegations.
4      Q   So you shared the Charge of Discrimination
5  with the undersheriff?
6      A   Correct.
7      Q   Did you share it with Captain Hancock?
8      A   I don't know if he looked at it.  I believe
9  he did.
10     Q   And do you know if it was shared with Master
11  Sergeant Brown or Sergeant Tonjes?
12     A   Sergeant Tonjes may have seen it, yes.
13     Q   And it's your recollection that when -- well,
14  let me ask you:  Was it shown to them in a meeting
15  setting, where you were all in the same room at the
16  same time?
17     A   No.  No, it wasn't.
18     Q   Do you have a recollection of any of those
19  individuals, Sergeant Brown, Sergeant Tonjes, Captain
20  Hancock, or the undersheriff, specifically saying to
21  you, This particular allegation here is false?
22         MS. GREER:  Objection.  Form.  Foundation.
23     A   Just when we asked about it, yeah.
24     Q   (By Mr. Lamar) Okay.  But you didn't talk to
25  each of those individuals separately, did you?

14 (Pages 50 to 53)

Exhibit 1 - Wegener Deposition

Deposition of: Fred Wegener - January 17, 2014
Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO

Page 62

1              AFFIDAVIT
2        I, FRED WEGENER, have read my deposition and
3  it is true and accurate, except for any changes or
4  corrections now indicated by me on the Amendment sheet.
5        Amendment sheet attached  ( )
6        No changes to testimony   ( )
7
      _____
8        FRED WEGENER
9
10       SUBSCRIBED AND SWORN to before me this
11 date _____.
12
      My commission expires _____.
13
14    _____
   NOTARY PUBLIC
15
16    _____
   STREET ADDRESS
17
18    _____
   CITY, STATE, ZIP
19
20 Return to: MILE HIGH COURT REPORTING & VIDEO, INC.
        14143 Denver West Parkway, Suite 100A
21      Golden, Colorado  80401
22
23
24
25

January 27, 2014

CATHY HAVENER GREER, ESQ.
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290

Re: Abby Martin v. Fred Wegener
    Deposition of FRED WEGENER
    January 17, 2014

Dear Ms. Greer,
Enclosed with your copy of the above-referenced
deposition is the signature page from the Court's
original transcript.
In accordance with the Rule, please have the witness
read and sign his or her testimony, then return the
executed signature page and any amendment sheets used
to us within 35 days of the date of this letter.

Sincerely,

MILE HIGH COURT REPORTING & VIDEO, INC.
Encl.
cc: Original transcript
    Ralph E. Lamar, IV, Esq.

Page 63

1              CERTIFICATE
2        I, Melissa Emily Huston, a Registered
3  Professional Reporter, Notary Public of the State of
4  Colorado, certify that before the deposition the
5  witness was sworn by me to testify to the truth, and
6  that the foregoing is a true transcript of the
7  questions asked, testimony given, and proceedings had.
8
9        I further certify that I am not related to
10 any party herein, nor their counsel, and have no
11 interest in the result of this litigation.
12
13       IN WITNESS WHEREOF, I have hereunto set my
14 hand and seal this _____ day of _____, 2014.
15
16
17    _____
      Melissa Emily Huston, RPR
18      My Commission expires 4/14/2015
      Notary ID: 19994009481
19
20
21
22
23
24
25

RALPH E. LAMAR, IV, ESQ.
Law Office of Ralph Lamar
8515 Braun Loop
Arvada, Colorado 80005

Re: Abby Martin v. Fred Wegener
Civil Action No.: 1:13-cv-00884-PAB-KMT
Deposition of FRED WEGENER
Taken January 17, 2014

Dear Mr. Lamar:
The above-referenced original deposition is being filed
with you this date: _____.

Pursuant to the governing Rules of Civil Procedure, the
above-mentioned deposition is being filed:
_____ signed, with no changes
_____ signed, with changes, a copy of which is attached
_____ unsigned, no changes
_____ unsigned, with changes, a copy of which is
       attached

_____ unsigned, pursuant to agreement of counsel that
       the deposition may be reviewed and signed at or
       before the time of trial

_____ unsigned, our office having received notice that
       the case has settled
_____ signature waived at the time of deposition
_____ signature not required

MILE HIGH COURT REPORTING & VIDEO, INC.

cc: Original transcript
    Cathy Havener Greer, Esq.

17 (Pages 62 to 65)

Exhibit 1 - Wegener Deposition

Deposition of:  Fred Wegener - January 17, 2014
Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO

62

1                         AFFIDAVIT

2          I, FRED WEGENER, have read my deposition and

3     it is true and accurate, except for any changes or

4     corrections now indicated by me on the Amendment sheet.

5               Amendment sheet attached    (  )

6               No changes to testimony    (X)

7

8               FRED WEGENER

9

10             SUBSCRIBED AND SWORN to before me this

11    date   30th  January 2014.

12

13             My commission expires  10·14-2017.

14

15    NOTARY PUBLIC

       BRENDA GREEN
       NOTARY PUBLIC
16     STATE OF COLORADO
       NOTARY ID 20054035599
       MY COMMISSION EXPIRES OCTOBER 14, 2017

17             1180 Co Rd 16
               STREET ADDRESS

18             Fairplay, CO 80440
               CITY, STATE, ZIP

19

20    Return to:   MILE HIGH COURT REPORTING & VIDEO, INC.
                   14143 Denver West Parkway, Suite 100A
21                 Golden, Colorado  80401

22

23

24                                    ORIGINAL

25

Exhibit 1 - Wegener Deposition

# AMENDMENT TO DEPOSITION

I, _____, wish to make the following changes to my testimony as originally given:

| PAGE | LINE | SHOULD READ | REASON |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Signature of Notary: _Brenda Green_

Subscribed and sworn to before me this date: 30th January 2014 Deponent Signature: _____

My Commission expires: 10-14-2017

**Mile High**
Court Reporting & Video, Inc.

14143 Denver West Parkway, Suite 100
Golden, Colorado 80401
303-202-0210 contact@milehighreporting.com

**BRENDA GREEN**
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20054035099
MY COMMISSION EXPIRES OCTOBER 14, 2017