IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, CO

    Defendant.

---

### AFFIDAVIT OF CINDY GHARST

Cindy Gharst, fully competent to testify to the matter described herein and based on first-hand knowledge, states as follows:

1. I am over the age of 18, and I have personal knowledge of the information set forth herein.

2. From 2002 through 2013, I was the human resource administrator for Park County, Colorado.

3. I am aware that Plaintiff Abby Martin had a lumber surgery on October 18, 2011, and that her doctor advised that she would need six weeks off work, until November 29, 2011, in order to recover.

4. Although Ms. Martin's Family and Medical Leave Act leave expired on November 22, 2011, the County extended her an additional six days of leave.

5. Ms. Martin appeared for light duty work on November 29 and 30, 2011, and then stopped coming to work.

6. I am familiar with the Park County Sheriff's Office ("PSCO") Policies in place during Ms. Martin's employment with the County. Exhibit A to my affidavit contains the policies regarding light duty work.

7. The PSCO provided Ms. Martin with 274.5 hours of light duty work in 2011. Based on my review of the business records, since I have been involved in human resource administration, no patrol deputy has received more light duty hours for an off-duty injury than Ms. Martin.

Further Affiant sayeth naught.

Dated this 18 day of March 2014.

_____
Cindy Gharst

Subscribed and sworn before me this 18th day of March 2014, by Cindy Gharst, personally known to me.

My Commission Expires:

_____
Notary Public

JESSICA FLANNIGAN
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20094005902
MY COMMISSION EXPIRES FEBRUARY 18, 2017

2

Policy 308

# PARK COUNTY SHERIFF'S OFFICE
# POLICY AND PROCEDURE MANUAL

| *Effective Date*: 03-01-03 | *Approval*: | | *Number:* 308 |
|---|---|---|---|
| *Subject:* **LIGHT DUTY** | | | |
| *Reference:* | | *Standard:* | |
| *Chapter*: III | *Reevaluation Date:* | | *No. Pages:* 2 |

**I. PURPOSE:**
The purpose of this policy is to provide guidance for personnel requesting light duty while recovering from a **non-duty** related injury or illness.

**II. DEFINITION:**

LIGHT DUTY:  Duty performed by an employee who is recovering from a long term **non-duty** related injury or illness.  The duty is performed in a position authorized by the Sheriff's Office.  That position must be vacant at the time the injured/ill employee becomes available for light duty.

MODIFIED DUTY:  Duty performed by an employee who is recovering from a **duty related** injury or illness.  This duty is performed in a position authorized by the Sheriff.

NON-DUTY INJURY / ILLNESS:  An injury or illness that does not occur while in the performance of duty and would not be covered under worker's compensation.

**III. POLICY:**
It is the policy of the Sheriff's Office to provide employees guidelines in which to provide and assist members with temporary duty assignments while recovering from a non-duty related injury or illness.

**IV. PROCEDURE:**
Some positions authorized on the Sheriff's Office Staffing Document that are temporarily not filled by a full time employee or vacated temporarily by leave may be designated a light duty position by the appropriate Division Commander.  These positions may, upon approval, be filled on a temporary basis by employees recovering from a **non-duty** related illness or injury.  Should the injury be determined to have a permanent limitation, the Sheriff's Office is under no obligation to accommodate the employee with a continuing light duty position. Light duty may be approved under the following criteria:

1. A vacancy in an authorized position must exist.

2. Employees requesting light duty must be recovering from an extended illness or injury from a **non-duty** related injury, verified by a competent medical authority.

3. Light duty requests will not be considered until adequate time has elapsed to accommodate recovery.  For the purpose of this policy, that time will be a minimum of four consecutive weeks. The employee must use accrued sick, vacation, holiday, compensatory, or sick bank if applicable.

Policy 308

4. Prior to being considered for a light duty position, the employee must be expected to be released to full duty within three weeks. A medical statement will be required from the employee's doctor confirming the anticipated release.

5. Light duty will be limited to three (3) workweeks. On a one-time basis only, a one-week extension may be authorized by the Sheriff.

6. Personnel on light duty, not to exceed four (4) weeks, will be paid at their normal base salary.

7. Personnel on light duty will NOT be eligible to work overtime or extra duty.

8. The Division Commander will be responsible for placement of light duty personnel within their division. If a position does not exist within the employee's assigned division, the request will be submitted to the Undersheriff for consideration of placement to another division.

9. Employees requesting light duty must meet the minimum requirements of the position based on the job description.

10. Light duty does not, in any way, create a right for the employee to occupy that or any other position on a permanent basis. Light duty positions may be deleted at anytime by the Undersheriff, or Sheriff, with or without cause.

11. Personnel with a work related injury or illness will receive first consideration for available positions.

12. Employees assigned to light duty will meet dress requirements as specified for the type position assigned.

13. The employee must notify their section supervisor, as soon as possible, following an off duty injury or illness. The employee shall also provide an estimated recovery period.

14. Once the employee has used the required leave time, they may contact their Section Commander and request, in writing, light duty status.

15. The employee requesting light duty, will provide their supervisor a list of physical limitations provided by the employee's medical provider.

16. The Section Commander will forward the request with a recommendation for approval/disapproval and position assignment through the chain of command to the Division Commander. If a position does not exist within the employee's assigned division, the employee may be assigned to another division. The Division Commander will add their recommendation and forward the request to the Undersheriff for final approval and position assignment.

17. Upon placement of the employee in a light duty position, the assigning Division Commander will complete a PERSONNEL ACTION REQUEST form. Included on this form will be the light duty assignment, start date and ending date. This form will be submitted to the Personnel Office.

18. The employee's temporary supervisor will be responsible for payroll and attendance records.