Exhibit 19 - Kimsey Dep

# Transcript of the Testimony of:
## Sarah Kimsey

**Date:** February 18, 2014

Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO



Mile High Court Reporting and Video, Inc.
Phone: 303-202-0210
Fax: 303-205-0034
Email: contact@milehighreporting.com
milehighreporting.com

Exhibit 19 - Kimsey Dep
Deposition of:  Sarah Kimsey - February 18, 2014
Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO

Page 50

1    the record?
2        A.    Yes, sir.
3        Q.    You discussed earlier that you had -- at
4    the time someone is hired you are involved in ordering
5    their uniforms?
6        A.    Yes, sir.
7        Q.    And do you order uniforms after they've
8    been hired?
9        A.    Well, I don't order the uniforms, I give
10   them a sheet of paper with what uniforms they need
11   addressed to either Precinct or Neves, signed by me,
12   authorizing them to charge specifically what is on that
13   sheet of paper.  They cannot charge anything to the
14   sheriff's office that I have not written on that
15   letter.  So that gives them authorization for shirts,
16   pants, vest, jacket, anything that we will pay for at
17   the sheriff's office.  Not belts or boots or guns.
18       Q.    Are you aware of any unique requests
19   relating to uniforms for someone who is working as the
20   resource officer at the school?
21           MS. GREER:  Objection; form.  Go ahead.
22       A.    Unique?
23       Q.    (By Mr. Dindinger)  So I'm -- fair enough.
24       A.    Okay.
25       Q.    I'm assuming there is a standard uniform

Page 51

1    that everyone wears while on duty, all the sheriff
2    deputies wear while on duty?
3        A.    Yes and no.  The detectives do not wear
4    uniforms and the school resource officers at Platte
5    Canyon for a period of time were not wearing uniforms
6    on a daily basis.  Occasionally the school would ask
7    that they be in more plainclothes was my understanding.
8        Q.    So tell me what your understanding is of
9    the SRO at Platte Canyon and their uniforms.  So I just
10   want to cover what you were just --
11           MS. GREER:  You mean now?
12       Q.    (By Mr. Dindinger)  No, at the time period
13   that you were just answering.
14       A.    I cannot answer that.  I've never been to
15   Platte Canyon School, nor have I ever seen the school
16   resource officer on duty at Platte Canyon.
17       Q.    Did you process any requests for any
18   clothes for the school resource officer to wear at
19   Platte Canyon?
20       A.    I believe in 2012 or -- 2012?  I believe
21   that in 2012 they had the school resource officer
22   wearing different clothes at Platte Canyon.
23       Q.    And were you involved in ordering any of
24   these different clothes?
25       A.    I did not order it.  I paid the bill after

Page 52

1    the fact.
2        Q.    And who was the SRO in 2012 when this
3    different clothing was ordered?
4        A.    I believe it was Nathan Carrigan.
5        Q.    And what was the explanation by
6    Nathan Carrigan for ordering these different clothing?
7        A.    He was told to by the sergeant.
8        Q.    Sergeant?
9        A.    Tonjes, or Sergeant Brown, whoever decided
10   to put him in Platte Canyon.
11       Q.    Are you aware of whether Ms. Martin made
12   any requests for any kind of different clothing to wear
13   as an SRO?
14       A.    Nothing that came through my office, no.
15       Q.    So if you have a scenario where you have
16   one individual who's on light duty and you have another
17   employee who for whatever reason also needs to be light
18   duty, what do you do in that scenario?
19           MS. GREER:  Objection.  Form; foundation.
20   Go ahead.
21       A.    I don't recall ever having two people on
22   light duty.  Light duty always depends on if we have
23   something available.  There has to be either a position
24   open or a great backlog of work for us to be able to
25   provide light duty.

Page 53

1        Q.    (By Mr. Dindinger)  Are you aware of any
2    other employee requesting light duty at or about the
3    same time that Abby Martin requested light duty?
4        A.    No.
5        Q.    So earlier you were discussing the forms,
6    the PAF forms?
7        A.    P-A-F, yes.
8        Q.    P-A-F forms.
9        A.    Uh-huh.
10       Q.    And is there any kind of form at the time
11   when someone leaves employment to document that they've
12   left?
13       A.    Yes, the PAF.
14       Q.    Okay.  And in that PAF form when someone
15   leaves, is there any notation as to whether that
16   individual is eligible for rehire?
17       A.    No, nothing -- I mean, yes, if somebody
18   has been terminated, normally it would say on the
19   notation "not eligible for rehire," and the termination
20   letter would be attached.  When someone resigns I just
21   put, "See attached letter of resignation," and the
22   letter of resignation is attached.  But it would have
23   to be a case where someone was terminated for a serious
24   reason where they would not be eligible for rehire.
25       Q.    Do you have an understanding as to whether

14 (Pages 50 to 53)

Exhibit 19 - Kimsey Dep

Deposition of:  Sarah Kimsey - February 18, 2014
Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO

Page 62

1  work of your staff?
2      A.   I've asked them to take conversations that
3  I don't feel are appropriate, either related to cases
4  that I don't think my staff needs to hear about, I've
5  asked them to take it away from the front office on
6  numerous occasions.
7      Q.   And there's not a door between what you
8  call the front office and the squad room, is there?
9      A.   No.  Some of us with private offices, yes,
10  there's doors.  But as far as the front office with the
11  open area and the desks, no, there's no door.
12          MS. GREER:  I don't have any other
13  questions.
14          MR. DINDINGER:  Just a few follow-up.
15              EXAMINATION
16  BY MR. DINDINGER:
17      Q.   So you were just talking about asking
18  individuals to take their conversations somewhere else?
19      A.   Yes.
20      Q.   Did that happen during the time that
21  Abby Martin was doing light duty?
22      A.   Was Abby told to take a conversation
23  somewhere else?
24      Q.   Yes.
25      A.   No.  Not by me.  I can further clarify

