IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, CO

    Defendant.

---

**PROPOSED TRIAL MANAGEMENT ORDER**

---

### 1.  DATE AND APPEARANCES

The Telephonic Pre-Trial conference is scheduled for Monday, June 2, 2014, at 9:30 a.m.

<u>Appearing for Plaintiff</u>:

Ralph Lamar, Esq. 8515 Braun Loop, Arvada, CO. 80005, (303)345-3600

Frederick "Rick" Dindiger, II, Dindiger Law Officers, LLC, 7951 East Maplewood Ave., Suite 285, Greenwood Village, CO, 80111, (303)996-0560

<u>Appearing for Defendant</u>:

Cathy Havener Greer, Esq. and Kristin Anderson George, Esq. Wells, Anderson & Race, LLC 1700 Broadway, Suite 1020, Denver, CO 80290, (303) 812-1200

## 2. JURISDICTION

Title VII of the Civil Rights Act of 1964 as amended.  This Court has subject matter jurisdiction for this claim under 28 U.S.C. §§ 1331 and 1343, because it arises under the laws of the United States and is brought to recover damages for deprivation of plaintiff's civil rights.

## 3. CLAIMS AND DEFENSES

### a. Plaintiff:

This employment discrimination and civil rights action is brought against Defendant Fred Wegener in his official capacity as Sheriff of Park County, Colorado ("Sheriff"), by Plaintiff Abby Martin for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by Title VII of the Civil Rights Act of 1964, as amended.

Specifically, she alleges that in November 2009, while she was employed as a Deputy Sheriff by the Park County Sheriff's Office, she was subjected to a discriminatory statement by Corporal Kelley Reynolds.  After complaining about Reynolds' statement, Plaintiff was subjected to a campaign of retaliatory actions by various members of the Sheriff's Department.  The harassment was severe and/or pervasive and was such as would dissuade a reasonable person from engaging in protected activity.  Plaintiff complained of the retaliation on numerous occasions with no effective action taken by the Sheriff's Department to stop the unlawful conduct.

Ms. Martin was subjected to an act of sexual harassment by John Tighe, a Reserve Deputy and County Commissioner, on May 10, 2011, while she was working in

her capacity as a SRO at Fitzsimmons Middle School at career day.  Specifically, he asked her to perform a Barbie Dance in front of a gathering of the students.  The dance consisted of her putting one hand on her hips and one on her head, and, while shaking her hips, saying "hubba, hubba, hubba."   She complained about Tighe's act of sexual harassment but no disciplinary action was taken against him by the Sheriff.

Following her complaint about Tighe she also made a complaint to management about the recent retaliatory actions by Kelley Reynolds.  Not only was no disciplinary action taken to remedy the situation by the Sheriff's department but plaintiff was subjected to further acts of retaliation over the subsequent six months of her employment.  Ultimately, her workplace became so filled with retaliatory conduct by the members of the Sheriff's Department that a reasonable person would have felt compelled to resign her employment and Ms. Martin was constructively discharged on January 6, 2012.

Plaintiff seeks back pay, compensatory damages, and attorneys' fees and costs of this action.

### b.    Defendants' Defenses:

Plaintiff's sole claim is for retaliation under Title VII of the Civil Rights Act. Plaintiff has not alleged a sexual harassment hostile environment claim.

Defendant denies that it retaliated against Plaintiff for any protected activity and denies that Plaintiff is entitled to any damages against it. Defendant's policies and procedures prohibit illegal discrimination of any kind. Defendant followed its procedures,

and all actions taken by Defendant were for legitimate, valid, and non-discriminatory reasons. Defendant denies that it engaged in retaliatory harassment toward Plaintiff, or took any retaliatory action against Plaintiff that a reasonable employee would consider materially adverse. Defendant denies that Plaintiff was constructively discharged.

Plaintiff may not have mitigated her damages, and Plaintiff is not entitled to liquidated damages as a matter of law.

### 4. **STIPULATIONS**

1. Plaintiff began working as a reserve deputy for the Park County Sheriffs Office ("PSCO") on or about June 30, 2009.

2. Plaintiff became a full time deputy on November 2, 2009.

3. Corporal Kelley Reynolds was initially assigned as Plaintiff's field training officer ("FTO").

4. In or about March 2011, Plaintiff began serving as a School Resource Officer ("SRO").

5. On May 10, 2011, Plaintiff asked to be removed from the School Resource Officer position back to patrol deputy at the end of the school year on May 20, 2011.

6. On July 1, 2011, Plaintiff underwent back surgery for an off-duty back injury.

7. On October 18, 2011, Plaintiff underwent a second back surgery.

8. Plaintiff's employment with the Sheriff's Office ended on January 6, 2012, when she tendered her resignation.

## 5. PENDING MOTIONS

1. Defendant's Motion for Summary Judgment, filed March 20, 2014. The response brief was filed by Plaintiff on April 14, 2014, and the reply brief filed by Defendant on April 30, 2014.

