IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, CO

    Defendant.

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF YOSHI GOTO

    Defendant Fred Wegener, by and through counsel, Wells, Anderson & Race, LLC hereby submits his Motion in Limine to Exclude Testimony of Yoshi Goto as follows:

    Plaintiff Abby Martin has brought a claim of retaliation arising out of her employment with the Park County Sheriff's Office ("PCSO"). Plaintiff has disclosed a former co-worker of hers at the PCSO, Mr. Yoshi Goto, as someone who "witnessed some of Defendant's unlawful actions." Defendant seeks to exclude his testimony at trial because despite diligent attempts, Defendant's attorneys have been unable to serve him for his deposition. Plaintiff's counsel has indicated that if he can locate and connect with Mr. Goto, he may call him as a witness. Should Mr. Goto suddenly be available to testify at trial, after evading service for his deposition for nearly a year, Defendant would be prejudiced by the inability to depose him.

    F.R.E. 403 permits the Court to exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. The trial court has broad discretion "to

1

determine whether prejudice inherent in otherwise relevant evidence outweighs its probative value." *United States v. Poole*, 929 F.2d 1476, 1482 (10th Cir. 1991).

Here, Mr. Goto's testimony is substantially outweighed by the danger of unfair prejudice to Defendant because his attorneys have been unable to depose Mr. Goto, and they will not have the opportunity to prepare to cross-examine him at trial.

Plaintiff provided Mr. Goto's address as 81 Silversprings Road, Bailey, CO 80421. Plaintiff's counsel has indicated that Mr. Goto travels frequently for his job. Defendant's attorneys have attempted to depose Mr. Goto on four separate occasions: December 19, 2013, January 10, 2014, February 19, 2014, and August 20, 2014. *See* Subpoenas, attached as **Ex. 1**.

Initially, in November 2013, Plaintiff's counsel agreed to forward a waiver of service to Mr. Goto for his signature for his deposition on December 19, 2013. However, Plaintiff's counsel was unable to reach Mr. Goto. *See* Email Exchanges, attached as **Ex. 2**.

Defendant then scheduled Mr. Goto's deposition for January 10, 2014, and provided a process server with the subpoena. The process server made three attempts to serve Mr. Goto at his home, but none were successful. The server noted that the absence of any footprints in the snow in his driveway suggested that he was out of town. *See* January 7, 2014, Process Server email, attached as **Ex. 3**[1].

Defendant rescheduled Mr. Goto's deposition for February 19, 2014. Again, the process server made three attempts at service with no success. The process server also checked the plates on the vehicle in the driveway and confirmed that they belonged to Mr. Goto. The process server

---

[1] The redacted portion of Ex. 3 pertains to service of a different witness in a different lawsuit.

attempted service again on January 27 and February 10, 2014, with the same results. *See* January/February 2014 Process Server emails, attached as **Ex. 4**.

In July 2014, Defendant learned from PSCO employees that Mr. Goto was in town and scheduled his deposition for August 20, 2014. Again, the process server made three attempts to serve Mr. Goto, to no avail. *See* August 11, 2014 Process Server email, attached as **Ex. 5**.

Should Mr. Goto suddenly appear for trial, his testimony should be stricken as any probative value is substantially outweighed by prejudice. Defendant has diligently attempted to serve Mr. Goto and neither he nor his attorneys are to blame for not deposing him. Throughout discovery, Defendant has learned that prior to and after resigning from the PSCO, Plaintiff communicated with Mr. Goto regarding her lawsuit. Plaintiff produced voluminous text messages between herself and Mr. Goto regarding her lawsuit and her allegations. Some of Plaintiff's allegations are based solely on comments or actions that Mr. Goto relayed to Plaintiff[2]. Defendant can anticipate generally Mr. Goto's testimony, but has no way of knowing each and every allegation that Mr. Goto may make against Defendant and therefore cannot prepare for his cross-examination.

Moreover, the fact that Mr. Goto may not have been under Plaintiff's control is irrelevant. Mr. Goto's sudden availability after nearly a year of successfully avoiding his deposition would suggest that he was avoiding service, either on his own accord or at someone else's direction. Permitting such testimony would prejudice Defendant. *See e.g Stringer v. City of San Pablo*, 2009 WL 5215396, *2 (N.D. Cal. 2009) (excluding testimony of plaintiff's witnesses who failed to appear for their depositions, even where defendants did not follow up

---

[2] One such allegation is a statement made by Captain Mark Hancock to Mr. Goto, which is the subject of a separate motion in limine.

3

with later attempts to serve them and where witnesses provided written statements); *Vu v. Fouts*, 924 P.2d 1129, 1130 (Colo. App. 1996)(upholding trial court's exclusion of evidence of witnesses who failed to appear for depositions, even where witnesses were not within opposing party's control).

WHEREFORE, Defendant respectfully requests that the Court grant its Motion to Exclude Testimony of Yoshi Goto.

Dated this 10th day of October, 2014.

Respectfully submitted,

*S/ Kristin Anderson George*
Cathy Havener Greer
Kristin Anderson George
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
T: 303-820-1212
Email: cgreer@warllc.com; kageorge@warllc.com
**ATTORNEYS FOR THE DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2014, a true and correct copy of the above and foregoing **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF YOSHI GOTO** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Ralph E. Lamar, Esq.
Email: ralphlamar@ymail.com

F. J. "Rick" Dindinger, II, Esq.
Email: frederick@dindingerlaw.com

*S/ Barbara McCall*
Barbara McCall
Email: bmccall@warllc.com

5