IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, CO,

    Defendant.

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATEMENT OF MARK HANCOCK

Defendant Fred Wegener, by and through counsel, Wells, Anderson & Race, LLC hereby submits his Motion in Limine to Exclude Statement of Mark Hancock as follows:

### BACKGROUND

Plaintiff Abby Martin has brought a claim of retaliation arising out of her employment with the Park County Sheriff's Office ("PCSO").  Plaintiff began serving as a reserve deputy with the PCSO on or about June 30, 2009, and became a full time deputy on November 2, 2009. Plaintiff resigned on January 6, 2012, alleging that she was constructively discharged and filed a Charge of Discrimination January 3, 2012.

Plaintiff gave birth to a daughter on May 10, 2013. Plaintiff Dep., attached as Ex. 1, P. 7 L.14-17. At the time, Plaintiff was married to Kolby Martin, whom she met while working for the PSCO.

1

In her deposition, Plaintiff alleged that a month or two after her child was born, in summer 2013, a former co-worker, Yoshi Goto,[1] told her that PSCO Captain Mark Hancock made a comment to him that her "baby wasn't Kolbys" Plaintiff Dep. P. 112 L. 9 – P. 113 L. 6; P. 7 L. 14-15.  Captain Hancock admitted making a statement about the paternity of Plaintiff's baby as a joke and acknowledged it was in poor tasted. Hancock Dep., attached as Ex. 2, P. 53 L. 20 – P. 54 L. 6.

Defendant seeks to exclude evidence of this statement on the grounds that it is not relevant and any purported relevance would be substantially outweighed by the danger of unfair prejudice.

## ARGUMENT

F.R.E 401 defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would have been without the evidence; and is of consequence in determining the action." Even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." F.R.E. 403.

The statement by Hancock to Goto does not make any fact at issue in the case more or less probable, nor will it be of consequence in determining the action. Plaintiff alleges two protected activities: complaints she made of gender discrimination in November 2009 and in

---

[1] Mr. Goto is the subject of a separate Motion in Limine to prohibit him from testifying.  Plaintiff identified Mr. Goto as a witness but advised that she was unable to produce him as a witness for deposition or provide contact information for him and Defendant's repeated attempt to have him served were unsuccessful.

May 2011. She claims that in retaliation for one or both of these complaints, Defendant created a hostile work environment, resulting in her constructive discharge in January 2012.

The statement is not relevant because it occurred more than two years after her May 2011 complaint, three and a half years after her first complaint, and one and a half years after her resignation. Defendant acknowledges, and Plaintiff will no doubt point out, that *Robinson v. Shell Oil Company*, 519 U.S. 337 (1997) prevent retaliation against former employees in limited circumstances.

However, *Robinson* did not change the fundamental requirement in a retaliation claim that a plaintiff must demonstrate a causal connection between a protected activity and the alleged adverse action. Unless there is "very close temporal proximity" between the protected activity and the retaliatory action, plaintiff must offer additional evidence to establish a causal connection. *O'Neal v. Ferguson Constr. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001). It is well established that even several months is too long to create a nexus. Certainly, two years is too long. *See Hysten v. Burlington N. & Santa Fe Ry. Co.*, 296 F.3d 1177, 1184 10th Cir. 2002) (three month gap between protected activity and alleged retaliatory action too long to infer causation); *Connor v. Schnuck Markets, Inc.*, 121 F.3d 1390 (10th Cir. 1997) (four month period between protected activity and alleged retaliatory action, without more, insufficient to support inference of causation).

Whether Plaintiff was a current or former employee, the statement is far too attenuated in time from any protected activity to be relevant to her claim of retaliation and she cannot offer other evidence suggesting a causal connection. Courts have consistently rejected plaintiffs'

attempts to expand *Robinson* and allow recovery for incidents occurring well beyond the conclusion of the employment relationship.

