INSTRUCTION NO.  1

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection.  Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during the trial.

The party who brings a lawsuit is called the plaintiff.  In this action, the Plaintiff is Abby Martin.  The party against whom the suit is brought is called the Defendant.  In this action, the Defendant is Fred Wegener, in his official capacity as Sheriff of Park County, Colorado.

In this case, Plaintiff Abby Martin brings one claim as follows:

Retaliation in violation of Title VII for complaints of gender discrimination.

Sheriff Wegener denies that he or his office retaliated against Ms. Martin in any manner and states that he addressed any complaints that Ms. Martin made.

These are the issues you are to determine but are not evidence in the case.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial, and, before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the manner in which you should determine the credibility or "believability" of each witness and the weight to be given to his testimony.  During the trial, however, you should keep an

open mind and should not form or express any opinion about the case one way or the other until you have heard all the testimony, evidence, and closing arguments of the lawyers and my instructions to you on the applicable law.

While the trial is in progress, you may discuss the evidence, but only among yourselves and only in the jury room when all of you are present.

You must not, individually or as a group, form final opinions about any fact or about the outcome of this case until after you have heard and considered all of the evidence, the closing arguments, and the rest of the instructions I will give you on the law. Keep an open mind during the trial. Form your final opinions only after you have discussed this case as a group in the jury room at the end of the trial.

Do not talk with anyone else about this case, including your family and friends, the parties, their attorneys, the witnesses, representatives of the media, or court staff, until the trial is over and you have been formally discharged by the Court.

You should avoid reading any newspaper articles, or anything on the internet, that might be published about the case, and should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial, I may be called upon to make ruling of law on objections or motions made by the lawyers. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And, if I sustain an objection to a question that

goes unanswered by the witness, you should not draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the Court alone.  On some occasions, you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine, and you should be patient, even though the case may seem to go slowly.

Authority:

Opening Instructions - Devitt, Blackmar and Wolff, § 70.01.

INSTRUCTION NO. 2

The case will proceed in the following order:

First, Plaintiff Abby Martin may make an opening statement outlining her case. Defendant Wegener may also make an opening statement outlining his case immediately after Plaintiff's statement, or Defendant may defer making his opening statement until the conclusion of Plaintiff's case. Neither party is required to make an opening statement. What is said in opening statement is not evidence, but is simply designed to provide you with an introduction as to the evidence that the party making the statement intends to produce.

Second, Plaintiff Abby Martin will introduce evidence in support of her claim. At the conclusion of Plaintiff's case, Sheriff Wegener may introduce evidence. Sheriff Wegener, however, is not obliged to introduce any evidence or to call any witnesses. If Sheriff Wegener introduces evidence, Ms. Martin may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider that the evidence has shown, and as to the inferences they contend you should draw from the evidence. What is said in closing argument, just as what is said in opening statement, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. Ms. Martin, as the Plaintiff, has the right to open and to close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.

Authority:

Order of Trial - Devitt, Blackmar and Wolff, § 70.02.

INSTRUCTION NO. 3

The evidence in the case will consist of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts that may have been judicially noticed, and which I instruct you to take as true for the purposes of the case.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.  When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The Court may take judicial notice of certain facts or events.  When the Court declares that it will take judicial notice of some fact or event, you must accept that fact or event as true.

Any evidence as to which an objection is sustained by the Court, and any evidence ordered stricken by the Court must be entirely disregarded.  Anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

You are to consider only the evidence in the case.  But, in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You are

permitted to draw, from the facts that you find have been proved, such reasonable inferences as you feel are justified, in the light of your experience.

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You may review your notes that you may have taken during the course of the trial to refresh your recollection of the evidence.  You will not have a written transcript to consult, and it is difficult and time-consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

<u>Authority:</u>

Evidence in the Case-Devitt, Blackmar and Wolff, § 70.03.

INSTRUCTION NO. 4

You will not be required to remain together while the court is in recess.  It is important that you obey the following instructions with reference to the recesses of the court:

*First:* While the trial is in progress, you may discuss the evidence, but only among yourselves and only in the jury room when all of you are present.  You must not, individually or as a group, form final opinions about any fact or about the outcome of this case until after you have heard and considered all of the evidence, the closing arguments, and the rest of the instructions I will give you on the law.  In fairness to the parties to this lawsuit, you should keep an open mind throughout the trial. Form your final opinions only after you have discussed this case as a group in the jury room at the end of the trial.

