# INSTRUCTION NO. 1

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony. You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Based on these considerations, you may believe all, part or none of the testimony of a witness.

**Authority:**

CJI-Civ. 3:17 (CLE ed. 2014)

## INSTRUCTION NO. 2

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

**Authority:**

CJI-Civ. 5:1 (CLE ed. 2014)

## INSTRUCTION NO. 3

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

**Authority:**

CJI-Civ. 5:6 (CLE ed. 2014)

# INSTRUCTION NO. 4

The plaintiff, Abby Martin, has sued for damages and losses on one theory of recovery.

The claim for relief on which the plaintiff has sued and on which you will be instructed is:

Retaliation under Title VII of the Civil Rights Act

**Authority:**

CJI-Civ. 6:14 (CLE ed. 2014) (modified)

## INSTRUCTION NO. 5

To establish a claim of retaliation, the Plaintiff must prove that:

1. Abby Martin made a complaint of discriminatory treatment under Title VII of the Civil Rights Act;

2. Sheriff Wegener took an action that a reasonable employee would have found materially adverse; and

3. Sheriff Wegener would not have taken the challenged employment decision but for the Plaintiff's protected activity.

**Authority:**

*Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167 (2009); *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 1753 (2013); 42 U.S.C. 2000e-3; *Burlington Ne. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006); *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1262-1263 (10th Cir. 1998); *Cole v. Ruidoso Mun. School*, 43 F.3d 1373, 1381 (10th Cir. 1994).

# INSTRUCTION NO. 6

If you find that Sheriff Wegener would have taken the same actions regarding Plaintiff's employment if she had not engaged in any protected activity, you must find for Sheriff Wegener on Plaintiff's retaliation claim.

*Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167 (2009); *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 1753 (2013); 42 U.S.C. 2000e-3; *Burlington Ne. & Santa Fe Ry. Co. v. White,* 548 U.S. 53 (2006); *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1262-1263 (10th Cir. 1998); *Cole v. Ruidoso Mun. School*, 43 F.3d 1373, 1381 (10th Cir. 1994).

## INSTRUCTION NO. 7

In order to prove that Plaintiff's employer would not have taken the challenged employment action decision but for the Plaintiff's protected activity, Plaintiff does not need to show her protected activity was the sole motivating factor in the employment decision. Instead, an employer may be held liable for retaliation even if other factors contributed to the employer making the challenged decision, so long as retaliation was the factor that made a difference.

**Authority:**

*Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009); *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277-78 (10th Cir. 2010); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

# INSTRUCTION NO. 8

Protected activities include making an internal complaint or charge of discrimination, retaliation, or harassment, or testifying, assisting, or otherwise participating in any manner in her own charge of discrimination, investigation, proceeding or hearing under Title VII of the Civil Rights Act.

In this case, the Plaintiff asserts that she engaged in the following protected activity:

Complaining of gender discrimination.

The Plaintiff must prove that she actually participated in a protected activity, but the Plaintiff does not have to prove that the underlying charge, investigation, proceeding, or hearing was successful.

**Authority:**

42 U.S.C. Sec. 2000e-3(a); *Robbins v. Jefferson County Sch. Dist*., 186 F.3d 1253 (10th Cir. 1999), *abrogated on other grounds, Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Jeffries v. State of Kansas*, 147 F.3d 1220, 1231 (10th Cir. 1998); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1128 (10th Cir. 1993).

## INSTRUCTION NO. 9

The Plaintiff claims that the Defendant's stated reason for its adverse employment action is not the true reason, but instead it is a pretext (an excuse) to cover up for retaliation. If you do not believe one or more of the reasons the Defendant employer offered for_____, then you may, but are not required to, infer that retaliation was a factor that made a difference in the Defendant's decision. The Plaintiff need not disprove every reason stated by the Defendant in order to prove pretext.

The Plaintiff may show that the Defendant's stated reasons for its decisions are pretextual (not the true reason) in any of several ways. Some examples of ways (although these are not the only ways) in which you may determine that Defendant's stated reasons are pretext are:

Evidence that any one of the Defendant's stated reasons for the decisions are false, contradictory, or implausible;

Evidence that the Defendant acted contrary to a written or unwritten company policy or an established company practice when _____;

Evidence that the Defendant did not enforce its own rules;

The criteria used to evaluate the employee was entirely subjective; or

The [adverse action] is closely related in time to Plaintiff's protected activity of_____; or

If you find pretext, you may, but are not required to infer that retaliation was the factor that made a difference in the employer's treatment of Plaintiff.

