# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00884-PAB-KMT

ABBY MARTIN,

Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, CO,

Defendant.

## PLAINTIFF'S MOTION FOR LEAVE TO IDENTIFY AN ECONOMIC EXPERT FOLLOWING TRIAL

COMES NOW THE PLAINTIFF, ABBY MARTIN, in the above captioned action and moves the Court for leave to identify an economic expert following the trial of this action for the reasons as set forth below.

### CERTIFICATE OF COMPLIANCE WITH D.C. COLORADO LOCAL RULE 7.1

Plaintiff's counsel had a discussion with Defendant's counsel on October 6, 2014, as to whether it would consent to the granting of this motion. Defendant's counsel informed undersigned on October 8, 2014, that Defendant opposes the granting of the motion.

### FACTS

Plaintiff brought this case over the retaliatory harassment and ultimate constructive discharge of her employment with Defendant. Subsequent to the filing of her complaint in this matter, she found employment outside the law enforcement field at a salary that resulted in a virtually complete mitigation of her economic damages. Because she had mitigated her damages,

1

she did not identify an economist for the purpose of a front pay analysis at the time when the expert reports were originally due.  Unfortunately, she recently lost her position as a result of a corporate restructuring.  The termination was not based on Ms. Martin's job performance.  See affidavit of plaintiff attached hereto as Exhibit A.[1]  She is now unemployed and it is unforeseen when she will become gainfully employed again, or when she will earn an amount that fully mitigates her economic damages. Plaintiff therefore seeks leave to identify an economist for the purposes of a front pay analysis after the trial in this matter is conducted in the event of a verdict in plaintiff's favor.  As will be shown below, there is a convincing legal basis for plaintiff's motion and there will be no prejudice to the Defendant.

## ARGUMENT AND CITATION OF AUTHORITY

The United States Supreme Court has declared on repeated occasions that the primary purpose of awarding damages under the federal statutes prohibiting employment discrimination is to make the victim "whole." *See Ford Motor Co. v. EEOC,* 458 U.S. 219, 73 L.Ed.2d 721, 102 S.Ct. 3057, 3064-65 (1982); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); *McKennon v. Nashville Banner Publ'g Co*., 513 U.S. 352, 358, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995).  Back pay and front pay are part of the comprehensive set of types of relief that provide the "make whole" remedy.

Normally an employee who has fully mitigated her economic losses is no longer entitled to receive back pay or front pay.  However, when a plaintiff loses a subsequent job through no fault of her own, the plaintiff's right to those damages is reinstated.  In *Thurman v. Yellow Freight Systems, Inc.,* 90 F.3d 1160 (6th Cir. 1996), the court found that the employee was not at fault in losing the subsequent job.  He drove a truck under an overpass that was too low, thus

---

[1] Should the Court grant the instant motion Plaintiff has no objection to Defendant conducting whatever discovery it

2

bending the exhaust pipe, which cost him his job. In that there was no evidence that the plaintiff acted willfully or committed a gross or egregious wrong, his back pay was not tolled. See also *Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269, 1277 (4th Cir. 1985).

At least two circuit courts have found that back pay awards can accrue for periods after an employee is terminated from an "employer B" even for *misconduct* when the job at "employer B" was serving to mitigate damages arising from discriminatory conduct by "employer A". *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 670 (8th Cir. 1992); and *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 382 (1st Cir. 2004).

"[T]he hallmark of equity is the ability to assess all relevant facts and circumstances and tailor appropriate relief on a case by case basis." *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 555 (10th Cir.), *cert. denied*, 528 U.S. 813 (1999). Given that Ms. Martin's loss of her employment with BlueLinx was through no fault of her own, under the equitable principles of Title VII she should be entitled to receive back pay and front pay from the date her employment with BlueLinx ended.

To be awarded front pay a plaintiff has to show life expectancy, continued length of employment, or a viable discount rate. *McInerney v. United Air Lines, Inc.*, 463 Fed. Appx. 709 (10th Cir. 2011)(citing *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 862 (7th Cir. 2001). Accordingly, a plaintiff who wishes to receive an award of front pay is required to retain the services of a person who has expertise in these matters. Ms. Martin obtained full-time employment with BlueLinx early in the case and she had no idea that her employment would later end with BlueLinx at the time the expert reports were due under the scheduling order

---

needs in order to be assured that Plaintiff's statement is an accurate reflection of how her employment ended.

established in this case. See p. 6 of Docket #27 establishing November 20, 2013 as the date for expert reports.

In order for her to receive an award of front pay she will be required to retain an economist for that purpose. If she is successful in her trial and receives a verdict in her favor, Ms. Martin respectfully requests that the court allow her the opportunity to identify an economist to provide a report after the trial in her case is complete.

The process Plaintiff foresees (and requests) is that she be provided with adequate time to retain an expert – one month after trial would be adequate. At that point Defendant will be given adequate time to depose plaintiff's expert and retain an expert for the purposes of rebuttal. Plaintiff would be allowed a period of time to depose Defendant's expert and then the Court would hold a hearing at which the experts would testify along with any other witnesses for the purposes of determining plaintiff's front pay losses. The Court would then issue its finding as to the amount of front pay. The above process would not prejudice Defendant in any way as it would be given ample opportunity to test plaintiff's evidence of her entitlement to front pay.

While this motion has been filed less than two weeks prior to the date of the final pre-trial conference,[2] the Court's ruling on this motion will not affect the trial itself and therefore Defendant will have adequate time to respond and the Court will also have adequate time to issue its decision.

WHEREFORE, upon good cause shown, plaintiff requests the Court GRANT her motion for leave to identify an economic expert after the trial of her claim.

---

[2] Plaintiff has acted timely on this matter as her employment only ended on October 1. Plaintiff's counsel initially attempted to speak with Ms. Greer on October 2 but she was out of the office. She returned to the office on October 6 and was then consulted about plaintiff's desire to identify

This 15th day of October, 2014.

    *s/Ralph E. Lamar, IV*
RALPH E. LAMAR, IV
Attorney I.D. No.  44123
8515 Braun Loop
Arvada, CO 80005
(303) 345-3600
ralphlamar@ymail.com

ATTORNEY FOR PLAINTIFF

---

an expert after trial. Defendant did not provide its response to the proposed motion until October 8.

## **CERTIFICATE OF SERVICE**

  I, Ralph E. Lamar, IV, Esquire hereby certify that on this the 15th day of October, 2014, I caused a true and correct copy of Plaintiff's Motion for Leave to Identify an Economist Following the Trial to be served today by electronic mail upon counsel for Defendant at the address listed below:

> Cathy Havener Greer, Esq.
> Kristin Anderson George, Esq..
> WELLS, ANDERSON & RACE, LLC
> 1700 Broadway, Ste 1020
> Denver, CO  80203

       By:  __*s/Ralph E. Lamar, IV*_____
          RALPH E. LAMAR, IV
          ATTORNEY FOR PLAINTIFF