IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, COLORADO,

    Defendant.

## RESPONSE TO MOTION IN LIMINE TO EXCLUDE TESIMONY OF YOSHI GOTO

Plaintiff Abby Martin, by her undersigned attorneys, hereby files this Response in opposition to Defendant's Motion In Limine To Exclude Testimony of Yoshi Goto (Dkt. #65). In support, plaintiff states as follows:

Yoshi Goto is a non-party witness. As stated in the Final Pretrial Order (Dkt. #61) at p. 7, Mr. Goto "witnessed some of the Defendant's unlawful actions." As such, his testimony is highly relevant to corroborate and support plaintiff's allegations claims. Further, Mr. Goto is no longer employed at the Park County Sheriff's Office. This puts him in a unique position to testify regarding the events without fear of retaliation or other negative repercussions from his employer. The value of his testimony is highly probative and is not outweighed, let alone *substantially* outweighed, by the danger of unfair prejudice. *See* F.R.E. 403.

Mr. Gotto is not under plaintiff's ability to control. Nonetheless, plaintiff hopes to connect with Mr. Gotto and serve him to testify at the trial. While plaintiff has no reason

to believe she will be successful in serving Mr. Gotto, she remains optimistic of doing so. If plaintiff is successful in connecting with and serving Mr. Gotto, plaintiff will likely call him as a witness. Of import, there is no evidence (or even suggestion) that plaintiff has somehow assisted in Mr. Gotto's supposed evasion of service.

Counsel for plaintiff does not have reason to question defendant's account of his efforts to serve Mr. Gotto for deposition. Counsel for plaintiff, however, disputes that defendant's counsel is not able to prepare for cross-examining Mr. Gotto at trial. First, as stated in defendant's Motion in Limine at p. 3, "Defendant can anticipate generally Mr. Goto's testimony." Second, defendant controls Mr. Gotto's personnel file from when he worked at the Park County Sheriff's Office. At this juncture, defendant's counsel has more documents in its possession or control relating to Mr. Gotto than plaintiff's counsel. Third, plaintiff does not object to defendant's counsel taking Mr. Gotto's deposition even though we are past the discovery cut-off. In the alternative, plaintiff does not object to defendant's counsel interviewing Mr. Gotto before he gives testimony. Plaintiff's counsel agrees to cooperate with defendant in any way possible to facilitate such a deposition or interview.

Defendant cites two cases in support of his motion. Neither stand for the proposition that one's inability to depose a person is equivalent to not being able to cross-examine that person at trial.

The second case cited by defendant is *Vu v. Fouts*, 924 P.2d 1129, 1130 (Colo. App. 1996). In that case, the trial court excluded two witnesses from testifying at trial because of their failure to appear at a deposition. In *Vu*, the party seeking to exclude the witnesses had served the witnesses with subpoenas to appear for their depositions.

2

In spite of those duly served depositions, the witnesses did not appear for their depositions.  Here, defendant has not served Mr. Gotto.  Unlike the witnesses in *Vu*, there is no evidence that Mr. Gotto has deliberately evaded the discovery process.

The first case cited by defendant is an unpublished decision from the United States District Court for the Northern District of California, *Stinger v. City of San Pablo*, 2009 WL 5215396 (N.D. Cal. 2009).  *Stinger* is not applicable to the instant matter for similar reasons as *Vu*.  Namely, the excluded witnesses in *Singer* had been "properly subpoenaed for deposition."  *Id.* at *2.  Here, defendant has not served Mr. Gotto with a subpoena to appear at his deposition.

WHEREFORE, for the reasons set forth herein, this Court should Defendant's Motion In Limine To Exclude Testimony of Yoshi Goto (Dkt. #65) and grant such further relief as the Court considers appropriate.

Respectfully submitted this 17th day of October 2014.

        F. J. "RICK" DINDINGER II, ESQ.

        <u>s/ F. J. "Rick" Dindinger II</u>
        DINDINGER LAW OFFICES, LLC
        F. J. "Rick" Dindinger II
        7951 East Maplewood Ave., Suite 285
        Greenwood Village, Colorado  80111
        (303) 996-0560
        frederick@dindingerlaw.com

        Ralph E. Lamar IV, Esq.
        8515 Braun Loop
        Arvada, Colorado  80005
        (303) 345-3600
        ralphlamar@ymail.com

        **Attorneys for plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October 2014, I electronically filed the foregoing **RESPONSE TO MOTION IN LIMINE TO EXCLUDE TESTIMONY OF YOSHI GOTO** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cathy Havener Greer, Esq.
Kristin Anderson George, Esq.
Wells Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, Colorado  80290
cgreer@warllc.com
**Attorneys for defendant**


              __s/ Rick Dindinger____