IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, COLORADO,

    Defendant.

## RESPONSE TO MOTION IN LIMINE TO EXCLUDE STATEMENT OF MARK HANCOCK

Plaintiff Abby Martin, by her undersigned attorneys, hereby files this Response in opposition to Defendant's Motion In Limine To Exclude Statement of Mark Hancock (Dkt. # 66). In support, plaintiff states as follows:

### INTRODUCTION

During his deposition, Captain Mark Hancock admitted making comments that plaintiff Martin's baby was not her husband's baby. *See* Hancock Dep. 53:20-23, Dkt. #66-2. Such a statement is inherently demeaning, humiliating, and offensive. For the reasons described below, Captain Hancock's statement should not be excluded and this Court should deny defendant's motion.

### ARGUMENT

Captain Hancock's statement is relevant to Ms. Martin's retaliation claim. The statement is also relevant to show defendant's motives and discriminatory animus. Contrary to defendant's argument, Captain Hancock's statement damaged Ms. Martin.

1. **Hancock's statement is relevant to show retaliatory animus**.

As defendant acknowledges, Title VII protects former employees from post-employment retaliatory actions. *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997). If employers are permitted to "retaliate without impunity," it will destroy Title VII's anti-retaliation provision. *Id.* at 346.

Defendant dates Captain Hancock's statement as "summer 2013." Motion in Limine at p. 2. Ms. Martin filed her Complaint in the above-captioned matter on April 5, 2013. *See* Dkt. #1. Filing a lawsuit constitutes protected activity. Defendant's attorneys entered their appearance on April 29, 2013. *See* Dkt. #9 and Dkt. #11. As a result, there is a "very close temporal proximity" between Ms. Martin's protected activity and the retaliatory action. The short time gap between Ms. Martin's protected activity and Captain Hancock's retaliatory statement establishes a nexus. See *MacKenzie v. City of Denver*, 414 F.3d 1266, 1279 (10th Cir. 2005) ("A causal connection is established where the plaintiff presents evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.") (citation omitted); *E.E.O.C. v. PVNF, L.L.C,* 487 F.3d 790, 804 (10th Cir. 2007) ("temporal proximity, alone, is sufficient to allow an inference of the existence of a causal connection").

2. **Hancock's statement is relevant to show a discriminatory animus**.

The Motion in Limine ignores Ms. Martin's argument in her response to Defendant's Motion for Summary Judgment. In a section titled "THERE IS A CASUAL CONNECTION BETWEEN THE HARASSMENT AND THE PROTECTED ACTIVITY" (caps in original), Ms. Martin argued that: "Following the end of plaintiff's employment,

Hancock engaged in more retaliatory conduct by telling Detective Goto that plaintiff's baby wasn't her husband's. Hancock's retaliatory animus from such a statement is clear as there is no factual basis for such a cruel and humiliating statement." Response to Defendant's Motion for Summary Judgment (Dkt. #52) at p. 29.

    3.    **Hancock's statement caused harm to Ms. Martin**.

Defendant argues that there is no evidence that Captain Hancock's statement caused any harm to Ms. Martin. Motion in Limine at p. 5. This argument ignores the fact that Ms. Martin's then-husband, Kolby, was (and continues to be) employed by defendant. It is hard to imagine anything more damaging to Ms. Martin's marriage than to make statements that her baby was not her husband's. As defendant observes, "suggesting that a woman's husband is not the father of her child is highly offensive." Motion in Limine at p. 5. That observation is particularly true when the comment about paternity was made in the husband's workplace.

Defendant's argument that Captain's Hancock's statement was done "in the privacy of [his] own workplace" (Motion in Limine at p. 5) ignores that his statement was relayed to Ms. Martin. *See* Martin Dep. 112:7-12, Dkt. #66-1. It also ignores that the statement was made in Ms. Martin's then-husband's workplace.

Defendant's argument ignores Ms. Martin's deposition testimony regarding the emotional distress caused by Captain Hancock's statement:

> [I]t was reported back to me that [Captain Hancock] was making comments in the squad room that Kolby's baby wasn't Kolby's. I felt that was very inappropriate to the point where I had began searching online because I felt like it was a question of my integrity. It was a question of who I stood for and my values with my marriage that I felt that—while we've had distance between us, I felt that it was highly inappropriate of a conversation, not knowing anything about our marriage and what is going on, to the point where if things weren't already on the rocks with my

3

> marriage and the fact that I never see him, why start putting down in my husband's mind that his child is his.

See Martin Dep. 112:10-23, Dkt. #66-1.

Moreover, statements such as the one by Captain Hancock fall into the category of defamation *per se*.  See Hayes v. Smith, 832 P.2d 1022, 1024 (Colo. App. 1991) ("historically, defamation was actionable *per se* only if the defamatory remark imputed . . . unchastity by a woman").  Captain Hancock's statement inherently exposes Ms. Martin to "hatred and contempt."  *Id.* at 1025.

In sum, defendant's argument that Ms. Martin has not been harmed is absurd.

WHEREFORE, for the reasons set forth herein, this Court should deny Defendant's Motion in Limine to Exclude Statement of Mark Hancock (Dkt. #66) and grant such further relief as the Court considers appropriate.

Respectfully submitted this 17th day of October 2014.

F. J. "RICK" DINDINGER II, ESQ.

s/ F. J. "Rick" Dindinger II
DINDINGER LAW OFFICES, LLC
F. J. "Rick" Dindinger II
7951 East Maplewood Ave., Suite 285
Greenwood Village, Colorado  80111
(303) 996-0560
frederick@dindingerlaw.com

Ralph E. Lamar IV, Esq.
8515 Braun Loop
Arvada, Colorado  80005
(303) 345-3600
ralphlamar@ymail.com

**Attorneys for plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October 2014, I electronically filed the foregoing **RESPONSE TO MOTION IN LIMINE TO EXCLUDE STATEMENT OF MARK HANCOCK** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Cathy Havener Greer, Esq.
Kristin Anderson George, Esq.
Wells Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, Colorado  80290
cgreer@warllc.com
**Attorneys for defendant**


　　　　　　　　　　　　　　　　　　　　　　　　__s/ Rick Dindinger____