IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00884-PAB-KMT

ABBY MARTIN,

    Plaintiff,

v.

FRED WEGENER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF PARK COUNTY, CO,

    Defendant.

## DEFENDANT'S REPLY TO MOTION IN LIMINE TO EXCLUDE STATEMENT OF MARK HANCOCK

    Defendant Fred Wegener, by and through counsel, Wells, Anderson & Race, LLC hereby submits his Reply to Motion in Limine to Exclude Statement of Mark Hancock as follows:

    In response to Defendant's motion, Plaintiff first argues that Mark Hancock's statement, made eighteen months after her resignation, is relevant to her retaliation claim because there is a close temporal connection between a protected activity and Hancock's statement. Plaintiff asserts that the "protected activity" in question is the filing of her lawsuit.

    Plaintiff argument fails for two reasons. First, Plaintiff cannot demonstrate evidence as to precisely when the comment was made, other than "summer" 2013, which could be up to five months after the filing of her complaint. Thus, Plaintiff cannot rely even on temporal proximity. *See Hysten v. Burlington N. & Santa Fe Ry. Co*., 296 F.3d 1177, 1184 10th Cir. 2002) (three month gap between protected activity and alleged retaliatory action too long to infer causation); *Connor v. Schnuck Markets, Inc.,* 121 F.3d 1390 (10th Cir. 1997) (four month period between

1

protected activity and alleged retaliatory action, without more, insufficient to support inference of causation).

Second, proximity alone does not always support an adverse inference of discrimination. *See e.g. McGowan v. City of Eufala*, 472 F.3d 736, 744 (10th Cir. 2006). In this circumstance, temporal proximity is not sufficient to show a causal connection between the protected act and the statement.

The participation clause of Title VII makes it unlawful to retaliate against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. 2000e-3(a). This language has been broadly interpreted to include virtually all participation in a lawsuit against an employer, particularly the employee's own lawsuit. Testifying in a deposition is a protected activity. *Merritt v. Dillard Paper Co*, 120 F.3d 1181, 1186 (11th Cir. 1997). Testifying in trial is a protected activity. *McGowan, supra*, at 744. Providing discovery responses is a protected activity. *Hysten v. Burlington Northern*, 296 F.3d 1177, 1184 (10th Cir. 2002).

Plaintiff is not asserting that any specific action by Defendant - certainly not this sole comment made eighteen months after she resigned - was "materially adverse." Rather, she is claiming that every small slight taken by Defendant adds up to a hostile work environment. By Plaintiff's logic, any action she took to participate in her case, from the filing of suit right up through testifying at trial, is a "protected activity" which starts the clock running anew. Therefore, she could likely identify any number of protected activities since the filing of her suit

that conveniently coincide with a disparaging remark by an employee[1] of Defendant, thereby strengthening her "hostile work environment" claim.

This would be an absurd result. Given that Hancock's statement occurred so long after Plaintiff was an employee, or had any interaction with Hancock, Plaintiff cannot rely on temporal proximity to show a causal connection. Absent some proof of a causal connection, the statement is simply too attenuated from Plaintiff's employment with Defendant to be relevant.

Plaintiff also argues that the statement caused her harm. Plaintiff ignores that <u>Defendant</u> must cause the harm to Plaintiff. Defendant did not communicate this statement to Plaintiff; she learned of it through her friend. There is no evidence that Hancock intended either Plaintiff or her husband to hear the statement. Absent intent to harm Plaintiff, the statement is irrelevant. *See e.g. Carr v. Morgan County School District*, 2007 WL 2022055 (D. Colo. 2007)("there is no such thing as unintentional retaliation."), quoting *Wells v. Colo. Dept. of Transp.*, 325 F.3d 1205, 1281 (10th Cir. 2003).

Lastly, Plaintiff argues that the statement is relevant because it constitutes defamation per se. Defendant will not go into detail as to the elements of defamation or the relative strengths of such a claim, <u>because there is no defamation claim</u>. Therefore, the statement is still irrelevant.

Plaintiff fails to address entirely the risk of prejudice should this statement be admitted. While retaliatory action against former employees may be actionable, it does not follow that every stray remark made by a former co-worker sets up a new claim for retaliation. However, in this case, the statement has nothing to do with Plaintiff's claim that she suffered a hostile work environment. The statement was not about work, not in the context of her employment, and not

---

[1] Notably, the statement was not made by Sheriff Wegener or even Undersheriff Monte Gore. Defendant should not be responsible for a careless remark by a former co-worker that Defendant neither knew of nor condoned.

communicated to her. Permitting the jury to hear this information would greatly prejudice Defendant.

WHEREFORE, Defendant respectfully requests that the Court grant its Motion to Exclude Statement of Mark Hancock.

Dated this 22nd[th] day of October, 2014.

        Respectfully submitted,

        *S/ Kristin Anderson George*
        Cathy Havener Greer
        Kristin Anderson George
        Wells, Anderson & Race, LLC
        1700 Broadway, Suite 1020
        Denver, CO 80290
        T: 303-820-1212
        Email: cgreer@warllc.com; kageorge@warllc.com
        **ATTORNEYS FOR THE DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 22, 2014, a true and correct copy of the above and foregoing **DEFENDANT'S REPLY TO MOTION IN LIMINE TO EXCLUDE STATEMENT OF MARK HANCOCK** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Ralph E. Lamar, Esq.
Email: ralphlamar@ymail.com

F. J. "Rick" Dindinger, II, Esq.
Email: frederick@dindingerlaw.com


*S/ Barbara McCall*
Barbara McCall
Email: bmccall@warllc.com

5