# Law Office of Ralph Lamar
8515 Braun Loop
Arvada, Colorado 80005
(303) 345-3600
e-mail: ralphlamar@ymail.com

Admitted in CO, PA & NJ

November 11, 2013

VIA HAND DELIVERY and E-MAIL

Cathy Havener Greer
Kristen George
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, Colorado 80290

Re: *Martin v. Fred Wegener*, 13-CV-00884, U.S. District Court District of Colorado

Dear Cathy and Kristen:

I am responding to your letter of October 24, 2013 in connection with the above captioned matter.

Interrogatory number one – Yoshi Goto saw both Becky Bramlett and Bobbi Priestley scanning documents which was something that plaintiff had previously performed. Plaintiff is aware that the assignment she had been given had not yet been completed at the time she stopped working.

Interrogatory number six asked for calculations of plaintiff's back pay losses. Her losses are calculated as follows:

Plaintiff earned $2,706 per month while employed as a Deputy Sheriff. This equates to approximately $32,472 per year. The total lost pay from January 5, 2012 (her date of constructive discharge) to the present is approximately $48,708 and is calculated by multiplying $2,706 x 18. The reason that there are only 18 months of back pay is that plaintiff obtained a job on July 1, 2013 with Blue Linx in which she makes $18.00 per hour for a 40 hour week. At that rate of pay she has fully mitigated her losses. Plaintiff has interim earnings of $1,091 in unemployment compensation in 2012, $2,598 from Lincoln National in 2012, $6,992 from Denver Public Schools in 2012, $1,728 for Adecco USA(Blue Linx) in 2012, and approximately $7,400 for Adecco USA (Blue Linx) for 2013 up through July 1. The total of those interim earnings is $19,809. Plaintiff therefore has a total of $28,900 in lost wages. To the extent that these numbers are different from those in the original responses to interrogatories they are due to

1

Exhibit 3

my math errors.

Request for production number one - there were no privileged documents so there is no privilege log to produce. As to any tape recording please see attached disc.

Request for production number five - there were no privileged documents so there is no privilege log to produce.

As to the e-mails that were produced with "quoted text hidden" messages plaintiff is now producing copies of the complete e-mails as well as the attachments marked with Bates #459-519. The documents are being sent electronically.

P-000326-000345 is a transcript of texts. Unfortunately, Ms. Martin's phone, which contained these texts, is old and does not time stamp the texts or show the numbers which were called. Ms. Martin transcribed these texts directly from her phone.

Finally, you suggest that there are recordings that were made by plaintiff and/or Mr. Goto. Plaintiff is producing copies of all recording she has in her possession. Plaintiff is unable to produce copies of any recording which may be in Mr. Goto's possession.

Sincerely,

Ralph E. Lamar

Enclosures (Disc only)
cc: Abby Martin