Exhibit 4

# Henry Johnson

| | |
|---|---|
| **From:** | Henry Johnson |
| **Sent:** | Wednesday, December 18, 2013 10:29 AM |
| **To:** | 'Ralph Lamar' |
| **Cc:** | Cathy Havener Greer; Kristin Anderson George; Barbara McCall |
| **Subject:** | Martin - Subpoenas to Produce |
| **Attachments:** | Subpoena - Adecco.pdf; Subpoena - BlueLinx.pdf; Subpoena - DPS.pdf; Subpoena - Golden PD.pdf |

| Tracking: | Recipient | Delivery |
|---|---|---|
| | 'Ralph Lamar' | |
| | Cathy Havener Greer | Delivered: 12/18/2013 10:29 AM |
| | Kristin Anderson George | Delivered: 12/18/2013 10:29 AM |
| | Barbara McCall | Delivered: 12/18/2013 10:29 AM |

Dear Mr. Lamar:

Please allow this e-mail to serve as notice pursuant to Fed. R. Civ. P. 45(a)(4). Attached are copies of four subpoenas commanding the production of documents from Ms. Martin's current and former employers. We will be sending these subpoenas out for service today. Please let us know if you have any questions. - henry

---

Henry Johnson, Paralegal
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
**303.813.6538 (direct)**
303.830.1212 (office main)
303.830.0898 (fax)
hjohnson@warllc.com

1

Exhibit 4

## Henry Johnson

| | |
|---|---|
| From: | Ralph Lamar [ralphlamar@ymail.com] |
| Sent: | Wednesday, December 18, 2013 10:46 AM |
| To: | Henry Johnson |
| Cc: | Cathy Havener Greer; Kristin Anderson George; Barbara McCall |
| Subject: | Re: Martin - Subpoenas to Produce |

I do object Henry. There is nothing relevant about Ms. Martin's current employment to the issues in this case and a subpoena for documents can interfere with her current employment. There is caselaw to this effect. If there is something specific about the records that Cathy or Kristin feel is relevant please let me know. Additionally, I do not have the time to file any motion for protective order today so I would appreciate it if you would provide me with a couple of days to do so within the spirit of the rules if we can't come to an agreement. Ralph.

On Wednesday, December 18, 2013 10:29 AM, Henry Johnson <hjohnson@warllc.com> wrote:
Dear Mr. Lamar:

Please allow this e-mail to serve as notice pursuant to Fed. R. Civ. P. 45(a)(4). Attached are copies of four subpoenas commanding the production of documents from Ms. Martin's current and former employers. We will be sending these subpoenas out for service today. Please let us know if you have any questions. - henry

**Henry Johnson, Paralegal**
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
**303.813.6538 (direct)**
303.830.1212 (office main)
303.830.0898 (fax)
hjohnson@warllc.com

1

Exhibit 4

## Henry Johnson

**From:** Kristin Anderson George
**Sent:** Wednesday, December 18, 2013 10:59 AM
**To:** Ralph Lamar; Henry Johnson
**Cc:** Cathy Havener Greer; Barbara McCall
**Subject:** RE: Martin - Subpoenas to Produce

Ralph:

Plaintiff is seeking front and back pay, as well as compensatory damages. Her former and subsequent employee records are relevant to these issues. *See e.g. Harroald v. Triumph Structure-Wichita, Inc.*, 2011 WL 2118648, *3 (D. Kan. 2011) (denying plaintiff's motion to quash subpoena for personnel records because any information therein could be relevant to claim of emotional distress; such requests are "more or less standard in the context of employment discrimination claims.").

We have complied with F.R.C.P. 45 by providing a copy of the subpoenas prior to serving them. Further, you were aware from our discovery requests that we were seeking this information and had ample to time move for a protective order.

Kristin

**From:** Ralph Lamar [mailto:ralphlamar@ymail.com]
**Sent:** Wednesday, December 18, 2013 10:46 AM
**To:** Henry Johnson
**Cc:** Cathy Havener Greer; Kristin Anderson George; Barbara McCall
**Subject:** Re: Martin - Subpoenas to Produce

I do object Henry. There is nothing relevant about Ms. Martin's current employment to the issues in this case and a subpoena for documents can interfere with her current employment. There is caselaw to this effect. If there is something specific about the records that Cathy or Kristin feel is relevant please let me know. Additionally, I do not have the time to file any motion for protective order today so I would appreciate it if you would provide me with a couple of days to do so within the spirit of the rules if we can't come to an agreement. Ralph.

