

## TERMINATION CERTIFICATION

The undersigned Employee certifies that he/she does not possess and has not failed to return any property belonging to BlueLinx Corporation, its parent, subsidiaries, affiliates, successors or assigns (together, the "Company"), including, but not limited to, equipment, devices, records, correspondence, documents, files, reports, studies, manuals, compilations, drawings, blueprints, sketches, videos, memoranda, computer software and programs, data or any other information, including trade secrets or confidential information (whether originals, copies or extracts), whether prepared or developed by Employee or otherwise coming into Employee's possession, whether maintained by Employee in the facilities of the Company, at Employee's home, or at any other location.

Employee further certifies that he/she will comply with all the terms of his/her Code of Ethical Conduct and Employee Agreement (if applicable).


_____
Signature

ABBY MARTIN
Print Name

9/25/14
Date

Exhibit 5



**BlueLinx Corporation**
4300 Wildwood Parkway
Atlanta, GA 30339-8401

September 25, 2014

Abby Martin
10599 W. Warren Dr.
Lakewood, Colorado 80227

Dear Abby,

As a result of the termination of your employment effective **October 1, 2014,** ("Termination Date") you are eligible to receive certain benefits, as described in this letter. You should feel free to pose any questions you may have regarding your benefits directly to **Leslie Lovelace 770-221-2331.** *Note that there may be actions you need to take or elections you need to make by stated deadlines regarding your normal benefits so you should consult carefully the summary plan description for each plan in which you participate.*

In addition to your benefits under the Company's normal plans and arrangements, the Company has determined that the circumstances of your termination qualify you to receive severance benefits pursuant to the terms of the BlueLinx Corporation Severance Plan (hereinafter "Severance Plan") currently in effect, subject to the terms set forth in this letter agreement (this "Agreement" or this "severance letter").

In consideration of your execution, non-revocation of, and compliance with this Agreement, including the waiver and release of claims set forth below, the Company agrees to provide you with the following benefits under the Company's Severance Plan:

1) The Company will provide you with outplacement assistance at the **Salaried Non-Exempt Administrative** level. You will be contacted by the outplacement service provider to initiate your program once we receive your signed severance letter and the revocation period described below has expired.

2) The Company has computed your lump sum severance payment to be **$2,810.77** (less standard payroll deductions) which represents 4 weeks pay. This payment will be made as soon as possible after you return this signed Agreement to the Company, but in no event more than 15 days following the date the Company receives your signature to this Agreement.

3) The Company will pay the premiums for extended coverage (medical and dental) under COBRA for you and your eligible dependents commencing **November 1, 2014** and ending **December 31, 2014**, or the date your coverage otherwise terminates in accordance with COBRA, if earlier. *In order to implement this coverage, when you receive your COBRA notice, you must promptly elect continuation coverage in accordance with the instructions in the notice.* The

Abby Martin
September 25, 2014
Page 2

Company payment will be made directly to the applicable health plan. If you are eligible for and you wish to continue COBRA coverage after **December 31, 2014,** you will be responsible for timely making the full amount of the required contributions with respect to subsequent months.

By accepting these severance benefits as evidenced by your signature below, you agree that the calculation of your lump sum payment is correct and that you are not entitled to receive any other severance payments or benefits as a result of the termination of your employment and that these benefits are in addition to those you were already entitled.