Page 63

1  that if someone is talking about a case, a child
2  molestation case or something like that or some death
3  call they went off on, I don't want that discussed
4  anywhere where I can hear it or my staff can hear it.
5      Q.   Did you have any problems with any social
6  media that Abby Martin was using while she was on light
7  duty?
8      A.   No.  I saw her texting, but no more than
9  anyone else of that age that I see texting on a regular
10  basis.
11          MR. DINDINGER:  That's it.  Thank you.
12          THE DEPONENT:  Okay.
13          (The deposition concluded at 2:17 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25

Page 64

1              AFFIDAVIT
2          I have read my deposition and it is true
3  and accurate, except for any changes or corrections now
4  indicated by me on the Amendment sheet.
5          Amendment sheet attached    ( )
6          No changes to testimony     ( )
7
   _____
8  SARAH KIMSEY
9  SUBSCRIBED AND SWORN to before me this
10  date, _____.
11
   My commission expires _____
12
13 _____
   NOTARY PUBLIC
14
15 _____
   STREET ADDRESS
16
   _____
   CITY, STATE, ZIP
17
18
19
   Return to:  MILE HIGH COURT REPORTING & VIDEO, INC.
20      14143 Denver West Parkway
        Suite 100
21      Golden, Colorado 80401
22
23
24
25

Page 65

1              CERTIFICATE
2          I, Aimee S. Reisinger, RPR, Notary Public of
3  the State of Colorado, certify that before the
4  deposition the witness was sworn by me to testify to
5  the truth, and that the foregoing is a true transcript
6  of the questions asked, testimony given, and
7  proceedings had.
8          I further certify that I am not related to
9  any party herein, nor their counsel, and have no
10  interest in the result of this litigation.
11
12 _____
   Aimee S. Reisinger, RPR, CSR
13 My Commission expires 9/16/2016
   Notary No. 19964015065
14
15
16
17
18
19
20
21
22
23
24
25

17 (Pages 62 to 65)

Exhibit 19 - Kimsey Dep

Deposition of:  Sarah Kimsey - February 18, 2014
Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO

February 24, 2014

CATHY HAVENER GREER, ESQ.
Wells, Anderson & Race, LLC
1700 Broadway
Suite 1020
Denver, Colorado 80290

RE:  Abby Martin v. Fred Wegener, in his official
     capacity as Sheriff of Park County, Colorado
     Deposition of:  SARAH KIMSEY
     Taken:  February 18, 2014

Dear Ms. Greer,

Enclosed with your copy of the above-referenced
deposition is the signature page from the Court's
original transcript.

In accordance with the Rule, please have the witness
read and sign his or her testimony, then return the
executed signature page and any amendment sheets used
to us within 35 days of the date of this letter.
Sincerely,

MILE HIGH COURT REPORTING & VIDEO, INC.

Encl.

cc:  Original transcript
     Rick Dindinger, Esq., Ralph Lamar, Esq.

RALPH E. LAMAR, ESQ.
8515 Braun Loop
Arvada, Colorado 80290

Re:  Abby Martin v. Fred Wegener, in his official
     capacity as Sheriff of Park County, Colorado
Civil Action No. 13-cv-00884-PAB-KMT
Deposition of:  SARAH KIMSEY
Taken:  February 18, 2014

Dear Mr. Lamar:
The above-referenced original deposition is being filed
with you this date:_____.

Pursuant to the governing Rules of Civil Procedure, the
above-mentioned deposition is being filed:
_____ signed, with no changes
_____ signed, with changes, a copy of which is attached
_____ unsigned, no changes
_____ unsigned, with changes, a copy of which is
      attached

_____ unsigned, pursuant to agreement of counsel that
      the deposition may be reviewed and signed at or
      before the time of trial

_____ unsigned, our office having received notice that
      the case has settled
_____ signature waived at the time of deposition
_____ signature not required

MILE HIGH COURT REPORTING & VIDEO, INC.

cc:  Original transcript
     Cathy Havener Greer, Esq.

18 (Pages 66 to 67)

Mile High Court Reporting and Video, Inc.  303-202-0210
contact@milehighreporting.com

Exhibit 19 - Kimsey Dep

Deposition of: Sarah Kimsey - February 18, 2014
Abby Martin v. Fred Wegener, in his official capacity as Sheriff of Park County, CO

64

```
 1                        AFFIDAVIT

 2            I have read my deposition and it is true

 3    and accurate, except for any changes or corrections now

 4    indicated by me on the Amendment sheet.

 5            Amendment sheet attached    (  )

 6            No changes to testimony     (X )

 7

 8

            SARAH KIMSEY

 9
            SUBSCRIBED AND SWORN to before me this

10    date, March 6th, 2014 .

11
            My commission expires  9-3-2017

12

13            Rose Avey
            NOTARY PUBLIC

14
            1180 Cty Rd 16

15            STREET ADDRESS

16            Fairplay, Co 80440
            CITY, STATE, ZIP

17

18

19
      Return to:  MILE HIGH COURT REPORTING & VIDEO, INC.
20               14143 Denver West Parkway
                 Suite 100
21               Golden, Colorado 80401

22

23                                    ORIGINAL

24

25
```

Rose Avey
Notary Public
State of Colorado
Notary ID 19974008711
My Commission Expires September 3, 2017