2. Plaintiffs' Motion for the Court to Grant Oral Argument or for Leave to file a Sur-Reply Brief, filed May 5, 2014.

## 6. WITNESSES

a. List the nonexpert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:

1. Abby Martin - 10599 W. Warren Drive, Lakewood, CO 80227, will testify about the actions of the Sheriff's Department employees, and the emotional distress she experienced as a result of those actions, will testify in person.

2. Kolby Martin – 2567 Stage Stop Road, Jefferson, CO, (303) 249- 4778, will testify regarding conversations with Sgt. Brown and Welles Tonjes regarding plaintiff, and plaintiff's emotional distress, will testify in person.

3. Colleen Dalrymple – P.O. Box 421, Como, CO (719) 836-9086, will testify to the events of August 11, 2011 at the Como Fire Station, will testify in person.

4. Katharine Adam - 10599 W. Warren Dr., Lakewood, CO 80227, (303) 988-6701, will testify to the emotional distress experienced by plaintiff, will testify in person.

5. Cindy Gharst – employed by Defendant, address and phone unknown,

will testify to her actions in connection with plaintiff's complaint about John Tighe, and policies and procedures of the County, will testify in person.

6. Welles Tonjes – employed by Defendant, address and phone unknown, will testify to the events surrounding plaintiff's complaint about John Tighe, her complaints about Kelley Reynolds, the events of August 11, 2011 at the Como Fire Station, his actions concerning plaintiff's light duty assignment, will testify in person.

7. Michael Brown - 697 Tapedero Road, Hartsel, CO, will testify to events in the aftermath of plaintiff's complaint about Kelley Reynolds including his investigation, and plaintiff's complaint about John Tighe, the events of August 11, 2011 at the Como Fire Station, will testify in person.

8. Mark Hancock– employed by Defendant, address and phone unknown, will testify to plaintiff's complaint about Kelley Reynolds, her complaint about Sgt. Hardey's treatment of her, will testify in person.

9. Sarah Kimsey– employed by Defendant, address and phone unknown, will testify to her knowledge about the Sheriff's light duty work program, will testify in person.

10. Fred Wegener – Defendant, address and phone unknown, will testify to the actions taken in response to plaintiff's complaints, including her EEOC charge, and plaintiff's working light duty and her request for donated time, will testify in person.

Defendant: Defendant's witness list is attached as Exhibit A.

(2) witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:

1. Brad Stubbs - Medical Provider- 445 Union Blvd, Lakewood, CO 80228, (303) 900-7016, provided medical services to plaintiff as a result of Defendant's unlawful actions, if called will testify in person.

2. Dr. Randolph Pock - Medical Provider- 155 S. Madison St. Ste 301, Denver, CO 80209, (303) 322-0313, provided medical services to plaintiff as a result of Defendant's unlawful actions. if called will testify in person.

3. Melissa Carrigan - 86 Bobcat Trail, Bailey, CO 80421, Works at Platte Canyon High School, witnessed some of the Defendant's unlawful actions, if called will testify in person.

4. Brenda Green – employed by the Park County Sheriff's Office, address unknown, witnessed some of the retaliation towards the plaintiff by the Defendant, if called will testify in person.

5. Robin Bode – employed by the Park County Sheriff's Office, witnessed some of the retaliation towards the plaintiff and her husband by the Defendant as part of the unlawful actions, if called will testify in person.

6. Douglas Adam - Plaintiff's father- 10599 W. Warren Dr., Lakewood, CO 80227, (303) 988-6701, has knowledge of some of the events complained of by plaintiff as well as the damages plaintiff has suffered as a result of Defendant's unlawful actions, if called will testify in person.

7. Yoshi Goto - 81 Silversprings Road, Bailey CO 80421, (303) 241-7848, witnessed some of the Defendant's unlawful actions, if called will testify in person.

      Defendant:

      and

(3)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

      Plaintiff:    None.

      Defendant:

b.    List the expert witnesses to be called by each party.  List separately:

(1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:    None.

Defendant:

(2)    witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

Plaintiff:    None

Defendant:

and

(4)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

      Plaintiff:    None.

      Defendant:  None.