In *Allen v. Radio One of Texas*, 515 Fed. Appx. 295 (5th Cir. 2013), the plaintiff that her former employer retaliated against her when, over a year after filing her EEOC charge and eighteen months after her termination, it refused to do business with her new company. The court granted summary judgment on causation, acknowledging *Robinson*, but explaining, "the remoteness in time between the protected act (EEOC charge) and the employer action (refusing to do business) . . . confirms its novelty in comparison . . . Allen was fired 18 months before the claimed retaliatory action, and filed her EEOC charge nearly a year before such action. An employer's decision not to do business with a former employee under these attenuated circumstances does not violate Title VII's anti-retaliation provision; the contrary conclusion would constitute an impermissible extension of Title VII's protections." *Id*. at 302.

As in *Allen*, Hancock's comment, eighteen months after her termination and over two years after the most recent protected activity, is far too attenuated in time for Plaintiff to prove a causation connection between the two events. *See also Hopkins v. Elizabeth Board of Education*, 2005 WL 1899333 (D.N.J. 2005)(plaintiff could not establish prima facie case of discrimination where, one year after end of employment, former employer allegedly delayed processing of paperwork he needed for new position; passage of time too long to establish causation).

Moreover, unlike *Robinson* (in which plaintiff alleged that his former employer gave him a negative reference to a prospective employer), the comment made by Hancock was not made in the context of the employment relationship nor had anything to do with her employment. As

4

*Hopkins* pointed out, "Plaintiff's claims fall outside the ambit of Title VII because of the change in the nature of Plaintiff and Defendant's relationship (no longer employer/employee)."

Further, there is no evidence that Hancock or Defendant intended to cause harm to Plaintiff. Had Goto not related the comment to Plaintiff, she never would have learned of it and there is no evidence that Hancock intended for the comment to be repeated. Title VII prevents <u>intentional</u> discrimination. Plaintiff cannot recover for damages not caused by Defendant. *See e.g. Moreno-Nicholas v. City of Indianapolis*, 2000WL 1707970 (S.D. Ind. 2000) ("allowing a former employee to proceed with a post-employment retaliation claim without evidence that the challenged conduct actually caused any harm would turn the policy behind *Robinson* on its head. Such an approach would provide remedies to former employees in situations where current employees would have none"). *Id*. at *6. Title VII was not enacted in order to prevent employers from making negative comments about former employees in the privacy of their own workplace, lest the former employee find out and feel insulted. There is simply no relevance to this statement.

The statement should also be excluded under F.R.E. 403 because any probative value is substantially outweighed by prejudice. Suggesting that a woman's husband is not the father of her child is highly offensive. While the statement has nothing to do with the claims alleged, it is likely to incite sympathy in the jurors, and may sway their opinion. The statement was unquestionably in bad taste. However, it was made to a co-worker in the workplace, eighteen months after Plaintiff's resignation. As noted in *Lin v. Rohm and Haas Company*, 301 F. Supp.2d 403, 405)(E.D. Penn. 2004("Title VII proscribes retaliatory post-employment conduct that relates to an employment relationship, not 'conduct in general which the former employee finds

5

objectionable'"), citing *Nelson v. Upscala College*, 51 F.3d 383, 388 (3rd Cir. 1995). This is just the "objectionable" conduct that is unrelated to the employment relationship and for which Title VII does not provide recovery.

Hancock's statement should be excluded under F.R.E. 401 and 403.

WHEREFORE, Defendant respectfully requests that the Court grant its Motion to Exclude Statement of Mark Hancock.

Dated this 10th day of October, 2014.

    Respectfully submitted,


*S/ Kristin Anderson George*
Cathy Havener Greer
Kristin Anderson George
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
T: 303-820-1212
Email: cgreer@warllc.com; kageorge@warllc.com
**ATTORNEYS FOR THE DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2014, a true and correct copy of the above and foregoing **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATEMENT OF MARK HANCOCK** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Ralph E. Lamar, Esq.
Email: ralphlamar@ymail.com

F. J. "Rick" Dindinger, II, Esq.
Email: frederick@dindingerlaw.com

*S/ Barbara McCall*
Barbara McCall
Email: bmccall@warllc.com