*Second:* Do not permit any person to discuss the case in your presence, and, if anyone does so, despite your telling him not to, report that fact to the Court as soon as you are able.  You should not, however, discuss with your fellow jurors either that fact or any other fact that you feel necessary to bring to the attention of the court.

*Third:* Though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not, during the time you serve on this jury, converse, whether in or out of the courtroom, with any of the parties or their attorneys or any witness.  By this I mean, not only do you not converse about the case, but do not converse at all, even to pass the time of day.  In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

*Fourth:* Do not read about the case in the newspapers, on the internet, or listen to radio or television broadcasts about the trial.  If a newspaper headline catches your eye, do not examine the article further.  Media accounts may be inaccurate and may contain matters which are not proper evidence of your consideration.  You must base your verdict solely on what is brought out in court.

*Fifth:* Do not do any research or make any investigation about the case on your own.

*Sixth:* Do not make up your mind about what the verdict should be until after you have one to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Authority:

Admonition Prior to Court's Recess - Devitt, Blackmar and Wolff § 70.15; CJI-Civ 1:4. § 70.15.

INSTRUCTION NO. 5

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any part. The law does not permit you to be controlled by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Authority:

Federal Jury Practice and Instructions, § 103.01.

INSTRUCTION NO. 6
STIPULATED FACTS

I will instruct you as to a number of facts to which the parties have agreed or stipulated. The parties' stipulation makes the presentation of any evidence to prove these facts unnecessary. You must accept these facts as true:

1. Jurisdiction and venue are proper in this Court.

2. Abby Martin is a female citizen of the United States and was at all times relevant a resident of the State of Colorado.

3. Ms. Martin began working as a reserve deputy for the Park County Sheriff's Office on or about June 30, 2009.

4. Ms. Martin became a full time deputy on November 2, 2009.

5. Corporal Kelley Reynolds was initially assigned as Ms. Martin's field training officer ("FTO").

6. In or about March 2011, Ms. Martin began serving as a School Resources Officer ("SRO").

7. On May 10, 2011, Ms. Martin asked to be removed from the School Resource Officer position back to patrol deputy at the end of school year on May 20, 2011.

8. On July 1, 2011, Ms. Martin underwent back surgery for an off-duty back injury.

9. On October 18, 2011, Ms. Martin underwent a second back surgery.

10. Ms. Martin's employment with the Park County Sherriff's Office ended on January 6, 2012, when she tendered her resignation.

Authority:

Final Pretrial Order (Dkt. 61)

INSTRUCTION NO. 7
BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

Plaintiff Abby Martin has the burden in a civil action, such as this, to prove every essential element of her claims by a preponderance of the evidence.  If Ms. Martin has failed to establish any essential element of a claim by a preponderance of the evidence, you should find for Sheriff Wegener as to that claim.

Sheriff Wegener, as the Defendant, has the burden in this civil action to prove every element of any affirmative defense that he raises by a preponderance of the evidence.  If Sheriff Wegener has failed to establish any essential element of his affirmative defense by a preponderance of the evidence, you should find for Abby Martin as to that defense.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  The standard does not require proof to an absolute certainty, because proof to be an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless instructed otherwise, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Authority:

Federal Jury Practice and Instructions, § 104.01.

11

INSTRUCTION NO. 8
TYPES OF EVIDENCE

Generally speaking, there are two types of evidence that are presented during a trial—direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a claim of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

Authority:

Federal Jury Practice and Instructions, § 104.05.

INSTRUCTION NO. 9
DIRECT EVIDENCE NOT REQUIRED

You are to consider the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Authority:

Federal Jury Practice and Instructions, § 104.20.

INSTRUCTION NO. 10
NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a large number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses, or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

Authority:

Federal Jury Practice and Instructions, § 104.54.

INSTRUCTION NO. 11
CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind and demeanor or manner while testifying.

Consider the witness' ability to observe the matters to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies and discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you should give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

Authority:

Federal Jury Practice and Instructions, § 105.01.

INSTRUCTION NO. 12
IMPEACHMENT OF WITNESSES

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all of the testimony of that witness or give it such credibility as you think it deserves.