**Authority:**

*Reeves v. Sanderson Plumbing Products, Inc.*, 120 S. Ct. 2097, 2108-09 (2000); *Townsend v. Lumberman's Mut. Cas. Co*., 294 F.3d 1232, 1241 (10th Cir. 2002); *Village of Arlington Heights v. Metropolitan Housing Development Corp*., 492 U.S. 252, 266-268 (1977); *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005); *Green v. New Mexico*, 420 F.3d 1189, 1195 (10th Cir. 2005); *Annett v. Univ. of Kan*., 371 F.3d 1233 (10th Cir. 2004); *Love v. Re/Max of Am., Inc*., 738 F.2d 383, 386 (10th Cir. 1984).

# INSTRUCTION NO. 10

You have heard evidence during the course of the trial regarding certain allegedly discriminatory remarks. Comments related to Plaintiff's protected activity, referring directly to the Plaintiff, may support an inference of retaliation even if comments were not made in the context of the materially adverse action Plaintiff alleges. However, isolated or ambiguous comments may be too abstract or remote to support a finding of discrimination.

In order to prove discrimination by reference to comments in the workplace, a Plaintiff must demonstrate that a connection exists between the comments made and the allegation that Sheriff Wegener decided to treat her differently.

**Authority:**

*Plotke v. White*, 405 F.3d 1107 (10th Cir. 2005; *Reeves v. Sanderson Plumbing Prods*., 530 U.S. 133 (2000); *Cone v. Longmont United Hospital Ass'n,* 14 F.3d 526 (10th Cir. 1994).

## INSTRUCTION NO. 11

In reaching your verdict on the Plaintiff's retaliation claim, you should keep in mind that the law requires only that an employer not retaliate against an employee for engaging in a protected activity. The law does not require an employer to use good judgment, to make correct decisions, or even to treat its employees fairly. Therefore, in deciding the Plaintiff's retaliation claim, it is not your function to second-guess the Defendant's business decisions or act as a personnel manager, unless you find that the decisions were motivated, in whole or in part, by retaliation. In evaluating Defendant's asserted business judgment, you must examine whether business judgment was truly employed or whether it was merely used as a pretext or to cover up for retaliation.

**Authority:**

*Selenke v. Medical Imaging of Colorado*, 248 F.3d 1249 (10th Cir. 2001); *Bullington v. United Airlines, Inc,* 186 F.3d 1301 (10th Cir. 1999); *Sanchez v. Philip Morris, Inc*., 992 F.2d 244 (10th Cir. 1993); *Montana v. First Federal Savings and Loan Assoc*, 969 F.2d 100 (2nd Cir. 1988).

# INSTRUCTION NO. 12

If you find that the Defendant unlawfully retaliated against the Plaintiff on the basis of her protected activity, and that the retaliation resulted in her constructive discharge, then you must determine the amount of back pay that the Plaintiff proved was caused by the Defendant's wrongful conduct.

In determining back pay, you must make several calculations:

First, calculate the amount of back pay and bonuses that Plaintiff would have earned had she not been retaliated against from the date of that employment action until _____.

Then calculate and add the value of the employee benefits (health, life, and dental insurance, vacation leave, etc., that Plaintiff would have received had she not been retaliated against from the date of that action until ___.

Then, subtract from this sum the amount of pay and benefits that Plaintiff actually earned from other employment during this time.

**Authority:**

Federal Employment Jury Instructions, Sec. 1:1260; Model Jury Instructions (Civil) Eighth Circuit Sec. 5.02 (1998).

# INSTRUCTION NO. 13

If you find that the Defendant unlawfully retaliated against Plaintiff on the basis of her protected activity, then you must determine an amount that is fair compensation for Plaintiff's losses. You may award compensatory damages for injuries that the Plaintiff proved were caused by the Defendant's wrongful conduct. The damages that you award must be fair compensation, no more and no less.

You may award damages for any emotional distress, pain, suffering, inconvenience, or mental anguish that Plaintiff experienced as a consequence of the wrongful conduct. No evidence of monetary value of such intangible things as pain and suffering has been, or need to be, introduced into evidence. There is no exact standard for setting the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in making an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on speculation or guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**Authority:**

42 U.S.C. Sec. 1981a.