On Wednesday, December 18, 2013 10:29 AM, Henry Johnson <hjohnson@warllc.com> wrote:
Dear Mr. Lamar:

Please allow this e-mail to serve as notice pursuant to Fed. R. Civ. P. 45(a)(4). Attached are copies of four subpoenas commanding the production of documents from Ms. Martin's current and former employers. We will be sending these subpoenas out for service today. Please let us know if you have any questions. - henry

**Henry Johnson, Paralegal**
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
**303.813.6538 (direct)**
303.830.1212 (office main)
303.830.0898 (fax)
hjohnson@warllc.com

1

Exhibit 4

## Henry Johnson

| | |
|---|---|
| From: | Ralph Lamar [ralphlamar@ymail.com] |
| Sent: | Wednesday, December 18, 2013 11:55 AM |
| To: | Kristin Anderson George; Henry Johnson |
| Cc: | Cathy Havener Greer; Barbara McCall |
| Subject: | Re: Martin - Subpoenas to Produce |
| Attachments: | Law on Subpoenas to Subsequent Employers.docx |

Kristin, Until you actually tell me that you want those records I have no reason to file a motion for protective order. In response to the request for Ms. Martin to sign releases I objected and asked why the documents were relevant. No response was received from your firm. Therefore, it was my belief that you decided that that you would not pursue the records, until Henry sent me the proposed subpoenas today. We have produced pay records from Ms. Martin's employers and that, and that alone, is what is relevant to back and front pay. Records about her job performance are not relevant to emotional distress and I respectfully disagree with the Kansas Court on this issue. I attach a document including numerous Court opinions that such subpoenas for subsequent employment records are not proper. Finally, I point out that the parties agreed in the scheduling order that three days notice would be provided before a subpoena was served in Section 6.f. Ralph.


On Wednesday, December 18, 2013 10:58 AM, Kristin Anderson George <kageorge@warllc.com> wrote:
Ralph:

Plaintiff is seeking front and back pay, as well as compensatory damages. Her former and subsequent employee records are relevant to these issues. See e.g. *Harroald v. Triumph Structure-Wichita, Inc.*, 2011 WL 2118648, *3 (D. Kan. 2011) (denying plaintiff's motion to quash subpoena for personnel records because any information therein could be relevant to claim of emotional distress; such requests are "more or less standard in the context of employment discrimination claims.").

We have complied with F.R.C.P. 45 by providing a copy of the subpoenas prior to serving them. Further, you were aware from our discovery requests that we were seeking this information and had ample to time move for a protective order.

Kristin

From: Ralph Lamar [mailto:ralphlamar@ymail.com]
Sent: Wednesday, December 18, 2013 10:46 AM
To: Henry Johnson
Cc: Cathy Havener Greer; Kristin Anderson George; Barbara McCall
Subject: Re: Martin - Subpoenas to Produce

I do object Henry. There is nothing relevant about Ms. Martin's current employment to the issues in this case and a subpoena for documents can interfere with her current employment. There is caselaw to this effect. If there is something specific about the records that Cathy or Kristin feel is relevant please let me know. Additionally, I do not have the time to file any motion for protective order today so I would appreciate it if you would provide me with a couple of days to do so within the spirit of the rules if we can't come to an agreement. Ralph.


On Wednesday, December 18, 2013 10:29 AM, Henry Johnson <hjohnson@warllc.com> wrote:
Dear Mr. Lamar:

1

Exhibit 4

Please allow this e-mail to serve as notice pursuant to Fed. R. Civ. P. 45(a)(4). Attached are copies of four subpoenas commanding the production of documents from Ms. Martin's current and former employers. We will be sending these subpoenas out for service today. Please let us know if you have any questions. - henry

---

**Henry Johnson, Paralegal**
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
**303.813.6538 (direct)**
303.830.1212 (office main)
303.830.0898 (fax)
hjohnson@warllc.com

## Henry Johnson

**From:** Kristin Anderson George
**Sent:** Wednesday, December 18, 2013 12:31 PM
**To:** 'Ralph Lamar'; Henry Johnson
**Cc:** Cathy Havener Greer; Barbara McCall
**Subject:** RE: Martin - Subpoenas to Produce

Ralph:

You are correct that the Scheduling Order requires three days notice of subpoenas. We will not have them served until Monday or later.

I have not read the cases you provided, but I will do so this week. With the exception of the one WD Oklahoma case, none of these are from the Tenth Circuit.