In consideration for these benefits, you also agree (subject only to the express exceptions below) to release the Company, its benefit plans (and related trusts) and its subsidiaries and other related companies and their officers, directors, shareholders, members, partners, investors, agents, legal representatives, insurers, attorneys, plan administrators, trustees, and employees (individually or collectively the "Releasees"), from all actions, claims and liabilities of any kind (including, without limitation, damages, costs and attorney's fees) ) that have been made or could have been made by or on your behalf against any of the Releasees relating to conduct or events occurring at any time prior to and including the date on which this Agreement, including, but not limited to actions, claims and liabilities of any kind arising out of your employment with the Company or your separation from employment. This release includes (but is not limited to) any rights or claims you may have under Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment based on race, color, national origin, religion or sex; the Americans with Disabilities Act, which prohibits discrimination in employment based on disability; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; or any other federal, state or local laws or regulations prohibiting employment discrimination. This also includes a release of any claims for wrongful discharge arising from your separation of employment and any claims under any severance plan. This release includes both claims that you know about and those you may not know about as of the date you sign this severance letter. However, this release does not affect (i) any rights you may have to vested benefits under the Company's retirement or other benefit plans (other than benefits under any severance plans or similar arrangements), (ii) any rights you may have under the Colorado Employment Security Act or (iii) any claims you may have for violation of the Colorado Wage Act. You agree that nothing in this release is to be construed as an admission of liability or wrongdoing of any sort by the Company or the other Releasees.

As another condition to these benefits, you promise never to file a lawsuit asserting any claims that are waived in this release. If you breach this promise, you agree to pay all costs incurred by Releasees (or any of them), including reasonable attorney's fees, in defending against your claim, and to return all but $500.00 of the severance benefits or payments you have received. You further acknowledge and agree that nothing in this Agreement prevents you from filing a charge with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or any other administrative agency if applicable law requires that you be permitted to do so; however, you understand and agree that you are

Abby Martin
September 25, 2014
Page 3

waiving the right to any monetary recovery in connection with any such complaint or charge that you may file with an administrative agency.

By your signature below, you acknowledge and understand that you have no recall or similar reemployment rights as a result of the modification of your job. Any future reemployment is solely within the discretion of the Company and will require written approval of the Vice President and Chief Human Resources Officer if your rehire occurs within one year of your termination date. In the event you are ever reemployed by the Company or any of its subsidiaries or affiliates, you understand that your years of service, on which your current severance benefits are based, will *not* be recognized as years of service for any future severance benefits.

I urge you to think over the terms of this proposed agreement carefully before accepting it and to discuss it with your family, an attorney of your choice or your financial advisor before making a decision. Your signed agreement must be received by the Company (or postmarked) no later than **seven (7) days** after the date of this Agreement. If the Company does not receive your signature to this Agreement by the date that is seven (7) days after the date of this Agreement (or receive an envelope postmarked by the date that is seven (7) days after the date of this Agreement), this Agreement becomes void and you will not receive any Severance Plan benefits.

Your signature below affirms that in making your decision to sign this release, you did not rely on any oral representation or promise by any employee or representative of the Company, and that this release contains the full agreement regarding these matters and supersedes any and all oral representations, promises and/or agreements. Further, you agree that this Agreement will be governed by Georgia law, and that, if any provision of this Agreement is found to be void, voidable, invalid or inoperative, no other provision of this Agreement shall be affected as a result of such determination, and the remaining provisions of this Agreement shall remain in full force and effect.

Your signature also acknowledges that you have been advised in writing to discuss this release with your lawyer and your financial or tax adviser and that you have had ample time to do so. By your signature below, you affirm that you have made your decision to enter into this release without any coercion or undue influence of any kind from any supervisor, manager or other representative of the Company. You also affirm that you fully understand this release, including its final and binding effect, and that you freely and voluntarily agree to its terms, as set forth above.

Pursuant to the terms of the Severance Plan, this release must be signed by you before you are eligible to receive these benefits. If you have any questions concerning the accuracy of the calculation of severance benefits or retention benefits, or your eligibility for any other severance payment, we urge you to raise those questions prior to signing this release.

You should also be aware that we will be reporting both your severance pay and your vacation pay to the appropriate unemployment agency as pay for the number of weeks which they were based on and as being allocated to the weeks immediately following your last day of work.

Exhibit 5

Abby Martin
September 25, 2014
Page 4

I extend to you our best wishes for success in your future endeavors.

                              Sincerely,

                              BLUELINX CORPORATION

                              _[signature]_  9/25/14

SO AGREED:

_[signature]_

9/25/14
Date