## 7. EXHIBITS

    (1)    Plaintiff:

1. Letter of Complaint dated 11-25-2009, County 000099-000104

2. Park County Sheriff's Office Policy and Procedure Manual #316, County 001632-001637

3. Park County Sheriff's Office Policy and Procedure Manual #318, County 001641-001644

4. Park County Sheriff's Office Policy and Procedure Manual #319, County 001645-001649

5. Park County Sheriff's Office Policy and Procedure Manual #320, County 001650-001654

6. Memorandum dated 10-31-2010, County 000305

7. Memo from Abby Adam to Captain Hancock dated 12-11-2010, P-000889-000893

8. Memo from Sgt. Hardey to Abby Adam dated 12-11-2010, P-000411

9. Memo from Abby Adam to Sgt. Brown, Sgt. Hardey, dated 12-11-2010, P-000412-000416

10. Memo from Abby Adam to Captain Hancock dated 12-12-2010, P-000417

11. Memorandum dated 5-10-2011 from Abby Adam to Monte Gore, County 000114-000116

12. Memo from Abby Martin to Captain Hancock dated 5-10-2011, P-000422

13. Investigation Report, County 000105-000110

14. Memo to File from Cindy Gharst dated 5-16-2011, County 000868-000869

15. Memo to Abby Adam from Cindy Gharst dated 6-8-2011, County 000118-000119

16. County Non-Discrimination/Harassment Policy, Count 000111-000113

17. Memo to John Tighe from Cindy Gharst dated 6-8-2011, County 000853-000854

18. Dare Cheers, County 00082-000875

19. Sexual Harassment in the Workplace Training, P-000429-000442

20. CTSI certificate of completion of sexual harassment training, P-000428

21. Sign-in sheets for sexual harassment training, County 002103-002106

22. E-mail chain dated August 18, 2011, P-000459

23. Rocky Mountain Spine Clinic note dated 9-8-2011, P-000443

24. Rocky Mountain Spine Clinic note dated 9-22-2011, County 000251

25. Memo to Abby Adam from Welles Tonjes dated 9-22-2011, P-000445

26. Letter from Darold Kilmer to Sheriff Wegener, Capt. Hancock, and Cindy Gharst dated 10-13-2011, County 000252-000253

27. Memo from Abby Martin to Lt. Bonnelycke dated 11-2-2011, P-000446

28. e-mail string from Abby Adam dated 11-7-2011, 11-8-2011, 11-9-2011, County 000246

29. Rocky Mountain Spine Clinic form dated 11-7-2011, County 000120

30. Letter from Sheriff Wegener to Abby Martin dated 11-16-2011, P-000447

31. E-mail chain December 1, 2011, P-000461-000462

32. Rocky Mountain Spine Clinic note dated 12-1-2011, P-000464

33. Letter from Sheriff Wegener to Abby Martin dated 12-6-2011, Dep. Ex. 22.

34. Job posting for Deputy Sheriff dated 12-7-2011, P-000451-000452, County 002107-002108

35. Letter from Darold Kilmer to Herbert Phillips dated 1-6-2012 and charge of discrimination, County 000136-000142

36. Letter from Sheriff Wegener to Abby Martin dated 1-17-2012, County 000164

37. Recording of meeting with Abby Martin and Captain Hancock, Transcript of recording

38. Plaintiff's W-2s for 2012, P-000371-000373

39. Plaintiff's W-s for 2013, P-000561

40. Job search documents, P-000001-000014, P-000063-000275

41. All exhibits identified by Defendant

(2) Defendant: Defendant's Exhibit list is attached as Exhibit B.

(3) Other parties:

None.

b. Copies of listed exhibits must be provided to opposing counsel and any *pro se*

party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Discovery was completed on February 20, 2014.

## 9. SPECIAL ISSUES

1. N/A

## 10. SETTLEMENT

a. The parties engaged in informal settlement discussions by telephone.

b. No formal settlement conference has occurred.

c. No offers of settlement have been made.

d. Counsel for the parties do not intend to hold future settlement conferences.

e. It appears from the discussion by all counsel that there is little possibility of settlement.

f. Counsel for the parties considered ADR in accordance with D.C.COLO.R.Civ.R. 16.6

## 11. OFFER OF JUDGMENT

Counsel acknowledges familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel has discussed it with the clients against whom claims are made in this case.  To date, no statutory offers of settlement have been made.

## 12. **EFFECT OF FINAL PRETRIAL ORDER**

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the Court or by order of the Court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pre-trial conference to the extent reported by stenographic notes and to the pleadings.

## 13. **TRIAL AND ESTIMATED TRIAL TIME;  FURTHER TRIAL PREPARATION PROCEEDINGS**

1. This is a jury trial.

2. Estimated trial time – 5 days.

3. United States District Court, District of Colorado, Alfred A. Arraj United States Courthouse, Courtroom A601 (6th Floor), 901 19th Street, Denver, CO 80294.

4. There are no other orders pertinent to the trial proceedings.

DATED this ____ day of _____, 2014.

BY THE COURT:

_____
United States Magistrate Judge

...

Case 1:13-cv-00884-PAB-KMT   Document 57   Filed 05/27/14   USDC Colorado   Page 14 of 14