An act or omission is "knowingly" done, or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Authority:

Federal Jury Practice and Instructions, § 105.04.

INSTRUCTION NO. 13
DEPOSITION TESTIMONY

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case.  The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as is possible, in the same way as if the witness had been present, and had testified from the witness stand.

Authority:

Depositions — Use as Evidence -Devitt, Blackmar and Wolff, § 73.02.

INSTRUCTION NO. 14
RETALIATION — STATUTE INVOLVED

Abby Martin claims that Sheriff Wegener retaliated against her in violation of a federal statute called Title VII.  The purpose of Title VII is to protect the rights of individuals to be free from workplace discrimination and harassment based on gender. The anti-retaliation protection in Title VII provides that it is unlawful for an employer to retaliate against an individual because she in good faith opposed what she believed were discriminatory or retaliatory employment practices or because she has made a charge, testified, assisted or participated in any manner in any investigation, proceeding or hearing governed by Title VII.

**Authority:**

42 U.S.C. § 2000e-3(a) (Title VII); 42 U.S.C. § 12203(a) (ADA); 29 U.S.C. § 634(d) (ADEA); Roberts v. Roadway Express, 149 F.3d 1098, 1103 & n.1 (10th Cir. 1998) (§ 1981).

INSTRUCTION NO. 15
RETALIATION--ELEMENTS

Title VII makes it unlawful for an employer to retaliate against a person because that person has engaged in a protected activity under those statutes.

To establish a claim of retaliation, Plaintiff Martin must prove:

1.      That she engaged in the protected activity of complaining about gender discrimination and/or about retaliation;

2.      Defendant took an action that a reasonable employee would have found to be materially adverse; and

3.      Defendant would not have taken the challenged employment decision but for the plaintiff's protected activity.

If you find that Martin has proved each of these elements by a preponderance of the evidence, then you must find for Ms. Martin and against Sheriff Wegener on this claim.  If, on the other hand, you find that Ms. Martin has failed to prove any one or more of these elements by a preponderance of the evidence, then you must find against her on this claim and in favor of Sheriff Wegener.

Authority:

Faculty of Federal Advocates Model Employment Law Jury Instructions (Nov. 1, 2013). 42 U.S.C. § 2000e-3 (Title VII). *See also Burlington Ne. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) *Gunnel v. Utah Valley State College*, 152 F.3d 1253, 1262-63 (10th Cir. 1998); *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1381 (10th Cir. 1994).

**Notes on Use:**

Whether a Plaintiff's actions constitute protected activities under the various civil rights statutes and whether Plaintiff suffered an adverse action are legal questions for the Court. *Kelley v. City of Albuquerque*, 542 F.3d 802, 821 (10th Cir. 2008) (protected activity is legal question); *Morales- Vallellanes v. Potter, et al.*, 605 F.3d 27, 33 (1st Cir. 2010) (adverse action is legal question); *Gerhart v. Boyerton Area School Dist.*, 2002 WL 31999365 (E.D. Pa. March 4, 2002) (adverse action is legal question); *Broderick v. Donaldson*, 338 F. Supp. 2d 30, 41 (D.D.C. 2004) (protected activity is legal question); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 606 F. Supp. 2d 427, 443 (S.D.N.Y. 2009) (protected activity and adverse action are legal questions). Therefore, in most

cases, the Court will not instruct the jury regarding elements (1) and (2), although it may inform the jury of its findings on those issues. The jury may be instructed on elements (1) and (2) where the factual basis for those requirements is in dispute, such as where an employer denies that an employee opposed allegedly discriminatory practices. In the usual case, however, where elements (1) and (2) are not in dispute, element (3) in this proposed instruction is the only instruction that should be given.

**Authority:**

The "but for" causation standard adopted for ADEA claims in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) is also applicable to retaliation claims under Title VII. See *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 57 U.S. __, 2013.

INSTRUCTION NO. 16
PROTECTED ACTIVITIES

Protected activities include opposing a practice made unlawful by Title VII, such as expressing a reasonable good faith belief that the employer has engaged in a discriminatory practice.

In this case, Plaintiff Martin asserts that she engaged in the following protected activities:

Expressing complaints of gender discrimination and retaliation.

Ms. Martin made a complaint about Kelley Reynolds in November of 2009.  She also filed a written complaint about John Tighe in May 2011.  Because there is no dispute about whether these complaints were made the Court has determined that Ms. Martin met this requirement of engaging in protected activity.