Further, these cases appear to state that "fishing expeditions" are not appropriate. However, there are specific reasons for seeking Plaintiff's employment records in this case. For example, Plaintiff testified that she voluntarily left her job at Denver Public Schools. Voluntary resignation from a subsequent employment may be deemed a failure to mitigate damages and cut off back pay. *See e.g. Dilley v. SuperValu*, 296 F.3d 958 (10th Cir. 2002); *Sennello v. Reserve Life Ins. Co.*, 872 F.2d 393 (11th Cir. 1989). Information in Plaintiff's personnel file related to the reasons for her leaving that position are relevant. Plaintiff also testified that, in violation of Park County policies, she recorded conversations with employees. Thus, there is already evidence of after-acquired evidence that may cut off Plaintiff's back pay. *See e.g. Summers v. State Farm Mut. Auto. Ins. Co.*, 864 F.2d 700 (10th Cir. 1998). Defendant is entitled to pursue this issue, and Plaintiff's personnel records may contain relevant evidence. So, in addition to the general principal that personnel records are discoverable in an employment discrimination case, there are specific reasons for seeking them in this case.

I will, however, read the cases you have provided and will continue to confer with you on this issue prior to serving the subpoenas. Thanks.

Krisitn

**From:** Ralph Lamar [mailto:ralphlamar@ymail.com]
**Sent:** Wednesday, December 18, 2013 11:55 AM
**To:** Kristin Anderson George; Henry Johnson
**Cc:** Cathy Havener Greer; Barbara McCall
**Subject:** Re: Martin - Subpoenas to Produce

Kristin, Until you actually tell me that you want those records I have no reason to file a motion for protective order. In response to the request for Ms. Martin to sign releases I objected and asked why the documents were relevant. No response was received from your firm. Therefore, it was my belief that you decided that that you would not pursue the records, until Henry sent me the proposed subpoenas today. We have produced pay records from Ms. Martin's employers and that, and that alone, is what is relevant to back and front pay. Records about her job performance are not relevant to emotional distress and I respectfully disagree with the Kansas Court on this issue. I attach a document including numerous Court opinions that such subpoenas for subsequent employment records are not proper. Finally, I point out that the parties agreed in the scheduling order that three days notice would be provided before a subpoena was served in Section 6.f. Ralph.

1

Exhibit 4

On Wednesday, December 18, 2013 10:58 AM, Kristin Anderson George <kageorge@warllc.com> wrote:
Ralph:

Plaintiff is seeking front and back pay, as well as compensatory damages. Her former and subsequent employee records are relevant to these issues. *See e.g. Harroald v. Triumph Structure-Wichita, Inc.*, 2011 WL 2118648, *3 (D. Kan. 2011) (denying plaintiff's motion to quash subpoena for personnel records because any information therein could be relevant to claim of emotional distress; such requests are "more or less standard in the context of employment discrimination claims.").

We have complied with F.R.C.P. 45 by providing a copy of the subpoenas prior to serving them. Further, you were aware from our discovery requests that we were seeking this information and had ample to time move for a protective order.

Kristin

---

**From:** Ralph Lamar [mailto:ralphlamar@ymail.com]
**Sent:** Wednesday, December 18, 2013 10:46 AM
**To:** Henry Johnson
**Cc:** Cathy Havener Greer; Kristin Anderson George; Barbara McCall
**Subject:** Re: Martin - Subpoenas to Produce

I do object Henry. There is nothing relevant about Ms. Martin's current employment to the issues in this case and a subpoena for documents can interfere with her current employment. There is caselaw to this effect. If there is something specific about the records that Cathy or Kristin feel is relevant please let me know. Additionally, I do not have the time to file any motion for protective order today so I would appreciate it if you would provide me with a couple of days to do so within the spirit of the rules if we can't come to an agreement. Ralph.