Ms. Martin also alleges that on several occasions she verbally complained of retaliation during the course of her employment with the sheriff's office.  These complaints are disputed by the sheriff.  Therefore in order to prove that she engaged in protected activity on those occasions Ms. Martin has to prove that she made those complaints.

Authority:

Faculty of Federal Advocates Model Employment Law Jury Instructions (Nov. 1, 2005). 42 U.S.C. § 2000e-3(a) (Title VII). *See also Shinwari v. Raytheon Aircraft Co.*, 215 F.3d 1337, 2000 U.S. App. LEXIS 12816, *15 (10th Cir. June 8, 2000), *overruled on other grounds*; *Crumpacker v. Kan. Dept. of Human Resources*, 338 F.3d 1163, 1171 (10th Cir. 2003) (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001)); *Archuleta v. Colorado Department of Institutions*, 936 F.2d 483, 487 (10th Cir. 1991); *Love v. Re/Max*, 738 F.2d 383, 385 (10th Cir. 1984).

INSTRUCTION NO. 17
GOOD FAITH BELIEF

Plaintiff Martin's activity in opposing a practice she believed is unlawful under Title VII, or of complaining about such practices is protected activity even though it is based on a mistaken but reasonable good faith belief that Title VII has been violated.

Authority:

Faculty of Federal Advocates Model Employment Law Jury Instructions (Nov. 1, 2013). *Crumpacker v. Kansas Dept. of Human Resources*, 338 F.3d 1163, 1171-72 (10th Cir. Feb. 1, 2003) (citing *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 269 (2001)).

INSTRUCTION NO. 18
MATERIALLY ADVERSE ACTION

A "materially adverse" action is any action by the employer that is likely to discourage a

reasonable worker in the Plaintiff's position from exercising her rights under Title VII.

Authority:

*Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 141 L. Ed. 2d 633, 118 S.Ct. 2257, 2268 (1998) (conduct is adverse employment action if it "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits"); *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1279-80 (10th Cir. 2010) (holding that Plaintiff suffered an adverse employment action where reassignment led to decrease in benefits and a loss of professional prestige, even though it was not a demotion); *Medina v. Income Support Division,* 413 F.3d 1131, 1137 (10th Cir. 2005) (disciplinary actions short of termination can be considered adverse employment actions if they increase the likelihood that the employee will be terminated or otherwise affect the employee's future employment prospects.); *Hillig v. Rumsfeld,* 381 F.3d 1028, 1032-33 (10th Cir. 2004) (finding of adverse employment action where negative references would seriously harm future employment prospects); *Stinnett v. Safeway*, 337 F.3d 1213, 1217 (10th Cir. 2003) (finding transfer to be an adverse employment action because even where Plaintiff "maintained her wage level, seniority, and title… there is evidence that the reassignment resulted in a de facto reduction in responsibility and required a lesser degree of skill); *Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1104 (10th Cir. 1998) (evidence that employer had "'papered' [Plaintiff's] file with negative reports including two written reprimands…are the kinds of serious employment consequences that adversely affected or undermined [Plaintiff's] position, even if he was not discharged, demoted or suspended"); *Jeffries v. State of Kansas, Dept. of Social and Rehabilitation Services,* 147 F.3d 1220, 1231 (10th Cir. 1998) (Plaintiff's allegation that after she complained, her supervisor would not supervise her and issued threats that her contract would not be renewed at end of year was sufficient to raise a genuine factual dispute as to whether she suffered an adverse employment action in retaliation for her complaint); *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1264 (10th. Cir. 1998) (employer may be liable for retaliatory acts of co-workers); *Corneveaux v. CUNA Mut. Ins. Group,* 76 F.3d 1498, 1507 (10th Cir. 1996) (showing of adverse employment action where employee required to "go through several hoops" in order to obtain severance benefits); *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 986 (10th Cir. 1996) (showing of adverse employment action where employer reported Plaintiff of suspected crime thereby creating risk of humiliation and damage to reputation); *Marx v. Schnuck Mkts.*, Inc., 76 F.3d 324, 329 (10th Cir. 1996) (noting that pattern of retaliation began with Plaintiff being "written up"); *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 799 (10th Cir. 1993) (reassignment

may be an adverse employment action when the employee "receives less pay, has less responsibility, or is required to utilize a lesser degree of skill than his previous assignment"), *overruled on other grounds by Buchanan v. Sherrill*, 51 F.3d 227, 229 (10th Cir. 1995).