On Wednesday, December 18, 2013 10:29 AM, Henry Johnson <hjohnson@warllc.com> wrote:
Dear Mr. Lamar:

Please allow this e-mail to serve as notice pursuant to Fed. R. Civ. P. 45(a)(4). Attached are copies of four subpoenas commanding the production of documents from Ms. Martin's current and former employers. We will be sending these subpoenas out for service today. Please let us know if you have any questions. - henry

---

**Henry Johnson, Paralegal**
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
**303.813.6538 (direct)**
303.830.1212 (office main)
303.830.0898 (fax)
hjohnson@warllc.com

2

Exhibit 4

## Henry Johnson

**From:** Cathy Havener Greer
**Sent:** Wednesday, December 18, 2013 1:23 PM
**To:** Kristin Anderson George; Henry Johnson
**Subject:** RE: Martin - Subpoenas to Produce

I agree—let's drop the subpoena for the current employer. I want the Golden info for sure, though

**From:** Kristin Anderson George
**Sent:** Wednesday, December 18, 2013 12:36 PM
**To:** Henry Johnson; Cathy Havener Greer
**Subject:** RE: Martin - Subpoenas to Produce

Cathy, I'm wondering if we should agree to not pursue the subpoenas to Plaintiff's current employer for these reasons. First, I do appreciate the potential for harming the current employment relationship. Second, I don't think there is anything we need from Bluelinx. She's still there and making more money, and she's been there only six months. Third, if we have to fight this issue, we can take the high road and show a willingness to compromise.

On the other hand, if we don't agree to withdraw them and we have to fight this issue, it gives the court a way to split the baby and still give us what we really want. Thoughts? Let's discuss. Thanks.

**From:** Henry Johnson
**Sent:** Wednesday, December 18, 2013 11:58 AM
**To:** Kristin Anderson George; Cathy Havener Greer
**Subject:** RE: Martin - Subpoenas to Produce

Thanks, will do so now ...

---

**Henry Johnson, Paralegal**
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO 80290
**303.813.6538 (direct)**
303.830.1212 (office main)
303.830.0898 (fax)
hjohnson@warllc.com

**From:** Kristin Anderson George
**Sent:** Wednesday, December 18, 2013 11:57 AM
**To:** Henry Johnson; Cathy Havener Greer
**Subject:** FW: Martin - Subpoenas to Produce
**Importance:** High

Henry, he is right about the Scheduling Order. We need to give 3 days notice – please call the process server and have them wait until Saturday. Thanks.

**From:** Ralph Lamar [mailto:ralphlamar@ymail.com]
**Sent:** Wednesday, December 18, 2013 11:55 AM

1

Exhibit 4

**To:** Kristin Anderson George; Henry Johnson
**Cc:** Cathy Havener Greer; Barbara McCall
**Subject:** Re: Martin - Subpoenas to Produce

Kristin, Until you actually tell me that you want those records I have no reason to file a motion for protective order. In response to the request for Ms. Martin to sign releases I objected and asked why the documents were relevant. No response was received from your firm. Therefore, it was my belief that you decided that that you would not pursue the records, until Henry sent me the proposed subpoenas today. We have produced pay records from Ms. Martin's employers and that, and that alone, is what is relevant to back and front pay. Records about her job performance are not relevant to emotional distress and I respectfully disagree with the Kansas Court on this issue. I attach a document including numerous Court opinions that such subpoenas for subsequent employment records are not proper. Finally, I point out that the parties agreed in the scheduling order that three days notice would be provided before a subpoena was served in Section 6.f. Ralph.


On Wednesday, December 18, 2013 10:58 AM, Kristin Anderson George <kageorge@warllc.com> wrote:
Ralph:

Plaintiff is seeking front and back pay, as well as compensatory damages. Her former and subsequent employee records are relevant to these issues. *See e.g. Harroald v. Triumph Structure-Wichita, Inc.*, 2011 WL 2118648, *3 (D. Kan. 2011) (denying plaintiff's motion to quash subpoena for personnel records because any information therein could be relevant to claim of emotional distress; such requests are "more or less standard in the context of employment discrimination claims.").

We have complied with F.R.C.P. 45 by providing a copy of the subpoenas prior to serving them. Further, you were aware from our discovery requests that we were seeking this information and had ample to time move for a protective order.

Kristin

---

**From:** Ralph Lamar [mailto:ralphlamar@ymail.com]
**Sent:** Wednesday, December 18, 2013 10:46 AM
**To:** Henry Johnson
**Cc:** Cathy Havener Greer; Kristin Anderson George; Barbara McCall
**Subject:** Re: Martin - Subpoenas to Produce

I do object Henry. There is nothing relevant about Ms. Martin's current employment to the issues in this case and a subpoena for documents can interfere with her current employment. There is caselaw to this effect. If there is something specific about the records that Cathy or Kristin feel is relevant please let me know. Additionally, I do not have the time to file any motion for protective order today so I would appreciate it if you would provide me with a couple of days to do so within the spirit of the rules if we can't come to an agreement. Ralph.