INSTRUCTION NO. 19
HOSTILE WORK ENVIRONMENT — ELEMENTS

The plaintiff has alleged that she was subjected to a hostile work environment in retaliation for her complaining about gender discrimination in violation of the Title VII of the Civil Rights Act of 1964.  In order to prove her claim of hostile work environment, she must prove each of the following:

1.      The conduct complained of was unwelcome;

2.      The conduct complained of was offensive;

3.      The conduct complained of was directed at the Plaintiff because of her protected activity;

4.      The conduct complained of was sufficiently severe or pervasive to alter the terms and conditions of the Plaintiff's employment by creating an abusive working environment; and

5.      The Defendant knew or should have known about the conduct to which Plaintiff claims she was subjected and failed to implement reasonably prompt and appropriate corrective action.

**Authority:**

29 C.F.R. § 1604.11; Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 81 (1998); Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986); Faragher v. City of Boca Raton, 524 U.S. 775, 788 (1998); Harrison v. Eddy Potash, Inc., 248 F.3d 1014, 1022 (10th Cir. 2001).

INSTRUCTION NO. 20
HOSTILE WORK ENVIRONMENT — DEFINED

In determining whether a work environment is hostile, you may consider some or all of the following factors:

• The nature and severity of the conduct;

• Whether the conduct complained of was humiliating;

• Whether the conduct complained of was repeated or a single incident;

• Whether the conduct complained of was by a co-worker or a supervisor;

• The effect of the conduct on the Plaintiff's mental or emotional state;

• Whether others joined in the conduct;

• Whether the conduct was directed at more than one person;

• The context in which the conduct occurred;

• Whether the conduct was physically threatening or humiliating or a mere offensive utterance.

**Authority:**

Faragher v. City of Boca Raton, 524 U.S. 775, 787-88 (1988); Harris v. Forklift Sys., 510 U.S. 17, 23 (1993); O'Shea v. Yellow Tech. Servs., 185 F.3d 1093, 1097-98 (10th Cir. 1999); Penry v. Fed. Home Loan Bank of Topeka, 1555 F.3d 1257, 1261 (10th Cir. 1998).

INSTRUCTION NO. 21
REASONABLE PERSON — DEFINED

In determining whether a hostile work environment existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard, and you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.

**Authority:**

Harris v. Forklift Sys., 510 U.S. 17, 21-23 (1993); Oncale v. Sundowner Offshore Servs., 523 U.S. 78, 81 (1998); Andrews v. Philadelphia, 895 F.2d 1469, 1483 (3d Cir. 1990) (An "objective standard protects the employer from the 'hypersensitive' employee").

INSTRUCTION NO. 22
UNWELCOME CONDUCT — DEFINED

"Unwelcome conduct" means conduct that was not solicited or encouraged by the

Plaintiff and that was regarded as undesirable by the Plaintiff.

**Authority:**

See Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 68 (1986).

INSTRUCTION NO. 23
COWORKER HARASSMENT

If you find the Plaintiff has proven that she was subjected to retaliatory harassment by her coworkers, you must decide whether the Defendant is responsible for such conduct.

The Defendant is responsible for permitting such behavior if the Plaintiff proves by a preponderance of the evidence that:

1.      Management-level employees knew or should have known of the hostile work environment; and

2.      The Defendant did not adequately respond to the notice of the hostile work environment.

**Authority:**

Adler v. Wal-Mart Stores Inc., 144 F.3d 664, 673 (10th Cir. 1998).

INSTRUCTION NO. 24
CAUSATION

In order to prove that Plaintiff's employer would not have allowed the workplace harassment to occur but for the Plaintiff's protected activity, Plaintiff does not need much to show that her protected activity was a determinative factor in the employment decision. Instead, an employer may be held liable for retaliation even if other factors contributed to the employer making the challenged decision, so long as retaliation was a factor that made a difference.