On Wednesday, December 18, 2013 10:29 AM, Henry Johnson <hjohnson@warllc.com> wrote:
Dear Mr. Lamar:

Please allow this e-mail to serve as notice pursuant to Fed. R. Civ. P. 45(a)(4). Attached are copies of four subpoenas commanding the production of documents from Ms. Martin's current and former employers. We will be sending these subpoenas out for service today. Please let us know if you have any questions. - henry

2

Exhibit 4

## Henry Johnson

**From:** Kristin Anderson George
**Sent:** Friday, December 20, 2013 11:54 AM
**To:** Ralph Lamar
**Cc:** Cathy Havener Greer; Henry Johnson
**Subject:** Abby Martin subpoenas

Ralph:

I have reviewed the cases you provided regarding subpoenas to prior and former employers. Most of them address admissibility of evidence at trial, in contexts other than discrimination cases, and are not applicable.

The two cases that do address the discoverability of personnel files in discrimination cases, *Chamberlain v. Farmington*, 2007 WL 2786421 (D. Conn), and *Shirazi v. Childtime Learning Center, Inc.*, 2008 WL 4792694 (W.D. Okla) are also distinguishable. In *Chamberlain*, the court held that the defendant could not obtain personnel records from a prior employer unless there was some reason to believe that they may include after-acquired evidence. As I explained in my prior emails, Plaintiff's admitted policy violations constitute after acquired evidence, and we have reason to pursue any additional evidence. Likewise *Shirazi* stated that absence some indication of wrongdoing, a "fishing expedition" is not allowed. However, even there, the court allowed the defendant to obtain records related to prior discrimination claims, wages and benefits, and workers compensation or labor claims. We believe the subpoenas are proper.

That said, we do appreciate your client's concern regarding her current employment, with which we have no desire to interfere. We will not serve the subpoena on Bluelinx, but we will have the other subpoenas served on Monday. Please feel free to contact us if you would like to discuss this further.

Kristin

Kristin Anderson George
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO. 80290
303-813-6532

This transmission may be: (1) subject to the Attorney-Client Privilege; (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. Unauthorized interception of this e-mail is a violation of federal criminal law. If you have received this communication in error, please immediately notify me by telephone at (303) 813-6532 and destroy this message. Thank you.

1

Exhibit 4

## Henry Johnson

| | |
|---|---|
| **From:** | Ralph Lamar [ralphlamar@ymail.com] |
| **Sent:** | Saturday, December 21, 2013 8:26 AM |
| **To:** | Kristin Anderson George |
| **Cc:** | Cathy Havener Greer; Henry Johnson |
| **Subject:** | Re: Abby Martin subpoenas |

Kristin, That sounds like a reasonable compromise (and this is a good example of why I try to get a three days advance notice on subpoenas). Ralph.

On Friday, December 20, 2013 11:53 AM, Kristin Anderson George <kageorge@warllc.com> wrote:
Ralph:

I have reviewed the cases you provided regarding subpoenas to prior and former employers. Most of them address admissibility of evidence at trial, in contexts other than discrimination cases, and are not applicable.

The two cases that do address the discoverability of personnel files in discrimination cases, *Chamberlain v. Farmington*, 2007 WL 2786421 (D. Conn), and *Shirazi v. Childtime Learning Center, Inc.*, 2008 WL 4792694 (W.D. Okla) are also distinguishable. In *Chamberlain*, the court held that the defendant could not obtain personnel records from a prior employer unless there was some reason to believe that they may include after-acquired evidence. As I explained in my prior emails, Plaintiff's admitted policy violations constitute after acquired evidence, and we have reason to pursue any additional evidence. Likewise *Shirazi* stated that absence some indication of wrongdoing, a "fishing expedition" is not allowed. However, even there, the court allowed the defendant to obtain records related to prior discrimination claims, wages and benefits, and workers compensation or labor claims. We believe the subpoenas are proper.

That said, we do appreciate your client's concern regarding her current employment, with which we have no desire to interfere. We will not serve the subpoena on Bluelinx, but we will have the other subpoenas served on Monday. Please feel free to contact us if you would like to discuss this further.

Kristin

Kristin Anderson George
Wells, Anderson & Race, LLC
1700 Broadway, Suite 1020
Denver, CO. 80290
303-813-6532

This transmission may be: (1) subject to the Attorney-Client Privilege; (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. Unauthorized interception of this e-mail is a violation of federal criminal law. If you have received this communication in error, please immediately notify me by telephone at (303) 813-6532 and destroy this message. Thank you.