Plaintiff Martin may establish a causal connection between the protected activity and the adverse action;

1.      By demonstrating direct evidence that retaliation was a determining factor in the employer's decision to take an adverse action, or

2.      By demonstrating circumstances raising an inference that retaliation was a determining factor in the employer's decision to take an adverse action, such as:

(a)      protected conduct closely followed by an adverse action, or

(b)      proof of any employer efforts to conceal alleged retaliatory conduct.

(c)      an employer's pretext with regard to its actions.

Authority:

*University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 57 U.S. __, 2013.  Faculty of Federal Advocates Model Employment Law Jury Instructions (Nov. 1, 2013). *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268 (2001); *Wells v. Colorado Dep't of Transp.*, 325 F.3d 1205, 1218 (10th Cir. 2003); *O'Neal v. Ferguson Construction Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001); *Pastran v. K-Mart Corp.*, 210 F.3d 1201 (10th Cir. 2000); *Burrus v. United Tele. Co.*, 683 F.2d 339, 343 (10th Cir.), *cert. denied*, 459 U.S. 1071 (1982).

INSTRUCTION NO. 25
PRETEXT

The Plaintiff claims that the Defendant's stated reason for its adverse employment action is not the true reason, but instead it is a pretext (an excuse) to cover up for retaliation. If you do not believe one or more of the reasons the Defendant employer offered for its actions or inactions as to the hostile work environment, then you may, but are not required to, infer that retaliation was a factor that made a difference in the Defendant's decision. The Plaintiff need not disprove every reason stated by the Defendant in order to prove pretext.

The Plaintiff may show that the Defendant's stated reasons for its decisions are pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that Defendant's stated reasons are pretext are:

Evidence that any one the of the Defendant's stated reasons for the decisions are false, contradictory, or implausible;

Evidence that the Defendant acted contrary to a written or unwritten company policy or an established company practice; or

Evidence that the Defendant did not uniformly enforce its own rules; or

Evidence that the Defendant otherwise exhibited disturbing procedural irregularities in dealing with Plaintiff; or

The criteria used to evaluate the employee was entirely subjective; or

The harassment is closely related in time to Plaintiff's protected activity.

If you find pretext, you may, but are not required to infer that retaliation was the factor that made a difference in the employer's treatment of Plaintiff.

INSTRUCTION NO. 26
CONSTRUCTIVE DISCHARGE

To prove her claim of constructive discharge, Plaintiff Martin must show that the Sheriff Wegener by his illegal retaliatory acts made or allowed working conditions to become so difficult that a reasonable person in the Plaintiff's position would feel compelled to resign.

Authority:

*Pennsylvania State Police v. Suders*, 542 U.S. 129, 124 S.Ct. 2342, 2350 (2004); *Strickland v. United Parcel Serv., Inc.*, 555 F.3d 1224, 1229-30 (10th Cir. 2009); *Barone v. United Airlines, Inc.*, 355 F. App'x 169, 107 Fair Empl. Prac. Cas. (BNA) 1798 (10th Cir. 2009) (where transfer to a distant state is alternative, court held that situation presented by employer was effectively no choice); *Fischer v. Forestwood Co., Inc.*, 525 F.3d 972, 980-81 (10th Cir. 2008);

*EEOC v. PVNF, LLC*, 487 F.3d 790, 805 (10th Cir. 2007); *Garrett v. Hewlett-Packard Company*, 305 F.3d 1210, 1221 (10th Cir. 2002); *Touchet v. Halliburton Co.*, 78 F.3d 598 (10th Cir. 1996); *Acrey v. American Sheep Industry Ass'n*, 981 F.2d 1569, 1574 (10th Cir. 1992); *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1153 (10th Cir. 1990) (jury could reasonably conclude that the Plaintiff was constructively discharged when he was threatened with termination); *Bragg v. Office of the Dist. Atty.*, 704 F.Supp.2d 1032 (D. Colo. 2009) (basis for constructive discharge claim found where Plaintiff alleged she was subjected to frequent harassing and discriminatory language, persistent sexual advances, and interference in, and disruptions of, her job functions); *Colorado Civil Rights Commission v. State of Colorado,* 488 P.2d 83, 86 (Colo. App. 1971) (a signed statement that a resignation is voluntary does not relieve an employer of liability for constructive discharge if the resignation was in fact involuntary).

INSTRUCTION NO. 27
DAMAGES--GENERAL

I will now instruct you on the proper measure of damages, if any, to be recovered by Plaintiff Martin should you find in her favor on one or more of her claims. The fact that I will instruct you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict. If you should find for the Defendant on all of plaintiff's claims, you should disregard these instructions on damages.

In determining the amount of damages that you decide to award to the Plaintiff Martin, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy or speculation. On the other hand, the law does not require that Martin prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Authority:

Parts taken from 3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, Civil §104.06 (4th ed 1987) (Supp. 1995) and Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit, Instruction No. 5.02 (1993); *Smith v. Wade*,461 U.S. 30 (1983).

INSTRUCTION NO. 28
DAMAGES—LOST PAY

If you determine Sheriff Wegener retaliated against Abby Martin and that she was constructively discharged, then you must determine the amount of back pay damages that Sheriff Wegener's actions have caused Martin.

You may award as actual damages an amount that reasonably compensates Martin for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that Martin would have received had Martin not been retaliated against.

In determining back pay, you must make several calculations:

First, calculate the amount of pay and bonuses that Plaintiff would have earned had she not been constructively discharged from January 6, 2012 until today's date.

Then calculate and add the value of the employee benefits (health, life and dental insurance, vacation leave, etc.) that Plaintiff would have received had she not been constructively discharged on January 6, 2012, until the date of trial.  Then, subtract from this sum the amount of pay and benefits that Plaintiff actually earned from other employment during this time.

Authority:

Federal Employment Jury Instructions, § 1:1260; Model Jury Instructions (Civil) Eighth Circuit §5.02 (1998). 3C Fed. Jury Prac. & Instr. (5th ed.) § 171.91.

INSTRUCTION NO. 29
DAMAGES—COMPENSATORY DAMAGES

If you find for Plaintiff Martin on any of her claims, you should consider whether she is entitled to receive compensatory damages.  These damages are intended to reasonably compensate plaintiff for embarrassment, humiliation, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, damage to reputation, and other non-economic losses.  Compensatory damages may be awarded if you find by a preponderance of the evidence that Plaintiff suffered any of the types of injuries just listed, and that these injuries were caused by Defendant's retaliation against the Plaintiff.

No evidence of monetary value of such intangible things as pain and suffering need be introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements.  Any award you make should be fair in light of the evidence presented at trial.

Authority:

Federal Jury Practice and Instructions, § 172.90.

INSTRUCTION NO. 30
DAMAGES—NOMINAL DAMAGES

If you return a verdict for Plaintiff Martin, but find that the Plaintiff has failed to prove

that she suffered any damages, then you must award the Plaintiff the nominal amount of

$1.00.

Authority:

*See* Model Jury Instructions (Civil) Eighth Circuit § 5.23 (1999); *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1228 (10th Cir. 2001); *Salazaar v. Encinias*, 2000 U.S. App. LEXIS 32022, *7-8 (10th Cir. Dec. 15, 2000).

INSTRUCTION NO. 31
UNANIMOUS VERDICT

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges — judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Authority:

Verdict — Unanimous — Duty to Deliberate - Devitt, Blackmar and Wolff, § 74.01.

INSTRUCTION NO. 32
INSTRUCTIONS REGARDING DELIBERATION

Upon retiring to the jury room, you shall select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and be your spokesperson here in court.  Verdict forms have been prepared for your convenience to take to the jury room.

When you start deliberating, do not talk to anyone about the case except for each other.  You may not use any electronic device or media, such as a cell phone or computer, any internet service, any text or instant messaging, or any other form of communication to confer with anyone about this case or to conduct any research about this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign the paper, and give the paper to the Deputy Clerk.  The Clerk will then give the paper to me, and I will respond as soon as I can.  I may need to talk to the lawyers about what you have asked, so it may take some time to get back to you.  In addition, never write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that a certain number of jurors is is voting one way or another.  Your votes should stay secret until you are finished.

If during deliberations anyone is refusing to follow the law as I have given it to you, you must ask the foreperson to communicate that message to me in writing.

You will note that the verdict forms include interrogatories or questions which call for a "yes" or "no" answer.  The answer to these questions must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided for each response.  As you will note from the wording of the questions, it may not be necessary to consider or answer every question.

When you have completed the verdict form, the foreperson will sign and date the form, which should be brought to the courtroom when you return.  It is your sole and exclusive duty and responsibility to determine the verdict, and it must be unanimous.

Authority: